UNITED STATES DISTRICT COURT
FOR THE DISTRICT FOR COLUMBIA

FILED
JAN - 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WILBERT B. HARRIS )
6108 State Street )
Cheverly, MD 20785-3850, )
)
301-723-6108 )
            Plaintiff, )
)
)
    -against- )    JURY TRIAL DEMANDED
)    Civil Action No.
POSTMASTER GENERAL OF THE UNITED )
  STATES OF POSTAL SERVICE )    CASE NUMBER 1:06CV00006
475 L'Enfant Plaza, S.W. )
Washington, D.C. 20260-9172, )    JUDGE: Royce C. Lamberth
)
            Defendant. )    DECK TYPE: Employment Discrimination

DATE STAMP: 01/04/2006

JURY ACTION

## COMPAINT FOR UNLAWFUL EMPLOYMENT PRACTICES

The Plaintiff has worked for the United States Postal Service (USPS) Mail Equipment Shops (MES) facility, a Headquarters Field Unit under the direction of the office of the Assistant Postmaster General for procurement and supply (AKA Headquarters Purchasing and Materials Organization) since 1973. The MES is the only postal, government, manufacturing agency, conducting business in the District of Columbia and throughout the Nation. The USPS MES facility engages in an industry that effects commerce.

In 1973 and 1975, the USPS MES facility petition for an election of certification of representative in these election (white men craft employees) in the Tool & Die Shop were excluded and segregated from the afro-Americans craft employees that made up the majority of the employees in the employers unit. The white men in the Tool & Die Shop

1

was subsequently granted an exclusive right of recognition with the International Association of Machinist (IAM), a non-postal Union not representing the majority of the employees in the employers unit. This action was a violation of Title VII of the Civil Rights Act of 1964, notwithstanding a labor-dispute in violation of the Labor Management Relation Act of 1947 as amended, the Railway Labor Act, as amended, and the National Labor Relations Act of 1935, etc. The USPS purchasing and material procurement organization in charge of the MES facility in 1997 advanced and renewed the above philosophy by implementing their strategic plan for 1997 through 2000 and beyond policy accepted and approved by the Board of Governors, particularly for the MES facility and the Office of Procurement and Supply Department. The USPS 1997 strategic plan established by the Postal Senior Management Committee is a partisan policy that inter-alia violates the Postal Reorganization Act of 1970. Moreover, it distorts and defeats the above policies by circumvention of the mandated Federal regulations requirements on procurement and collective bargaining. Instead, the USPS strategic plan focuses on establishing teamwork, partnership, consultation and business communication to negotiate postal procurement agreements. In place of the Collective Bargaining, the USPS MES Labor relation consultant established an employer dominated bargaining representative for the segregated Tool & Die Shop employees and assisted the independent bargaining representative at the NLRB, while the MES Installation Head/Plant Manger created a dominated labor organization by establishing an employee involvement committee through the afro-American local president that meets bi-weekly and continues today (company dominated unions).

In 1995, the purchasing and material procurement organization purchased and implemented an Arrow-Lock Assembly Machine (ALAM) within the MES facility. This machine was a prototype piece of equipment requiring a special service group of technicians from North Carolina to service it. Without the mandated Collective Bargaining requirements for negotiation and assigned the afro-American craft employees to operate the ALAM without any training. As vice-president and Shop Steward at this time, for the afro-American craft employees, I challenged the Collective Bargaining mandated requirements of the ALAM by filing complaints with the EEOC and the NLRB to no avail. I was subsequently focus and targeted by the USPS purchasing and materials procurement organization.

In 1998, the Plaintiff ascended to position of President of the MES local and consistently performed his work at a satisfactory and/or superior level since 1973.

On May 5, 2001, preparing for my retirement I accepted a position of Level 5 on the ALAM. I was not required to remove jams or trouble shoot and/or service the ALAM. My requirements were to operate the computer, place locks on the machine, and collect and remove the locks assembled by the machine.

On May 7, 2002, I filed a grievance (MES 98-124C) challenging the unlawful employment practices of the segregated dominant company Union. However, unresolved, the grievance was denied by the MES Labor Relation consultants. Subsequently, I was instructed to remove the jams and trouble-shoot the ALAM. I was issued a suspension by the Labor Relation Consultant and on July 2, 2002, served a 14-day suspension. I filed a complaint at OSHA as advised by my counsel (Eric Steele) challenging the safety and training of the ALAM. OSHA conducted an inspection and

cited the MES facility with several violations. On July 25, 2002, OSHA conducted a hearing on the issues at the hearing OSHA's representative conveyed to me, the MES executive board members and Mr. Steele that untrained unit employees would not have to perform such procedures prior to receiving professional training, i.e., training provided by a professional instructor and/or other professional, particularly familiar with the machine. The USPS operating under its strategic plan policy exercised its power and authority and had OSHA to "back off" its mandated requirements vis-à-vis MES facility and then proceeded to conspire a plan and set me up for termination from my employment and removal from the position of the Union President. The Purchasing and Materials Procurement has teamed up with the Postal Service EEO Department, Law Department, and the Capital Metro Law Department in the execution of their strategic plan which falsifies, conceals, criminal conduct, and cover up by trick and schemes material facts of law and makes materially false and fraudulent statements and representations as this case attest to. The USPS 1997 strategic plan is discriminatory against afro-Americans and is the epitome of postal service racketeering, influence, and corruption of the Postal Reorganization Act of 1970, all labor laws and the U.S. National Commerce. The plan is predicated on a 1987 EEOC case (No. 033-086-X-X6324, Agency No. 6-I-0035-6). This case shows statistical evidence of a racial segregated MES facility and confirms discrimination that EEOC acknowledged but was never corrected, nor cease, and is consistent with the USPS purchasing socio-economic policy. As a result of the Plaintiff challenging and opposing the USPS strategic plan of unlawful employment practices the defendant terminated the Plaintiff on August 30, 2002 and July 1998 were the Plaintiff were attacked, assaulted and battered. The defendant has never

terminated a white employee at the MES facility or at any other of its facilities under comparable circumstances.

