IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **Wilbert B. Harris** )<br>     **Plaintiff** )<br> )<br> v.    )<br> )<br> **John E. Potter,** )<br> **Postmaster General of the United** )<br> **States Postal Service** )<br>     **Defendant** ) | 06 cv 0006 (RCL) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Wilbert B. Harris, by and through counsel, sues Defendant John E. Potter, as Postmaster General of the United States Postal Service, and for his amended complaint states as follows.

This is an action by Wilbert B. Harris, a former employee of the U.S. Postal Service, subjected to gender and racial discrimination and unlawful retaliation after he engaged in protected EEO activity.

## JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. Jurisdiction is founded on 42 U.S.C. Section 2000, et seq., 28 U.S.C. Sections 1331 and 1343(3) and (4). The Court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. Sections 2201 and 2202.

2. Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b) in that all or some events or omissions giving rise to Harris' claims occurred in this judicial district and Defendant may be found in this judicial district.

**PARTIES**

3.  Plaintiff Wilbert B. Harris is a citizen of the United States and a resident of the State of Maryland. Plaintiff is former employee of the U.S. Postal Service. Plaintiff Harris is a member of a protected class under Title VII of the Civil Rights Act of 1964, and he engaged in protected EEO activity and opposed practices of his employer that he reasonably believed were in violation of Title VII.

4.  Defendant Potter is the Postmaster General of the U.S. Postal Service and is sued in his official capacity. Defendant Potter is an "employer" within the meaning of 42 U.S.C. Section 2000e(b).

**FACTS**

5.  Plaintiff Harris was employed as a Machine Operator for the U.S. Postal Service at the Mail Equipment Shops (MES) in Washington, D.C. MES is also known as the Headquarters Purchasing and Materials Organization. The MES is the only manufacturing facility for the USPS in the nation.

6.  In 1995, the Purchasing and Materials Organization purchased and began to utilize an Arrow Lock Assembly Machine (ALARM), which produces arrow locks. The ALARM consisted of various operating points, or "cells," and parts are added to the locks as they pass through each cell in different stages of completion.

7.  In 2001, Plaintiff Harris accepted a position as a Machine Operator C, working on ALARM. Initially, Plaintiff's job consisted of operating the computer on ALARM, placing locks on the machine, and collecting and removing the locks assembled by the machine. Frequently, the ALARM machine jams or breaks down and it is necessary to power down the machine and for someone to use a power tool repair the machine and

clear the jams. The ALARM required service from a specially training group of technicians, based in North Carolina. As a Machine Operator C, Plaintiff Harris was not required to remove jams, troubleshoot or service the ALARM. As an employee at USPS, Plaintiff witnessed and had personal knowledge that several employees received physical injuries attempting to remove jams and/or service or repair the ALARM because the machine had automated parts and had to be powered down when making repairs.

8. In May 2002, Plaintiff Harris filed a grievance (MES 98-124C) challenging discriminatory employment practices at his work location. Plaintiff also complained that the Agency maintained a segregated work environment and provided preferential treatment to Caucasian employees. Shortly after he filed the grievance, he was ordered by USPS management to use a power tool to trouble shoot a piece of robotic machinery on the ALARM, without powering down the ALARM.

9. Plaintiff Harris refused to perform maintenance service of the ALARM because he was not trained to do so and for fear of his safety. In July 2002, he suspended fourteen days for refusing to perform service on the ALARM. When Plaintiff returned to work, he continued to refuse to perform maintenance on the ALARM, and the Agency proposed his removal.

10. Plaintiff Harris filed a complaint with the Occupational Safety and Health Administration (OSHA). OSHA conducted an investigation and cited the MES facility for several safety violations. On July 25, 2002, an OSHA representative informed Mr. Harris and the MES executive board that untrained unit employees would not have to service the ALARM.

11.     On August 30, 2002, Plaintiff Harris was terminated from his position for refusing to perform service on the ALARM.  On occasion, other female employees within Plaintiff's division who were issued a proposed notice of termination were issued a Last Chance Agreement and permitted to return to work.  The Agency refused to issue Plaintiff a Last Chance Agreement.

