UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILBERT B. HARRIS                   )
                                    )
            Plaintiff,              )
                                    )
        v.                          )    Civil Action No. 06-06 RCL
                                    )
POSTMASTER GENERAL OF THE UNITED    )
    STATES POSTAL SERVICE,          )
                                    )
            Defendant.              )
                                    )
_____ )

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Defendant
hereby moves to dismiss this action.  In the alternative, the
Court is asked to enter summary judgment in favor of Defendant,
pursuant to Fed. R. Civ. P. 56, because there is no genuine issue
as to any material fact and the Defendant is entitled to judgment
as a matter of law.[1]

---

[1]  To the extent that the Court may rely on matters outside
of the pleadings, the Court may enter summary judgment in favor
of the defendant.  See Fed. R. Civ. P. 12(b); 56.  Plaintiff
should take notice that any factual assertions contained in the
documents in support of this motion may be accepted by the Court
as true unless the plaintiff submits his own affidavit or other
documentary evidence contradicting the assertions in the
documents.  See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir.
1992), Local Rule 7(h); 56.1 and Fed. R. Civ. P. 56(e), which
provides as follows:

Supporting and opposing affidavits shall be made on
personal knowledge, shall set forth such facts as would
be admissible in evidence, and shall show affirmatively
that the affiant is competent to testify to the matters
stated therein.  Sworn or certified copies of all
papers or parts thereof referred to in an affidavit
shall be attached thereto or served therewith.  The

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

_____

court may permit affidavits to be supplemented or
opposed by depositions, answers to interrogatories, or
further affidavits.  When a motion for summary judgment
is made and supported as provided in this rule, an
adverse party may not rest upon the mere allegations or
denials of the adverse party's pleading, but the
adverse party's response, by affidavits or as otherwise
provided in this rule, must set forth specific facts
showing that there is a genuine issue for trial.  If
the adverse party does not so respond, summary
judgment, if appropriate, shall be entered against the
adverse party.

Fed. R. Civ. P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILBERT B. HARRIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-06 RCL |
| | ) | |
| POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

INTRODUCTION

Defendant, John E. Potter, Postmaster General of the United States submits the following memorandum of law in support of his Motion to Dismiss or in the Alternative for Summary Judgment. Plaintiff's claims are barred because the Civil Service Reform Act ("CSRA"), see 5 U.S.C. §§ 7701-03, provides the sole avenue of review for the employment termination at issue and this Court lacks jurisdiction to review the decision of the Merit Systems Protection Board ("MSPB"), decisions of which are subject to review exclusively in the United States Court of Appeals for the Federal Circuit. Moreover, because Plaintiff did not prevail before the MSPB, or in an appeal of the MSPB decision, the termination issue in the instant case was fully and finally resolved in that proceeding. Thus, Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

Finally, Plaintiff did not timely exhaust any claim that might have been brought under 42 U.S.C. § 2000e ("Title VII").

SUMMARY OF ARGUMENT

Plaintiff, Mr. Wilbert B. Harris, an employee of the United States Postal Service ("Postal Service") alleges that he was subject to gender and racial discrimination and unlawful retaliation after he engaged in protected EEO activity.  See Amended Complaint, ¶¶ 4-5.  Specifically, Plaintiff asserts:

> Defendant knowingly and intentionally subjected Mr. Harris to disparate treatment, preferential treatment of Caucasian employees; created a hostile work environment based on race, and otherwise engaged in unlawful discrimination based on race and gender in the discipline, suspension and termination of Plaintiff Harris, and engaged in reprisal for prior EEO activity, as detailed in paragraphs five through seventeen.

Amended Complaint, ¶ 21.  Plaintiff admits, however, that he had brought a "mixed case" and that he "elected to have the claims proceed before the MSPB." Amended Complaint, ¶¶ 12-14.

This action, however, should be dismissed.  Plaintiff has elected to pursue his claims before the MSPB, those claims have been fully litigated before the MSPB, and those claims should be dismissed on the basis of collateral estoppel and res judicata. Moreover, Plaintiff failed timely to exhaust his administrative remedies[1] and failed to timely file this civil action in the

_____

[1]  Plaintiff is familiar with this principle, as it was the same principle relied upon in dismissal of an earlier action brought by the Plaintiff.  See Harris v. Postmaster General, Civil Action No. 00-1074 RCL (March 13, 2001) (dismissing

-2-

appropriate forum.

