LEXSEE 2005 MSPB LEXIS 2537

WILBERT B. HARRIS, Appellant, v. UNITED STATES POSTAL SERVICE, Agency.

DOCKET NUMBER DC-0752-05-0318-I-1

MERIT SYSTEMS PROTECTION BOARD

*2005 MSPB LEXIS 2537*

May 3, 2005

[*1]

Wilbert B. Harris, Cheverly, Maryland, Pro se.

Stephen W. Furgeson, Esquire, Washington, D.C., for the agency.

**OPINIONBY:** MINTZ

**OPINION:**

**BEFORE**

Barbara S. Mintz

Administrative Judge

**INITIAL DECISION**

On February 28, 2005, the appellant appealed the agency action removing him effective August 30, 2002. Appeal File (AF), Tab 1. On April 4, 2005, the U.S. Postal Service (agency) filed a motion to dismiss the appeal, inter alia, on the ground that the appellant's removal had already been adjudicated by the Merit Systems Protection Board (Board). AF, Tab 8. The appellant responded to the agency's motion. AF, Tab 10. For the following reasons, the appeal is DISMISSED on the grounds of res judicata.

Although the appellant requested a hearing, he is not entitled to one because he failed to raise an allegation of fact that, if proven, could establish that res judicata does not apply to this appeal. Since an administrative judge may consider the agency's documentary submissions in determining whether the doctrine of res judicata applies, I therefore decided this appeal based on the parties' written submissions.

**ANALYSIS AND FINDINGS**

Background

The appellant was employed as a Machine Operator C [*2] Level 5 at the agency's Lock and Key Shop in Washington, D.C. The appellant was removed from the agency effective August 30, 2002, for failure to follow instructions. The appellant, represented by counsel, appealed to the Board, inter alia, alleging that his removal was based on his prior participation in the equal employment opportunity (EEO) process. After a hearing, the administrative judge affirmed the agency's removal action. *Harris v. U.S. Postal Service,* MSPB Docket No. DC-0752-02-0771-I-2 (Initial Decision, March 25, 2003). That initial decision became final when the Board denied the appellant's petition for review. *Harris v. U.S. Postal Service, 95 M.S.P.R. 672 (2004)* (Table).

On February 28, 2005, the appellant filed the present appeal, once again claiming, inter alia, that his removal was "wrong" and based on his prior participation in the EEO process. AF, Tab 1. In addition, the appellant claimed that his removal was a prohibited personnel practice. On April 4, 2005, the agency moved that I dismiss the appellant's appeal based on res judicata or alternately because it was untimely. On April 19, 2005, I had a status conference with the [*3] parties and explained to the appellant the doctrine of res judicata and that it might prevent him from relitigating his removal. AF, Tab 11. The appellant was also reminded of the time limit to respond to the agency's motion to dismiss. *Id.*



The appellant responded to the agency's motion to dismiss. AF, Tab 10. He did not, however, address the elements of res judicata but asserted, among other things, that his removal was based on "harmful error violations of laws and prohibited personnel practices resulting from the Agency [sic] strategic plan for the years 1997 through 2000, and beyond partisan policy." *Id.*

The appellant's removal has been previously litigated before the Board and must therefore be dismissed under the doctrine of res judicata.

The purpose of the doctrine of res judicata is to prevent repetitious litigation of the same matter. *See Wexler v. Department of the Interior, 48 M.S.P.R. 513, 517 (1991), aff'd, 954 F.2d 733 (Fed. Cir. 1992)* (Table). Under the doctrine, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same [*4] cause of action. *See Tanner v. United States Postal Service, 94 M.S.P.R. 417, 420-21 (2003); Peartree v. U.S. Postal Service, 66 M.S.P.R. 332, 337 (1995).* Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.* For res judicata purposes, a cause of action is the set of facts which gives an appellant the right to seek relief from an agency. *Frias v. U.S. Postal Service, 63 M.S.P.R. 276, 280, aff'd, 43 F.3d 1486 (Fed. Cir. 1994)* (Table).

Here, the record reflects that the appellant previously appealed his August 30, 2002, removal to the Board alleging, among other things, that the agency removed him because of his prior participation in the EEO process. As noted above, the Board affirmed the agency's removal action. The appellant now seeks to again appeal [*5] his August 30, 2002, removal, inter alia, asserting that the agency's removal was wrong, was a prohibited personnel practice and was taken in retaliation for his participation in the EEO process.

I cannot envision a case that is more appropriate than this one for the application of res judicata. All of the requirements for the application of res judicata are clearly present. The prior judgment, issued by the Board, was rendered by a forum with competent jurisdiction. It is undisputed that the Board's decision was a final judgment on the merits of the appellant's appeal and that the same parties or their privies are involved in both cases. Also, the appellant's current appeal involves the same set of facts which gave the appellant the right to seek relief from the Board in 2002.

In his response to the agency's motion to dismiss, the appellant may be alleging that in addition to what he claimed before, he is now alleging additional grounds why his removal should be overturned. Adding additional issues, however, does not render the doctrine of res judicata inapplicable here. As previously stated, the doctrine applies where there is an identity of parties and cause of action, and its [*6] application is limited to issues that were, or could have been, raised in prior appeals. *See Holloway v. Department of Veterans Affairs, 56 M.S.P.R. 422, 425 (1993); Wexler, 48 M.S.P.R. at 517-18.* On the record before me, it is clear that all of the appellant's issues were apparent to him at the time of his removal and first appeal. Thus, I find that they could have been raised by the appellant and adjudicated in the prior appeal, but were not. Accordingly, I find that res judicata precludes the appellant from relitigating his removal appeal.

Since I have determined that this appeal is properly dismissed under the doctrine of res judicata, I need not address the timeliness of the appeal. *See, e.g., Cassel v. Department of Agriculture, 72 M.S.P.R. 542, 546 (1996).*

**DECISION**

The appeal is DISMISSED.

FOR THE BOARD:

Barbara S. Mintz

Administrative Judge

**NOTICE TO APPELLANT**

This initial decision will become final on **June 7, 2005,** unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last [*7] day on which you can file a petition for review with the Board. However, if this initial decision is received by you more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. The date

on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

**BOARD REVIEW**

You may request Board review of this initial decision by filing a petition for review. Your petition, with supporting evidence and argument, must be filed with:

> The Clerk of the Board
>
> Merit Systems Protection Board
>
> 1615 M Street, NW., Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition for review submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal [*8] website (https://e-appeal.mspb.gov).

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision. The date of filing by mail is determined by the postmark date. The date of filing by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j).

**JUDICIAL REVIEW**

If you are dissatisfied with the Board's final decision, you may file a petition with:

> The United States Court of Appeals for the Federal Circuit
>
> 717 Madison Place, [*9] NW.
>
> Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be received by the court no later than 60 calendar days after the date this initial decision becomes final.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 *(5 U.S.C. § 7703)*. You may read this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov. Additional information is available at the court's website, http://fedcir.gov/contents.html. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

**NOTICE TO AGENCY/INTERVENOR**

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.