EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, D.C. 20507

Wilbert Harris,                                  )
                                                 )
        Complainant,                             )        EEOC No. 100-2004-00143X
                                                 )
                v.                               )        Agency No. HO-000-0132-02
                                                 )
John E. Potter, Postmaster General,             )
United States Postal Service,                    )        March 8, 2005
                                                 )
        Agency.                                  )
                                                 )

## ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision dated March 8, 2005, judgment in the above-captioned matter is hereby entered. A Notice To The Parties explaining their appeal rights is attached.

This office is also enclosing a copy of the hearing record for the agency and a copy of the transcript for complainant and/or his/her representative.

This office will hold the report of investigation and the complaint file for sixty days, during which time the agency may arrange for their retrieval. If we do not hear from the agency within sixty days, we will destroy our copy of these materials.

                                        It is so ORDERED.

For the Commission:

                                        Frances del Toro
                                        Administrative Judge

Enclosures



## **CERTIFICATE OF SERVICE**

For timeliness purposes, it shall be presumed that the parties received the foregoing documents within five (5) calendar days after the date they were sent *via* first class mail. I certify that on March 8, 2005, the foregoing documents were sent *via* first class mail to the following:

Wilbert Harris
6108 State Street
Cheverly, MD 20785

Paul Bennett
133 Defense Highway
Suite 209
Annapolis, MD 21401

Stephen Furgeson
United States Potal Service
Capital Metro Area Law Office
400 Virginia Avenue, SW, Suite 650
Washington, DC 20024-2730

Manager EEO Compliance and Appeals
United States Postal Service
Capital Metro Operations
P.O. Box 1730
Ashburn, VA 20146-1730

Frances del Toro
Administrative Judge

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, D.C. 20507

|  |  |  |
|---|---|---|
| Wilbert Harris, | ) | |
| | ) | |
| Complainant, | ) | EEOC No. 100-2004-00143X |
| | ) | |
| v. | ) | Agency No. HO-000-0132-02 |
| | ) | |
| John E. Potter, Postmaster General, | ) | |
| United States Postal Service, | ) | March 8, 2005 |
| | ) | |
| Agency. | ) | |
| | ) | |

## DECISION

This Decision is being issued without a hearing, pursuant to 29 C.F.R. § 1614.109(g)(3)

(2002). On October 1, 2004, the Agency filed a Motion for Summary Judgment. Complainant

filed an Opposition to the Agency's Motion for Summary Judgment on November 19, 2004. The

remaining procedural history is contained in the case file and the Investigative Report ("IR") and

will not be reiterated. The record before me consists of the IR and the parties' submissions.

## CLAIMS

Whether Complainant was subjected to discrimination on the bases of race (African-

American) and retaliation (prior EEO activity), when:

(1) on June 12, 13 & 20, 2002, the Mail Equipment Shop Administration (MES) took

Complainant off the clock for failing to use a power tool to trouble shoot a piece of

robotic machinery without proper training;

(2) on July 2, 2002, Complainant was issued a 14-day Suspension;

(3) from July 15 through July 27, 2002, Complainant was denied working overtime.

Whether Complainant was subjected to discrimination on the bases of age (DOB: 3/9/50), sex (male), and retaliation (prior EEO activity), when:

(4) on March 4, 2003, management failed to enter into a Last Chance Agreement with Complainant.

Whether Complainant was subjected to discrimination on the basis of retaliation (prior EEO activity), when:

(5) on or about March 11, 2003, Complainant was not selected for a Lockmaster position.

## FINDINGS AND ANALYSIS

### A. THE GOVERNING LAW FOR SUMMARY JUDGMENT

The EEOC's regulations on summary judgment are patterned after Rule 56 of the Federal Rules of Civil Procedure, which provides that a moving party is entitled to summary judgment if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

### B. UNDISPUTED FACTS

1. At the time relevant to this complaint, Complainant was employed by the U.S. Postal Service as a Machine Operator (C), MES.

2. On June 12, 13, 19, 21 and 25-28, 2002, Complainant refused to clear jams in the Arrow Locker Assembly Machine (ALAM) he was assigned to work on.