The above described intentional disparate treatment by the defendant constituted discrimination against the Plaintiff with regard to the terms, conditions and privileges of his employment due to his race.

### REQUESTE RELIEF

The Plaintiff request judgment against the defendant as follows:

- Find and declare that Plaintiff has suffered from acts of discrimination on account of his race at the hands of the defendants and his employees representative, agents, and/or servants;

- Order that the Plaintiff receive back pay and reinstatement or front pay from the defendant;

- Order that the Plaintiff receive compensatory damages from the defendant;

- Order that the Plaintiff receive his attorney fees, if represented by one and other cost incurred in connection with the proceeding from the defendants; and grant other and further relief as may be just and proper; and the defendant

- Cease and desist the distortion and extortion of the policies of the Labor Management Relations Act, the Railway Labor Act, the Postal Reorganization Act and the National Labor Relations Act pursuant to its strategic plan for 1997-2000, and beyond policy and/or the alternative have a jury trial hearing de-nova of the discrimination and non-discrimination issues.

Respectfully submitted,

*[signature: Wilbert B. Harris]*

Wilbert B. Harris
6108 State Street
Cheverly MD 20785
301-773-6108 (P)
301-773-0690 (F)

# DISTRICT OF COLUMBIA COURT OF APPEALS

## PETITION FOR REVIEW

RECEIVED OCT 17 2005 DISTRICT OF COLUMBIA COURT OF APPEALS

APPEAL NO. _____

Your Name: __Wilbert B. Harris__, PETITIONER,

v.

Agency Name: __United States Postal Service__, RESPONDENT.

Agency No. __DC-0752-05-0318-I-1__

I, __Wilbert B. Harris__, wish to appeal to the District of Columbia Court of Appeals from the decision or order of the __Merit Systems Protection Bd.__ entered on the __Twentieth (20th)__ day of __September__, 20__05__.

**Statement of the Nature of the Proceedings and Grounds Relied On (continue on reverse side if needed):**

— The Appellant filed a timely formal complaint on prohibited discrimination with the Agency's EEO Department on his removal. The Agency has not issued a final decision on the formal complaint and over 120 days have passed. I appealed the matter to the Merit System Protection Board (MSPB) pursuant to 1201-154-5 U.S.C. 7702(e)(2). The MSPB dismissed the appeal without a hearing on merits. Accordingly, for this reason and all of the other forgoing reasons, request a judicial review from the court on both discrimination and non-discrimination issues pursuant to 5 U.S.C. 7702 Section 717(c) of the Civil Rights Act of 1964, as amended (42 U.S.C. 2000e-16(c) of the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. Sections 633a(c)).

**Name, address and telephone number of all other parties and counsel (continue on reverse side if needed):**

_____

Signature of Petitioner or Attorney

Printed Name Petitioner or Attorney: Wilbert B. Harris

Address: 6108 State Street, Cheverly, MD 20785

Telephone: 301-773-6108

**NOTE:** Attach a copy of the decision/order issued by the District of Columbia agency from which this appeal is taken.

06 0006

FILED
JAN - 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILBERT B. HARRIS,<br>      Appellant, | DOCKET NUMBER<br>DC-0752-05-0318-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>      Agency. | DATE: September 20, 2005 |

Wilbert B. Harris, Cheverly, Maryland, pro se.

Stephen W. Furgeson, Washington, D.C., for the agency.

BEFORE

Neil A. G. McPhie, Chairman
Barbara J. Sapin, Member

FINAL ORDER

The appellant has filed a petition for review in this case asking us to reconsider the initial decision issued by the administrative judge. We grant petitions such as this one only when significant new evidence is presented to us that was not available for consideration earlier or when the administrative judge made an error interpreting a law or regulation. The regulation that establishes this standard of review is found in Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).

After fully considering the filings in this appeal, we conclude that there is no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome. 5 C.F.R. § 1201.115(d). Therefore, we DENY the petition for review. The initial decision of the

administrative judge is final. This is the Board's final decision in this matter. 5 C.F.R. § 1201.113.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

> United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the court no later than 60 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov. Additional information is available at the court's website, http://fedcir.gov/contents.html. Of particular relevance is the

3

court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

FOR THE BOARD:

_____
Bentley M. Roberts, Jr.
Clerk of the Board

Washington, D.C.

## CERTIFICATE OF SERVICE

I certify that this Order was sent today to each of the following:

| | |
|---|---|
| Certified Mail | Wilbert B. Harris<br>6108 State Street<br>Cheverly, MD 20785 |
| U.S. Mail | Stephen W. Furgeson<br>United States Postal Service<br>Capital Metro Area Law Office<br>400 Virginia Avenue, SW<br>Suite 650<br>Washington, DC 20024-2730 |

September 20, 2005
(Date)

*Dorothy Plummer*
Dorothy Plummer
Paralegal Specialist

## CERTIFICATE OF SERVICE

I hereby certify that this Petition for Review was mailed on this 17th day of October 2005 to:

>Stephen W. Furguson
>United States Postal Service
>Capital Metro Area Law Office
>400 Virginia Avenue, SW
>Suite 650
>Washington, DC  20024-2730

__October 17, 2005__
(Date)

Wilbert B. Harris
Petitioner