12.     Plaintiff Harris filed an EEO complaint with the USPS, alleging that on June 12, 13, and 20, 2002, the MES Administration took him off the clock for failing to use a power tool to trouble shoot a piece of robotic machinery without proper training; on July 2, 2002, he was issued a 14-day suspension; and from July 15, 2002 through July 28, 2002, he was denied working overtime, and subjected to discrimination based on age (DOB 3/9/50), sex (Male) and retaliation.  This complaint proceeded to the EEOC where it was determined that because the complaint involved claims of discrimination and a removal, it was a mixed case exclusively within the jurisdiction of the Merit Systems Protection Board.

13.     Plaintiff Harris elected to have the claims proceed before the MSPB.  The matter proceeded to hearing.  On March 23, 2003, a MSPB administrative judge issued an Initial Decision in favor of the USPS, affirming the Agency's removal of Mr. Harris.  Plaintiff Harris filed a petition for review before the full board at the MSPB.

14.     On December 11, 2002 and April 18, 2003, Plaintiff Harris amended his discrimination claims to allege that on March 4, 2003, management failed to enter into a Last Chance Agreement with him, in retaliation for prior EEO activity and that on March 11, 2003, he was denied a Lockmaker's position.

15. In September 2004, Plaintiff Harris received a final decision on his petition for review from the Merit Systems Protection Board, which affirmed the decision of the MSPB administrative judge. In information attached to the Decision, Mr. Harris was informed that he must appeal to the U.S. Court of Appeals for the Federal Circuit within thirty days. Mr. Harris was also referred to U.S. Court of Appeals for the Federal Circuit Pro Se Guide for Petitioners and Appellants on the guidelines for filing a petition for review with the U.S. Court of Appeals. The Pro Se Guide provides that if the appeal involves a claim of discrimination, a party must file in district court or forever waive the court's right to hear the discrimination claim.

16. In October 2005, Mr. Harris, proceeding pro se, filed a petition for review in the District of Columbia Court of Appeals. Mr. Harris was later informed that "district court" meant a U.S. District Court, and he filed a complaint in this court in January 2006.

17. Plaintiff Harris has exhausted all administrative claims before filing this complaint.

<u>**Count I**</u>

**Violation of Title VII of the Civil Rights Act of 1964**
**42 U.S.C. Section 2000e-2(a)**

Plaintiff incorporates by reference paragraphs one through seventeen as if fully stated herein.

18   Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color,

religion, sex, or national origin. Title VII also prohibits retaliation against an employee who engages in protected activity.

19.	At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

20.	At all pertinent times, Mr. Harris was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

21.	In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. Section 2000e-2(a), Defendant knowingly and intentionally subjected Mr. Harris to disparate treatment, including, the Agency maintained a segregated work environment and provided preferential treatment to Caucasian employees; created a hostile work environment based on race, and otherwise engaged in unlawful discrimination based on race and gender in the discipline, suspension and termination of Plaintiff Harris, and engaged in reprisal for prior EEO activity, as detailed above in paragraphs five through seventeen.

Wherefore, Mr. Harris prays as follows:

    A.	Issue a declaratory judgment that Defendant's practices toward Plaintiff were violative of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a), et seq.;

    B.	Enjoin Defendant from discriminating against employees who report discriminatory practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-3(a);

    C.	Grant Mr. Harris compensatory damages, including back pay and front pay and all lost benefits, with annual step increases, corrected performance, restoration of sick and annual leave ;

D. Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

E. That the Court award Mr. Harris such other relief as to which he may be deemed entitled.

Respectfully submitted,

/s/
David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C. 20009
(202) 785-2805 phone
(202) 785-0289 fax

**JURY DEMAND**

Plaintiff demands a jury trial on all counts.

**CERTIFICATE OF SERVICE**

I hereby certify this 1st day of May 2006 that a copy of this Amended Complaint was sent by electronic mail to counsel for the Defendant at the address listed below:

Mark Nebeker
Assistant U.S. Attorney
District of Columbia
555 4th Street, NW
Washington, DC 20009

_____

David A. Branch