## PROCEDURAL HISTORY

Plaintiff was issued a proposed removal on July 1, 2002. The decision to remove Plaintiff became effective on August 30, 2002. See Wilbert B. Harris v. U.S. Postal Service, DC-0752-02-0771-I-2, (March 25, 2003) (Exhibit 1); Amended Complaint, ¶¶ 9-11. Plaintiff filed a timely appeal with the Merit Systems Protection Board ("MSPB" or "Board"). See id.; Amended Complaint, ¶ 13. A hearing was held and the decision to remove the Plaintiff was sustained by an administrative judge on March 25, 2003. See Exhibit 1; Amended Complaint, ¶ 13. Thereafter, Plaintiff filed a petition for review with MSPB and the Board affirmed the removal in a decision issued on March 16, 2004. See Amended Complaint, ¶ 13; Harris v. U.S. Postal Service, DC-0752-02-0771-I-2, 2004 MSPB Lexis 415 (March 16, 2004) (Exhibit 2).

Again, on February 28, 2005, the Plaintiff appealed to MSPB the removal action that was effective on August 30, 2002. See Wilbert B. Harris, DC-0752-05-0318-I1 (May 3, 2005) (Exhibit 3).[2] On May 3, 2005, the appeal was dismissed by the administrative

complaint with prejudice for failure to exhaust administrative remedies), aff'd No. 01-5124, 2002 WL 1359502 (D.C. Cir. Apr. 30, 2002).

[2] An earlier appeal had been dismissed when Plaintiff withdrew his appeal. See Harris v. U.S. Postal Service, DC-752S-05-0399-I-1, 2004 MSPB Lexis 2025 (Apr. 28, 2004).

judge on grounds of <u>res judicata</u>. <u>See id.</u> Plaintiff again filed

a petition for review with the Board and it was dismissed on

September 20, 2005. <u>See Harris</u> v. <u>U.S. Postal Service</u>,

DC-0752-05-0318-I-1, 2005 MSPB Lexis 4923 (Sept. 20, 2005)

(Exhibit 4). In that decision, Plaintiff was given notice that

he had sixty (60) calendar days upon receipt of the decision to

file an appeal with the United States Court of Appeals for the

Federal Circuit. <u>See id</u>. The original complaint was filed in

this Court on January 4, 2006. <u>See</u> Complaint; Amended Complaint,

¶ 16.

Plaintiff did not file a discrimination complaint with the

Equal Employment Opportunity Commission ("EEOC") regarding his

termination. <u>See</u> Declaration of Patricia Morgese Richter

("Richter Decl.") (Exhibit 5), ¶¶ 2-3. Plaintiff had filed

complaints with the EEO Office on December 11, 2002; April 18,

2003 and April 24, 2003, alleging discrimination based on race

(African-American), sex (male), age and retaliation. <u>See</u> EEO

Complaint of Discrimination in the Postal Service) (Exhibit 6).

The Agency, in turn, on June 6, 2003, accepted the complaint for

investigation. The issues for investigation were whether

Plaintiff was discriminated against when he was taken off the

clock for refusing to use a tool to clear a jam from a machine;

issued a 14-day suspension for each refusal; was denied overtime;

management failed to reach a settlement agreement with the

Complainant; and he was not selected for a lockmaker position. See Amended Complaint ¶¶ 11, 12, and 14; Exhibit 7.

Plaintiff requested a hearing and a decision was issued March 8, 2005, by an administrative judge dismissing all of the Plaintiff's claims on a Motion for Summary Judgment. See Exhibit 8. That decision afforded the Plaintiff the right to appeal to the Office of Federal Operations ("OFO") within thirty days of the agency's final order, which was issued on March 21, 2005. See Exhibit 8 (Decision at page 16) and Exhibit 9. There is no record of an appeal being made by the Plaintiff to the OFO. Richter Decl., ¶¶ 2-3.