3. On the aforementioned dates Complainant's supervisor, Marilyn Washington (African

2

American, female, DOB: 8/4/52), placed Complainant on Administrative Leave for failure to follow her instructions to clear the jams in the ALAM. After every incident, Washington instructed Complainant to return to work the next day and perform his duties.

4. On July 2, 2002, Complainant received a 14-Day Suspension for failure to follow instructions. Specifically, Complainant refused to clear jams in the ALAM he was assigned to work on.

5. Complainant served his suspension between July 15 through 17, 2002.

6. The Agency denied Complainant's request to work overtime on July 15 through 27, 2002.

7. The Agency's Overtime Desired List for the relevant quarter did not include Complainant's claim.

8. Complainant was on suspension during the dates he requested to work overtime.

9. The Agency and Complainant did not enter into a Last Chance Agreement.

10. Complainant declined the offer made by the Agency during settlement negotiations that took place when Complainant appealed his removal to the Merit Systems Protection Board (MSPB).

## C. CONCLUSIONS OF LAW

To establish a *prima facie* case of disparate treatment, a Complainant may demonstrate that he/she was treated less favorably than a similarly situated employee outside his/her protected group. *Furnco Constr. Corp. v. Waters*, 438 U.S. 567 (1978). Absent comparative data, Complainant may also establish a *prima facie* case by setting forth sufficient evidence to create an inference of discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256

3

(1981), n. 6; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

To establish a *prima facie* case of disparate treatment in a nonselection case, a Complainant may show: (1) that he/she is a member of a group protected from discrimination; (2) that he/she applied for and was qualified for the position at issue; and (3) that he/she was rejected under circumstances which give rise to an inference of unlawful discrimination, *e.g.*, the Agency continued to seek applicants or filled the positions with persons who were not members of Complainant's protected group. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), n.13.

A Complainant can establish a *prima facie* case of age discrimination by showing that: (1) he/she is a member of a group protected from discrimination, *i.e.*, age 40 or older; and (2) similarly situated individuals significantly younger than Complainant were treated more favorably. *O'Connor v. Consol. Coin Caterers*, 517 U.S. 308 (1996); *McDonnell Douglas*, 411 U.S. at 802, n.13; *Miller v. Lyng*, 660 F. Supp. 1375 (D.D.C. 1987). Complainant can, however, establish a *prima facie* case even in the absence of a comparative employee under the age of 40. *See O'Connor*, 517 U.S. at 312. Additionally, for Complainant to prevail on his/her age discrimination claim, he/she must show that age was a determining factor in his/her disparate treatment, *i.e.*, but for his/her age, he/she would have been treated more favorably. *O'Connor*, 517 U.S. at 312; *Cuddy v. Carmen*, 694 F.2d 853, 857-58 (D.C. Cir. 1982).

In order to establish a *prima facie* case of retaliation, a Complainant may show that: (1) he/she engaged in a statutorily protected EEO activity; (2) the Agency was aware of the EEO activity; (3) the employer took an adverse employment action against Complainant; and (4) a causal connection exists between the EEO activity and the adverse action (*e.g.*, action in question

followed the protected activity within such a period of time that a retaliatory motivation may be inferred). *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1395, 1423 (D.C. Cir. 1988); *McKenna v. Weinberger*, 729 F.2d 783, 788, 790 (D.C. Cir. 1984).

If a *prima facie* case is established, the burden shifts to the Agency to articulate a legitimate, non-discriminatory reason for the challenged action. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981); *McDonnell Douglas*, 411 U.S. at 802. Complainant may then show that the explanation offered by the Agency was not the true reason, but a pretext for discrimination. *Burdine*, 450 U.S. at 256; *McDonnell Douglas*, 411 U.S. at 804. The ultimate burden of persuading the trier of fact that the Agency discriminated against the Complainant always remains with the Complainant. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993); *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).