ARGUMENT

A.    Jurisdiction To Review Federal Employment-Related Claims.

Under 28 U.S.C. § 1295(a)(9), the Federal Circuit has "exclusive jurisdiction" over appeals from "a final order or final decision" of the MSPB. Plaintiff's desire to challenge the substantive and procedural decisions made by the MSPB in handling his case should proceed along the universally accepted route of judicial review, not through a collateral attack raised in this Court. Accordingly, the Amended Complaint here should be dismissed based on the MSPB decision of September 20, 2005. See Harris v. U. S. Postal Service, Dkt. No. DC-0752-05-0318-I-1, 2005 MSPB Lexis 4923 (Sept. 20, 2005) (Exhibit 4).

In the Civil Service Reform Act of 19-078 ("CSRA"), Pub. L.

-5-

No. 95-454, 92 Stat. 1111 (codified as scattered sections of
Title 5 of the United States Code), Congress created a detailed
administrative and judicial process for resolving the
employment-related complaints of federal employees.
Administrative review of Plaintiff's discharge (termed "removal"
for the purpose of the CSRA) is governed by 5 U.S.C. §§ 7511-14,
and judicial review is governed by 5 U.S.C. §§ 7701-03.  The
Plaintiff availed himself of the review procedures provided under
the CSRA.  A petition for review must be received by the
appropriate Court within 60 days of receipt of the Board's final
order.  5 U.S.C. § 7703(b)(1).  To be timely filed, the petition
must be received by the United States Court of Appeals for the
Federal Circuit within 60 days of the date of receipt of the
Board's final order by the appellant.  Oja v. Dep't of the Army,
405 F.3d 1349, 1357 (Fed. Cir. 2005); Pinat v. OPM, 931 F.2d
1544, 1546 (Fed. Cir. 1991) (petition is filed when received by
the court; court dismissed petition received nine days late);
Monzo v. Dep't of Transp., Fed. Aviation Admin., 735 F.2d 1335,
1336 (Fed. Cir. 1984).  Here, no petition was filed in response
to the Board's final order, dated September 20, 2005.  Because
Plaintiff failed timely to file a petition for review, the action
would be subject to dismissal even if it were brought in the
proper forum, i.e., in the United States Court of Appeals for the
Federal Circuit.  Monzo, 735 F.2d at 1336 (the period for

-6-

petitioning for review is statutory, mandatory, and jurisdictional); Pinat, 931 F.2d at 1546 (deadline for filing petition for review may not be waived).

However, Plaintiff is now attempting to litigate his claims relating to his discharge in an action independent of the CSRA scheme.  It is clear that the Plaintiff is attempting to circumvent the CSRA provision of an exclusive remedy for employment-related claims.  The Court of Appeals has announced, as well established "that the CSRA is the exclusive remedy for aggrieved federal employees advancing nonconstitutional claims." Spagnola v. Mathis, 809 F.2d 16, 30 (D.C. Cir. 1986), reh'g en banc granted on other grounds, 809 F.2d 40 (D.C. Cir. 1987). This rule originated in Carducci v. Regan, 714 F.2d 171 (D.C. Cir. 1983), in which the court concluded "that the exhaustive remedial scheme of the CSRA would be impermissibly frustrated by permitting, for lesser personnel actions not involving constitutional claims, an access to the courts more immediate and direct than the statute provides with regard to major adverse actions." Id. at 174; see also Gray v. OPM, 771 F.2d 1504, 1512 (D.C. Cir. 1985), cert. denied, 475 U.S. 1089; Barnhart v. Devine, 771 F.2d 1515, 1526-27 (D.C. Cir. 1985).

Although Carducci held that nonconstitutional claims were preempted by the CSRA, the court expressly declined to consider the effect of the CSRA on the federal courts' jurisdiction to

-7-

entertain constitutional claims.  See Carducci, 714 F.2d at 176.
However, this Court's jurisdiction over constitutional claims is
limited by the second distinction of monetary relief versus
injunctive relief.  See Arakawa v. Reagan, 666 F. Supp. 254, 259
(D.D.C. 1987).  With regard to recovering damages, the Supreme
Court in Bush v. Lucas, 462 U.S. 367 (1983), considered a federal
employee's attempt to recover damages through a civil action for
a supervisor's alleged violation of his First Amendment rights,
while simultaneously pursuing a claim under the CSRA.  The
Supreme Court held that even though remedies under the CSRA may
not be as fully compensatory as those available under the
judicially-created Bivens-type of action, the CSRA, nonetheless,
provides the exclusive remedy.  See Bush v. Lucas, 462 U.S. at
388-90.