1. <u>**MES Administration's Decision to Take Complainant Off the Clock for Failing to Troubleshoot a Machine**</u>

Based upon the record before me, I find that Complainant failed to establish a *prima facie* case of race discrimination as to this issue. Complainant established that he is a member of a protected class (African American), but failed to show that any similarly situated employees outside of his protected group were treated more favorably by the Agency. Complainant avers that Rice Bourne is a comparator and that he was treated more favorably by the Agency. However, the record shows that Bourne (African American) is from the same protected group as Complainant and that they were both employed in different positions. Rice is a Maintenance Mechanic and Complainant is a Machine Operator. *See* IR at 17. In addition, the record shows that Bourne has never refused to perform his duties, *i.e.* clear the jams of the machines he is

5

assigned to work on. *See* IR, Affid. A & B; *Smith v. Dep't of the Navy*, EEOC Request No. 05931128 (July 7, 1994) (in order for two or more employees to be considered similarly situated, all relevant aspects of the employees' work situation must be identical or nearly identical). Moreover, Complainant did not provide any other evidence to create an inference of discrimination.

Complainant also failed to establish a *prima facie* case of retaliation as to this issue. Complainant has not offered any evidence linking his prior EEO activity to the Agency's action, especially since his prior EEO activity occurred approximately two years prior to the alleged discriminatory event. The record shows that Complainant's previous EEO activity took place in September and November of 2000 and the alleged discriminatory incidents took place during 2002 and 2003. Because of the lapse in time between the EEO activity and the alleged discriminatory event, I find that the Complainant failed to show a causal connection between said dates and that retaliatory animus cannot be inferred. *See Velez v. United States Postal Serv.*, EEOC Request No. 05890268 (July 18, 1989) (causality element not satisfied where prior EEO activity occurred 12 months previously, and responding management official had no real involvement in the prior EEO activity). *See also Clark County School District v. Breeden*, 532 U.S. 268 (2001) (finding that three months between the EEO activity and the alleged discriminatory act were insufficient to establish temporal proximity). Complainant also avers engaging in protected activity based on his participation in union activity. However, the Commission has consistently held that a reprisal claim based on union activity where the Complainant does not aver involvement in EEO matters fails to state a claim under Title VII. *See Leary v. Dep't of the Navy*, EEOC Petition No. 03920075 (Feb. 19, 1993).

Even assuming *arguendo*, that Complainant had established a *prima facie* case of discrimination based on race and reprisal, I find that the Agency articulated a legitimate, nondiscriminatory rationale. Marilyn Washington (Black-American), Supervisor, Manufacturing & Repairs, stated that Complainant was not taken off the clock for failing to use a power tool to trouble shoot a piece of robotic machinery without proper training, but for failing to perform his assigned duties. IR, Washington Aff. Washington explained that Complainant was not required to use a power tool, but a flathead screwdriver to clear the minor jams in the ALAM. *See id.* Washington states that Complainant was properly trained and that he received thirty days of On the Job Training (OJT). *See id.* Washington added that had Complainant not met the requirements to perform the duties of the position, he would not have been selected for the position in May 2001 and would have been returned to his previous job *See id.* Washington also avers that on June 12, 2002, when the Complainant refused to operate the ALAM, she had one of the most experienced mechanics show Complainant how to clear the jams, but that Complainant refused to work on the ALAM stating that clearing jams was not part of his position description.[1] *See id.* Washington attested that on numerous occasions Complainant refused to clear jams in the ALAM and as a consequence, she placed him on Administrative Leave for failure to perform his assigned duties. *See id.*

Jessie Barrett (African American), Manager, Lock, Key and Press Shops and Shelby Bryant (African American), Supervisor, Support Services, both stated that Complainant was properly trained to use a flat head screwdriver to clear minor jams in the ALAM, but that he

---

[1] I note that the Machine Operator (C) Position Description clearly states that an operator is responsible for clearing minor jams in the machine. *See* IR at 341.

7

refused to do his job. *See* IR, Barrett Aff. Barrett and Bryant also stated that Complainant was placed in his position after a thirty day period where he had to demonstrate that he had the required competency and ability to perform his tasks. *See id.* Barrett attested that all the Machine Operators in the department receive the same job and safety training necessary to operate the ALAM. *See id.*

Next, I find that Complainant was unable to establish that the Agency's rationale was pretextual. Complainant avers that he was not trained by the Agency and did not perform his duties because he was fearful for his safety. Although Complainant denies being trained, the record contains numerous documents evidencing Complainant's participation in the Agency's training sessions. *See* IR, pp 65-69, 355-56. Ed Menano stated that he was directed to instruct Complainant on how the clear jams in the ALAM and that he provided Complainant with a manual explaining how to use the machine. *See* IR at 49. Moreover, Complainant admits that Menano provided him with the materials. Comp. Depo. at 73. Although Complainant claims that the machines are unsafe for employees to use, he stated that he did not see any employees injured while working on the machine or heard of an employee who required medical attention from ALAM related injuries. Comp. Depo. at 18. In fact, the record is devoid of any evidence showing that any other employees who worked with the machine ever complained about its safety or refused to perform their duties based on safety reasons. I therefore conclude, that Complainant failed to rebut the Agency's proffered reasons for placing him on Administrative Leave.