     In addition to monetary damages, Plaintiff here is also
seeking injunctive relief of "back pay, front pay and all lost
benefits, with annual step increases, corrected performance,
restoration of sick and annual leave."  See Amended Complaint at
6.  The Supreme Court's decision in Bush was predicated on the
concept of deference to the legislature's choice of a remedial
scheme, and was not limited to the fact that only damages were
sought.  See Arakawa, 666 F. Supp. at 260.  Moreover, injunctive
relief is also part of the CSRA remedial scheme.  See Id.  In
Bush, the Supreme Court noted that "constitutional challenges to

-8-

agency action, such as the First Amendment claims raised by
petitioner, are fully cognizable within [the CSRA] system." <u>Bush</u>,
462 U.S. at 386; <u>see also Krodel</u> v. <u>Young</u>, 748 F.2d 701, 712
(D.C. Cir. 1984)(opportunity for MSPB and Federal Circuit review
provides "meaningful remedies" for First Amendment violation),
<u>cert</u>. <u>denied</u>, 474 U.S. 817 (1985); 5 U.S.C. § 7701(c)(2)(C) (MSPB
may reverse any agency decision "not in accordance with law");
<u>cf. Rose</u> v. <u>Dep't of Health and Human Services</u>, 721 F.2d 355, 357
(Fed. Cir. 1983) (addressing constitutional challenge).  Indeed,
claims for injunctive relief arguably present an "easier" case
than was presented in <u>Bush</u>.  <u>See Arakawa</u>, 666 F. Supp. at 260.
In <u>Bush</u>, the Supreme Court recognized that exclusive reliance on
the CSRA would deny federal employees a remedy, <u>i.e.</u>, <u>Bivens</u>-type
damages, otherwise available.  Here, the injunctive relief sought
by Plaintiff, <u>see</u> Amended Complaint at 6, would be available
under the CSRA. <u>See</u>, <u>e.g.</u>, <u>Evans</u> v. <u>Department of Navy</u>, 6 F.3d
787 (memorandum opinion), 1993 WL 347044 (Fed. Cir. 1993);
<u>Robinson</u> v. <u>Dep't of the Army</u>, 21 M.S.P.R. 270, 272 (MSPB 1984);
5 U.S.C. § 5596 (backpay available as remedy for "unjustified or
unwarranted personnel action"); <u>Arakawa</u>, 666 F. Supp. at 260.

    In essence, while there may be sound prudential reasons for
the courts to preserve for federal employees the rare opportunity
for direct judicial review of constitutional claims in some
cases, the Court has not seen such a reason for a blanket

rule for appeal under the CSRA.  See Arakawa, 666 F. Supp. at
260.  Injunctive relief based upon constitutional claims is
concurrent with the MSPB's and the Federal Circuit's
jurisdiction.  The CSRA expressly authorizes the MSPB and Federal
Circuit to reverse any termination "not in accordance with law."
5 U.S.C. § 7701(c)(2)(C).  Accordingly, constitutional arguments
may be advanced and resolved in CSRA proceedings. See Bush, 462
U.S. at 386; Krodel, 748 F.2d at 712.  Thus, in discussing the
exclusivity of CSRA remedies, the courts have assumed that
constitutional claims could be brought under the CSRA and have
focused instead on whether those remedies "displace," Cutts v.
Fowler, 692 F.2d 138, 140 (D.C. Cir. 1982), or "preclude,"
Hubbard v. E.P.A., 809 F.2d 1, 11 n.15, reh'g en banc granted on
other grounds, 809 F.2d 15 (D.C. Cir 1987), judicially-created
remedies.  This Court has concluded that MSPB has jurisdiction to
hear constitutional claims seeking injunctive relief.  See
Arakawa, 666 F. Supp. at 260.  Therefore, any claims or remedies
that Plaintiff might pursue with regard to his discharge are
exclusively subject to the jurisdictional and remedial scheme
provided by the CSRA, excluding other judicially created
remedies.  See Bush v. Lucas, 462 U.S. at 388-90; Cutts, 692 F.2d
at 140; Hubbard, 809 F.2d at 1, 11 n.15.