2.    **The 14-day Suspension**

Based upon the record before me, I find that Complainant failed to establish a *prima facie*

8

case of race discrimination as to this issue. Complainant established that he is a member of a protected class (African American), but failed to show any similarly situated employees outside of his protected group that were treated more favorably by the Agency. *Smith v. Dep't of the Navy*, EEOC Request No. 05931128 (July 7, 1994) (in order for two or more employees to be considered similarly situated, all relevant aspects of the employees' work situation must be identical or nearly identical). Complainant also failed to provide any other evidence to create an inference of discrimination. Likewise, and for the same reasons stated in Section 2 of this Decision, Complainant also failed to establish a *prima facie* case of retaliation as to this issue. *See* Section 2, *supra*.

Even assuming *arguendo*, that Complainant had established a *prima facie* case, I find that the Agency articulated a legitimate, nondiscriminatory rationale. Washington stated that she issued the Complainant a 14-day Suspension because of Complainant's failure to follow instructions and perform his duties. IR, Washington Aff. Washington also states that Complainant continuously refused to clear the jams on the ALAM, which was part of his position duties. *See id.*

Subsequently, Complainant was unable to establish that the Agency's rationale was pretextual. Complainant did not refute the Agency's articulation, but simply claims that the Agency suspended him for 14 days because of his race and in retaliation for prior EEO activity, without offering any evidence other than his uncorroborated conclusory assertions. *Green v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (conclusory statements are insufficient to defeat summary judgment, which is to weed out insufficiently meritorious claims). In addition, the record shows that Complainant was insubordinate and refused on many occasions to clear the

9

jams in the ALAM, which is clearly part of his assigned duties. *See* IR at 341.

### 3.   Denial of Overtime Work

Based upon the record before me, I find that Complainant failed to establish a *prima facie* case of race discrimination as to this issue. Complainant established that he is a member of a protected class (African American), but failed to identify even one similarly situated employee who was treated more favorably by the Agency. In fact, the record shows that all the employees permitted to work overtime at the time relevant to this complaint are from the same protected group as Complainant. *See* IR at 18; *Smith v. Dep't of the Navy*, EEOC Request No. 05931128 (July 7, 1994) (in order for two or more employees to be considered similarly situated, all relevant aspects of the employees' work situation must be identical or nearly identical). In addition, the employees who were permitted to work overtime where included in the Agency's Overtime Desired List, however, Complainant was not. *See id.* Complainant has also failed to establish a *prima facie* case of retaliation for the same reasons already stated in Section 2 of this Decision. *See* Section 2, *supra*.

Even assuming *arguendo*, that Complainant had established a *prima facie* case, I find that the Agency articulated a legitimate, nondiscriminatory rationale for its action. Washington stated that Complainant was not allowed to work overtime, because he was not on the Overtime Desired List and was not eligible for any overtime during the relevant period. IR, Washington Aff. Washington explained that Complainant was not eligible for overtime work because he was on suspension during the time he requested overtime work (from July 15 through 20, 2002).[2] *See id.* Barrett also added that Complainant did not sign the Overtime Desired List volunteering to

---

[2] At the time, Complainant was serving his 14-day Suspension.

10

work overtime and therefore, was not included in the list during the relevant work quarter. IR, Barrett Aff.

Complainant failed to present any evidence to show that the Agency's articulated reasons are pretextual. I also find that, aside from Complainant's conclusory and uncorroborated assertions, the record is devoid of any evidence showing pretext as to this issue. *Green v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (conclusory statements are insufficient to defeat summary judgment, which is to weed out insufficiently meritorious claims).