B.    Dismissal For Failure To Exhaust.

    Plaintiff has not exhausted his administrative remedy with

regard to allegations contained in his Amended Complaint.  There
is no indication that Plaintiff has properly pursued his
discharge as a violation of any civil rights laws.  <u>See</u> Exhibit 5
(Richter Decl.), ¶¶ 2-3.  Nor is there any record in the MSPB or
EEOC forums that Plaintiff pursued a timely appeal of his not
being issued a Last Chance Agreement and permitted to return to
work; for the issuance of a 14-day suspension; and denial of
overtime.

Plaintiff alleges that the foregoing issues were deferred to
the MSPB for resolution as a mixed case.  Despite this bald
assertion there is simply no record of such a deferral.
Moreover, the EEOC Administrative Judge made the decision to
dismiss all of these in the March 8, 2005 decision.  <u>See</u> Exhibit
8 (March 8, 2005 Decision); Exhibit 9.  There is no reference in
the decision to a mixed case deferral of the issues to MSPB.  <u>Id</u>.

Indeed, the MSPB does not have jurisdiction over Postal
employees for any discipline suspension of fourteen days or less.
<u>See</u> 5 U.S.C. §§ 7511(a)(1)(b), (b)(8).  The U.S. Postal Service
is ". . . an independent establishment of the executive branch of
the Government of the United States. . . ."  <u>See</u> 39 U.S.C. § 201.
As such, no Federal law applies to Postal employees, except as
otherwise provided in Title 39.  <u>See</u> <u>id.</u>, § 410(a).  In fact,
Title 39 grants certain adverse actions under 5 U.S.C. § 7511
with appeal rights to MSPB for veteran preference eligible

-11-

employees, supervisors and managers, and certain employees engaged in confidential personnel work. See 39 U.S.C. § 1005(a)(4)(A). Those adverse actions do not include suspensions of 14 days or fewer. See 5 U.S.C. § 7512(2). Nor are the denial of a promotion, overtime, or other similar actions as alleged by the Plaintiff in his Amended Complaint appealable to the MSPB. See 5 U.S.C. §§ 7512, et seq.

Moreover, such allegations in this action should be dismissed because timely exhaustion of administrative remedies is a prerequisite to filing suit in federal court pursuant to Title VII. See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.110 (1997) (following the final decision of an agency, an employee may either appeal to the Equal Employment Opportunity Commission or file a civil action in federal district court); Zografov v. V.A. Medical Ctr., 779 F.2d 967, 968-69 (4th Cir. 1985). The reason for limiting claims to present violations (i.e., those for which a timely complaint was filed or for which a discriminatory scheme is alleged) is to "protect employers from the burden of defending claims arising from employment decisions that are long past." Delaware State College v. Ricks, 449 U.S. 250 (1980); Caldwell v. ServiceMaster Corp., 966 F. Supp. 33, 49 (D.D.C. 1997).

Before an employee may pursue a claim against a federal employer under Title VII, he or she must first exhaust the available administrative remedies by proceeding before the agency

charged with the discrimination. <u>See</u> 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.110.    The first step in the process is for the federal employee to contact an Equal Employment Opportunity Counselor at his or her employing agency within 45 calendar days after the date of the alleged discriminatory event. <u>See</u> 29 C.F.R. § 1614.105(a)(1). The EEO Counselor has a short period of time within which informally to resolve the matter or, if the matter is not resolved, to conduct a final interview with the employee. <u>See</u> 29 C.F.R. § 1614.105(d).    The EEO Counselor also must inform the employee in writing of his or her right to file a formal discrimination complaint with the agency's EEO Office. <u>See</u> <u>id.</u> The failure to file a timely complaint within the 15-day period constitutes a failure to exhaust administrative remedies and is grounds for dismissal of the case by the agency. <u>See</u> <u>Wilkins</u> v. <u>Daley</u>, 49 F. Supp. 2d 1, 2 (D.D.C. 1999) (<u>citing</u> <u>Saltz</u> v. <u>Lehman</u>, 672 F.2d 207, 208-09 (D.C. Cir. 1982)); 29 C.F.R. § 1614.604(c).