4.    **Management's Failure to Enter Into a Last Chance Agreement with Complainant**

Based upon the record before me, I find that Complainant failed to establish a *prima facie* case of race discrimination. Complainant failed to cite any similarly situated employees outside of his protected group that were treated more favorably by the Agency. *Smith v. Dep't of the Navy*, EEOC Request No. 05931128 (July 7, 1994) (in order for two or more employees to be considered similarly situated, all relevant aspects of the employees' work situation must be identical or nearly identical). Complainant argues that several employees were removed for cause for offenses committed, but were later reinstated pursuant to last chance settlement agreements. However, the record is devoid of any information showing that the comparators offered by Complainant engaged in conduct (or committed offenses) similar to that of Complainant's for failure to follow instructions. In fact, the record indicates that one of the comparators did not enter into a Last Chance Agreement, but entered into a settlement agreement with the Agency. IR at 26. In addition, the three comparators offered by Complainant were disciplined for attendance issues, not insubordination. IR at 26.

As to Complainant's claim of retaliation, I find that Complainant has established a *prima*

11

*facie* case of retaliation. Complainant has demonstrated that he engaged in prior protected activity by filing a complaint of discrimination; the Agency did not enter into a Last Chance Agreement with him; the relevant management officials were aware of Complainant's protected activity; and a causal connection may exist between the EEO activity and the adverse action. The adverse action relevant to this issue took place on March 4, 2003, after Complainant had filed the present complaint in December 11, 2002. Because the alleged discriminatory action in question followed the protected activity within such a short period of time, a retaliatory motivation may be inferred. *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1395, 1423 (D.C. Cir. 1988); *McKenna v. Weinberger*, 729 F.2d 783, 788, 790 (D.C. Cir. 1984).

Next, I find that the Agency articulated a legitimate, nondiscriminatory rationale for its action. Bryant stated that the Agency tried to offer a Last Chance Agreement to the Complainant, which offered Complainant a chance to return to his career and qualify for retirement. IR, Bryant Aff. Bryant explained that the Last Chance Agreement was offered to Complainant as part of settlement negotiations during an appeal filed by Complainant with the MSPB and that Complainant chose not to accept the Agency's offer. *See id.*

I also find that Complainant was unable to establish that the Agency's rationale was pretextual. What the record does show is that the Agency made an offer for a Last Chance Agreement and that the parties did not concur on the terms of the agreement. Complainant did not refute the Agency's articulation, but simply claims that the Agency's reason for not entering into an agreement with him is his involvement with union. Complainant, however, makes his arguments without offering any evidence other than his uncorroborated conclusory assertions. *Green v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (conclusory statements are insufficient to

12

defeat summary judgment, which is to weed out insufficiently meritorious claims).

### 5.    Complainant's Nonselection

Based upon the record before me, I find that Complainant failed to established a *prima facie* case of race, sex and age discrimination. Complainant has shown that he is a member of several protected groups (African American, male, DOB: 3/9/50 ); that he applied for and was qualified for the position;[3] and that he was not selected by the Agency.

I also find that Complainant has established a *prima facie* case of retaliation. Complainant has demonstrated that he engaged in prior protected activity by filing a complaint of discrimination; the Agency did not select him for the Lockmaker position; the relevant management officials were aware of Complainant's protected activity; and a causal connection may exist between the EEO activity and the adverse action. The adverse action relevant to this issue took place on March 26, 2003 (when Complainant was informed of the nonselection) and after Complainant had filed the present complaint in December 11, 2002. Because the alleged discriminatory action in question followed the protected activity within such a short period of time, a retaliatory motivation may be inferred. *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1395, 1423 (D.C. Cir. 1988); *McKenna v. Weinberger*, 729 F.2d 783, 788, 790 (D.C. Cir. 1984).

Next, I find that the Agency articulated a legitimate, nondiscriminatory rationale for the nonselection. Bryant stated that pursuant to Article 41, Section 2.G.1., the vacancy was posted as "Best Qualified." IR, Bryant Aff. Bryant added that the selection was made based on the highest

---

[3] For purposes of this Summary Judgment decision, I will assume that Complainant is qualified for the position.