Only after the employee files a formal administrative complaint and is not satisfied with the agency's resolution of that complaint, may he or she either appeal to the Equal Employment Opportunity Commission or file a civil action in federal court.    <u>See</u> <u>Johnson</u> v. <u>Peterson</u>, 996 F.2d 397, 399 (D.C. Cir. 1993).    Again, there is a specified time period within which the employee must take these steps.    <u>See</u> 29 C.F.R. § 1614.110. Otherwise, the employee will not have timely exhausted his or her

administrative appeal.  <u>See</u> <u>Koch</u> v. <u>Donaldson</u>, 260 F.Supp.2d 86, 90 (D.D.C. 2003).  Therefore, timely exhaustion of administrative remedies is a prerequisite to filing suit in federal court pursuant to Title VII.  <u>See</u> 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.110 (following the final decision of an agency, an employee may either appeal to the Equal Employment Opportunity Commission, or file a civil action in federal district court); <u>Brown</u>, 425 U.S. at 832; <u>Zografov</u>, 779 F.2d at 968-69.

As indicated, the Plaintiff has not timely raised claims of discrimination based on his termination that was effective on August 30, 2002, and sustained by MSPB on March 16, 2004.  <u>See</u> Exhibit 5 (Richter Decl.), ¶¶ 2-3.  Even if Plaintiff's EEO Complaints were deemed sufficient to preserve the issues, this action would be untimely.

C.   <u>Plaintiff Was Untimely In Filing This Action.</u>

Under Title VII, a person may file suit as follows:

<u>Within 90 days of receipt of notice of final action taken by a department, agency, or unit</u> referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, <u>an employee</u> or applicant for employment, if aggrieved by the final disposition

-14-

of his complaint, or by the failure to take final action on his complaint, <u>may file a civil action as provided in section 2000e-5 of this title</u>, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

42 U.S.C. § 2000e-16(c) (emphasis added).

An untimely complaint may be dismissed based on a motion pursuant to Fed. R. Civ. P. 12.  <u>See</u> <u>Currier</u> v. <u>Radio Free Europe/Radio Liberty, Inc.</u>, 159 F.3d 1363, 1366 n.3 (D.C. Cir. 1998) (<u>citing</u> <u>Smith-Haynie</u> v. <u>District of Columbia</u>, 155 F.3d 575, 578 (D.C. Cir. 1998) (where the Court held that "an affirmative defense may be raised by pre-answer motion under Rule 12(b) when the facts that give rise to the defense are clear from the face of the complaint.")).

In this action, Plaintiff was mailed the notice of final action on May 21, 2005, and is deemed to have received the document three, or at most 5, days later, <u>i.e.</u> on March 24, 2005 or March 29, 2005.  <u>See</u> Exhibit 8; Exhibit 9 (Certificate of Service) (noting presumption of receipt in five calendar days of mailing); <u>Smith-Haynie</u> v. <u>District of Columbia</u>, 155 F.3d at 578 n.3 (<u>citing</u> <u>Baldwin County Welcome Center</u> v. <u>Brown</u>, 466 U.S. 147, 148 and n.1 (1984) (3-day period of Fed. R. Civ. P. 6(e) applies to calculate receipt of notice under Title VII)).

Thus, Plaintiff was to initiate any civil action "in an appropriate U.S. District Court **within 90 calendar days** of your receipt of [the] decision."  Exhibit 9 at 2 (emphasis in

-15-

original); accord, Exhibit 7 at 2-3. Thus, Plaintiff was required to bring any civil action before July, 2005. This action was commenced with the filing of a complaint on January 4, 2006. See Complaint at 1; Amended Complaint, ¶ 16. The Court should therefore dismiss this claim for failure to timely file suit. Brown v. GSA, 425 U.S. 820, 822-23, 835 (1976) (case properly dismissed where plaintiff failed to file timely complaint within the 30 days then allowed); Irwin v. Veterans Administration, 498 U.S. 89 (1990) (dismissal of Title VII suit was proper where, in the absence of exceptional circumstances, Plaintiff failed to file suit within the time prescribed); Smith-Haynie v. District of Columbia, 155 F.3d at 578.