13

amount of points given by a Review Committee. *See id.* John Worth (Caucasian, male, DOB: 3/27/48), Program Manager, stated that Complainant was not eligible for the Lockmaker position because Complainant had been effectively removed from the Postal Service when the selection was made. IR, Worth Aff. Worth explained that Washington (Complainant's supervisor) had issued Complainant a Proposed Notice of Removal on July 1, 2002 and that on August 20, 2002, Complainant was issued a Letter of Decision upholding that proposed notice with an effective removal date of August 30, 2002. *See id.*

Subsequently, Complainant was unable to establish that the Agency's rationale was pretextual. Complainant argues that he was better qualified than the selectee. In a non-selection case, pretext may be demonstrated where the complainant's qualifications are shown to be plainly superior to those of the selectee(s). *Bauer v. Bailar*, 647 F.2d 1037, 1048 (10th Cir. 1981). To do so, Complainant would have to show that his education and work experience were so plainly superior to the selected candidate "as to virtually jump off the page and slap us in the face." *Odom v. Frank*, 3 F.3d 839 (5th Cir. 1993). *See Dobson v. Dep't of Interior*, EEOC No. 01933095 (June 30, 1994). Complainant, however, has not produced any evidence showing that he was better qualified for the position. Rather, the record shows that Complainant was not even eligible for consideration based on his removal from the Agency. Additionally, Complainant has failed to present any other evidence to show pretext. In fact, when Complainant was asked why the selectee was chosen over him, he replied that the selectee was chosen because management had retaliation issues against him and "disliked" him without presenting any evidence in support of his contentions. Comp. Depo. at 102-103. *See Green v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (conclusory statements are insufficient to defeat summary judgment, which is to weed out

14

insufficiently meritorious claims).

## <u>DECISION</u>

For the reasons set forth above, I find that Summary Judgment is appropriate and that

Complainant failed to produce evidence that could prove that the Agency discriminated against

him.

**Frances del Toro**
**Administrative Judge**

15

## NOTICE TO THE PARTIES

### *TO THE AGENCY:*

Within forty (40) days of receiving this decision and the hearing record, you are required to issue a final order notifying the complainant whether or not you will fully implement this decision. You should also send a copy of your final order to the Administrative Judge.

Your final order must contain a notice of the complainant's right to appeal to the Office of Federal Operations, the right to file a civil action in a federal district court, the name of the proper defendant in any such lawsuit, the right to request the appointment of counsel and waiver of court costs or fees, and the applicable time limits for such appeal or lawsuit. A copy of EEOC Form 573 (Notice of Appeal/Petition) must be attached to your final order.

If your final order does not fully implement this decision, you must simultaneously file an appeal with the Office of Federal Operations in accordance with 29 C.F.R. 1614.403, and append a copy of your appeal to your final order. *See* EEOC Management Directive 110, November 9, 1999, Appendix O. .You must also comply with the Interim Relief regulation set forth at 29 C.F.R. § 1614.505.

### *TO THE COMPLAINANT:*

You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision. 29 C.F.R. § 1614.110(a). From the time you receive the agency's final order, you will have thirty (30) days to file an appeal. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

Do not send your appeal to the Administrative Judge. Your appeal must be filed with the Office of Federal Operations at the address set forth below, and you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations. In or attached to your appeal to the Office of Federal Operations, you must certify the date and method by which you sent a copy of your appeal to the agency.

### *WHERE TO FILE AN APPEAL:*

All appeals to the Commission must be filed by mail, hand delivery or facsimile.

### BY MAIL:

16

Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 19848
Washington, D.C. 20036

BY PERSONAL DELIVERY:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
1801 L Street, NW
Washington, D.C. 20507

BY FACSIMILE:

Number: (202) 663-7022

*Facsimile transmissions of more than ten (10) pages will not be accepted.*

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. § 1614.504, an agency's final action that has not been the subject of an appeal to the Commission or a civil action is binding on the agency. If the complainant believes that the agency has failed to comply with the terms of this decision, the complainant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The agency shall resolve the matter and respond to the complainant in writing. If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the agency has complied with the terms of its final action. The complainant may file such an appeal 35 days after serving the agency with the allegations of non-compliance, but must file an appeal within 30 days of receiving the agency's determination. A copy of the appeal must be served on the agency, and the agency may submit a response to the Commission within 30 days of receiving the notice of appeal.

17

RECEIVED

MAR 1 4 2005

CAPITAL METRO AREA LAW OFFICE
U.S. POSTAL SERVICE