Where Plaintiff neither filed suit in a timely manner or timely pursued an appeal of the agency's Notice Of Final Action, see Richter Decl., ¶¶ 2-3, the action was not timely commenced and the administrative procedures were not timely exhausted. The action should therefore be dismissed.

D.    Res Judicata and Collateral Estoppel.

Under the related doctrines of res judicata and collateral estoppel, a final judgment on the merits of an action precludes the parties from relitigating issues that were, or could have been, finally decided; and once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of

-16-

action involving a party to the first action.  <u>Allen</u> v. <u>McCurry</u>,
449 U.S. 90, 94 (1980); <u>United States</u> v. <u>Mendoza</u>,  464 U.S. 154,
158 (1984); <u>Montana</u> v. <u>United States</u>, 440 U.S. 147, 153 (1979);
<u>American Employers Insurance Company</u> v. <u>American Security Bank</u>,
747 F.2d 1493, 1498 (D.C. Cir. 1984); <u>I.A.M. National Pension
Fund</u> v. <u>Industrial Gear Manufacturing Company</u>, 723 F.2d 944, 947
(D.C. Cir. 1983); <u>Jack Faucett Associates, Inc.</u> v. <u>American
Telephone and Telegraph Co.</u>, 566 F. Supp. 296, 299 (D.D.C. 1983);
<u>Cutler</u> v. <u>Hayes</u>, 549 F. Supp. 1341, 1343 (D.D.C. 1983).

Application of the doctrine of collateral estoppel
"represents a decision that the needs of judicial finality and
efficiency outweigh the possible gains of fairness or accuracy
from continued litigation of an issue that previously has been
considered by a competent tribunal." <u>Nasem</u> v. <u>Brown</u>, 595 F.2d
801, 806 (D.C. Cir. 1979).  Application of the doctrine thereby
serves to relieve parties of the burdens attending multiple
lawsuits; conserves judicial resources; minimizes the risk of
forum-shopping, piecemeal litigation, and inconsistent decisions;
and provides finality in the resolution of disputes.  <u>Mendoza</u>,
464 U.S. at 158; <u>Cutler</u>, 549 F. Supp. at 1343; <u>see</u> <u>Hardison</u> v.
<u>Alexander</u>, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

In this action Plaintiff's claims regarding his termination
are barred.  As noted above, Plaintiff failed properly to contest
his discharge beyond the Merit Systems Protection Board or any

other forum.  The propriety of the Plaintiff's discharge having

been so litigated and a final judgment having been entered,

Plaintiff is barred from re-litigating in this forum that for

which he had a full and fair opportunity to litigate in another

forum.  For these reasons, the instant action should be

dismissed.

<u>CONCLUSION</u>

All claims made by Plaintiff are appropriate for dismissal

or for summary judgment.  There is no genuine issue of material

fact and Defendant is entitled to judgment in his favor.

Therefore, this action should be dismissed.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

Of Counsel:

Stephen W. Furgeson, Attorney
United States Postal Service
Capital Metro Law Office, Suite 650
400 Virginia Avenue, S.W.
Washington, DC  20024-2730
(202) 314-6815 (Phone)
(202) 314-6835 (FAX)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
WILBERT B. HARRIS                    )
                                     )
               Plaintiff,            )
                                     )
        v.                           )    Civil Action No. 06-06 RCL
                                     )
POSTMASTER GENERAL OF THE UNITED     )
   STATES POSTAL SERVICE,            )
                                     )
               Defendant.            )
                                     )
_____)
```

STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Local Rule 7(h), the defendant hereby submits the following material facts as to which there is no genuine dispute:

1. Plaintiff was issued a proposed removal on July 1, 2002, and the decision to remove Plaintiff became effective on August 30, 2002. See Wilbert B. Harris v. U.S. Postal Service, DC-0752-02-0771-I-2, (March 25, 2003) (Exhibit 1); Amended Complaint, ¶¶ 9-11.

2. Plaintiff filed an appeal with the Merit Systems Protection Board ("MSPB" or "Board"). See id.; Amended Complaint, ¶ 13.

3. A hearing was held and the decision to remove the Plaintiff was sustained by an administrative judge on March 25, 2003. See id.; Exhibit 1.

4. Plaintiff filed a petition for review with MSPB and the Board affirmed the removal in a decision issued on March 16,

2004.  See Harris v. U.S. Postal Service, DC-0752-02-0771-I-2,
2004 MSPB Lexis 415 (March 16, 2004) (Exhibit 2); see also Harris
v. U.S. Postal Service, DC-752S-05-0399-I-1, 2005 MSPB Lexis 2025
(Apr. 28, 2005) (dismissing appeal).

   5.  On February 28, 2005, Plaintiff appealed his August 30,
2002 removal to the MSPB. See Wilbert B. Harris,
DC-0752-05-0318-I1 (May 3, 2005) (Exhibit 3).

   6.  On May 3, 2005, the appeal was dismissed by the
administrative judge on grounds of res judicata.  See Exhibit 3.

   7.  Plaintiff again filed a petition for review with the
Board and it was dismissed on September 20, 2005.  See Harris v.
U.S. Postal Service, DC-0752-05-0318-I-1, 2005 MSPB Lexis 4923
(Sep. 20, 2005) (Exhibit 4).

   8.  In that September 20, 2005 decision (Exhibit 4),
Plaintiff was given notice that he had sixty (60) calendar days
upon receipt of the decision to file an appeal with the United
States Court of Appeals for the Federal Circuit.  See id.

   9.  Plaintiff at one point had pursued the following issues
before the EEOC:

      a) Whether Plaintiff was subjected to
      discrimination on the basis of race and retaliation
      (prior EEO activity) when:

         (1) on June 12, 13 &20, 2002, the Mail
         Equipment Shop Administration (MES) took
         Plaintiff off the clock for failing to use a
         power tool to trouble shoot a piece of
         robotic machinery without proper training;

> > (2)  on July 2, 2002, Plaintiff was issued a 14-day suspension;
> >
> > (3) from July 15 through July 27, 2002, Plaintiff was denied working overtime;
>
> b) Whether Plaintiff was subjected to discrimination on the bases of age, sex (male), and retaliation (prior EEO activity) when:
>
> > (4) on March 4, 2003, management failed to enter into a Last Chance agreement with Plaintiff; and
>
> c) Whether Plaintiff was subjected to discrimination on the basis retaliation (prior EEO activity) when:
>
> > (5) on or about March 11, 2003, Plaintiff was not selected for a Locksmith position.

Exhibit 8 (Decision) at 1-2.

10.  On March 8, 2005, Plaintiff and his attorney, Paul Bennet, were served with copies of an Order Entering Judgment against Plaintiff and the Supporting decision, which included a notice that when he received a final order from the agency, he would have 30 days to appeal the decision to the Office of Federal Operations.  Exhibit 8 (Decision at 16); see also Exhibit 7 at 2-3.

11.  A Notice Of Final Action was served on Plaintiff and his attorney on March 21, 2005, indicating that the U.S. Postal Service had decided to implement the March 8, 2005 decision of the EEOC Administrative Judge.  See Exhibit 9.

12.  Plaintiff did not timely appeal the  U.S. Postal

-3-

Service's March 21, 2005 action.  <u>See</u> Exhibit 5 (Richter Decl.), ¶¶ 2-3.

13.  The complaint was filed in this Court on January 4, 2006.  <u>See</u> Complaint at 1; Amended Complaint, ¶ 16.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that service of the foregoing Motion To Dismiss Or, In The Alternative, For Summary Judgment, supporting memorandum, statement of material facts, exhibits and a proposed order was made through the Court's electronic transmission facilities on this 19th day of July, 2006.


_____
W. MARK NEBEKER
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230