UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY CASE
IN THE MATTER OF

| | |
|---|---|
| Wilbert B. Harris )<br>Complainant, )<br>)<br>v. )<br>)<br>John E. Potter, )<br>Postmaster General, )<br>U. S. Postal Service )<br>Capital Metro Operations, )<br>    Agency. )   | Date: February 10, 2003<br><br>Agency Case No. H0-000-0132-02 |

## PARTIAL ACCEPTANCE/PARTIAL DISMISSAL OF FORMAL EEO COMPLAINT

This is the Postal Service's **partial acceptance/partial dismissal** on the above-cited discrimination complaint. The complainant alleged discrimination based on race (Unspecified), age (DOB: 3/19/50) and retaliation (prior EEO activity) when: **(1)** on April 19, 2002, the IAM held a segregated meeting at the Mail Equipment Shop (MES); **(2)** June 12, 13. & 20, 2002, the MES Administration took him off the clock for failing to use power tool to trouble shoot a piece of robotic machinery without proper training; **(3)** July 1, 2002, he was issued a Notice of Proposed Removal for Failure to Follow Instructions to Perform His Assigned Duties and subsequently removed August 30, 2002, **(4)** on July 2, 2002, he was issued a 14-Day Suspension and **(5)** from July 15, 2002 through July 27, 2002, he was denied working overtime.

### A. Partial Acceptance – Issue - #2, 3, 4 & #5

We have received your complaint of discrimination filed on December 11, 2002. A portion of your complaint has been accepted for investigation:

Specific Issue: The complainant alleged discrimination based on race (Unspecified) and retaliation (prior EEO activity) when: **(2)** June 12, 13. & 20, 2002, the MES Administration took him off the clock for failing to use power tool to trouble shoot a piece of robotic machinery without proper training; **(3)** July 1, 2002, he was issued a Notice of Proposed Removal for Failure to Follow Instructions to Perform His Assigned Duties and subsequently, removed effective August 30, 2002, **(4)** on July 2, 2002, he was issued a 14-Day Suspension and **(5)** from July 15, 2002 through July 27, 2002, he was denied working overtime.

If you do not agree with the defined <u>accepted</u> issue(s), you must provide a written response specifying the nature of your disagreement within seven (7) calendar days of receipt of this letter to the Senior EEO Complaints Investigator at U S Postal Service, Office of EEO Compliance and Appeals, United States Postal Service, Capital Metro Operations, P. O. Box 1730, Ashburn, VA 20146-1730. You are reminded that any notification of disagreement with the defined accepted issue(s) is not an opportunity or forum to raise additional, unrelated allegations of discrimination. Unrelated issues must be pursued through established procedures with your local EEO Office.

Your case will be assigned for investigation. Please be prepared to go forward with your case and provide an affidavit when the Investigator contacts you in the near future.

**B. Partial Dismissal – Issue #1**   (See) EEOC Final decision

The investigation will not involve the following issue(s) which you raised in your complaint.

<u>Specific Issue</u>: You alleged discrimination based on race (Unspecified), age (DOB: 3/19/50) and retaliation (prior EEO activity) when: **(1)** on April 19, 2002, the IAM held a segregated meeting at the Mail Equipment Shop (MES). Fragmented

### CASE CHRONOLOGY

Complainant was employed as a Machine Operator for the agency's Mail Equipment Shop located in Washington DC, at the time of the alleged discriminatory action. The record reflects that on April 19, 2002, June 12, 2002 and July 12, 2002, complainant requested pre-complaint processing. On December 5, 2002, complainant was notified of the right to file an individual complaint and subsequently filed a formal complaint on December 11, 2002.

### ANALYSIS AND CONCLUSION

Pursuant to EEOC Regulations found at 29 C.F.R. 1614.107(a)(1), the agency shall dismiss a complaint that fails to state a claim. The regulations provide that an agency may not accept a complaint from a complainant that is not aggrieved. The term "aggrieved" has been interpreted by the courts and the Office of Federal Operations to mean an employee who has suffered a personal loss or harm with respect to a term, condition, or privilege of employment.

Generally, to be aggrieved, complainant must demonstrate that: 1) he suffered an injury, and 2) the agency's allegedly unlawful conduct caused that injury. Additionally, there must be a causal connection between the challenged conduct and the injury. Moreover, the required causal connection will be satisfied only if there is a substantial likelihood that the relief requested will redress the injury. Stated another way, it is clear that unless complainant has suffered a direct and personal deprivation at the hands of the agency, he cannot properly be considered a "person aggrieved" under the Commission's

Regulations and thus is without standing to file a charge based on an alleged discriminatory employment practice.

A review of the record shows that complainant has failed to provide any evidence that would suggest that he suffered a personal loss or harm with respect to a term, condition, or privilege of employment as a result of the alleged management action he cites in this case. There is no evidence that the agency took any disciplinary action against complainant or that he suffered any harm or injury with respect to his employment because of the agency's alleged action.

It should be noted that under EEO regulations, every work-related issue does not constitute a term, condition, or privilege of employment. The central issue is whether complainant can demonstrate that he incurred an actual personal loss or harm and that he personally would benefit in a tangible way from the EEO Commission's intervention.

Clearly, as complainant has failed to show that he was harmed by any alleged adverse management action and complainant would not benefit from the intervention of the Commission, he is not aggrieved within the definitions of the law. Therefore, complainant's allegation as cited above is now dismissed in accordance with 29 C.F.R. 1614.107(a)(1).

You do not have the right to appeal this decision at this time. (See, 29 Code of Federal Regulations, Part 1614.107). A copy of this correspondence will be associated with the investigative file and will become a part of the record of this complaint. You have the right to submit a statement for the record providing your position on this dismissal. You should submit this statement to the Senior EEO Complaints Investigator at the Capital Metro Operations Office. The address for the Capital Metro Operations Office is provided in the attached Certificate of Service. If you disagree with the Postal Service's reasons for dismissing this issue, you may raise your objections with the Administrative Judge in the event that you request a hearing on your complaint or the issue will be decided in the Postal Service's final agency decision on the complaint in the event you do not request a hearing.

The investigation of the accepted issues will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days. Should you seek to amend the complaint, the amendment will extend the time for processing an additional 180 days from the date of the amendment with the total allowable time for processing the complaint and all amendments no more than 360 days.

If you have a grievance pending on the same issue(s) as those addressed in your complaint of discrimination, the agency may, at its discretion, defer the processing of this complaint until the grievance procedure has run its course and there has been a final resolution of the grievance. When an investigation is deferred, pending the outcome of the grievance process, the 180-day time period for processing the complaint is stopped

temporarily, and does not restart until the grievance is resolved. If your complaint is deferred, you will be notified, in writing, of the options which may be available to you as a result.

When the investigation is completed, you will receive a copy of the investigative report, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge or of your right to a final decision by the agency head or designee without a hearing. You may request a final agency decision without a hearing, at the appropriate time, by writing the Manager EEO Dispute Resolution in your local EEO District Office. The address for your local EEO District Office is provided in the attached Certificate of Service.

You may request a hearing by an EEOC Administrative Judge by notifying, in writing, the District Director of the EEOC at the following address:

> ADMINISTRATIVE JUDGE
> EEO COMMISSION
> WASHINGTON FIELD OFFICE
> 1400 L STREET, N.W., SUITE 200
> WASHINGTON, DC 20005-3514

You must make your hearing request within 30 calendar days of your receipt of the investigative report and you must provide the Manager EEO Dispute Resolution with a copy of that hearing request. If you do not receive your investigative report and notification concerning your appeal rights within 180 calendar days from the date on which you filed your formal complaint, you may request a hearing by writing directly to the EEOC District Office shown above, with a copy to the Manager EEO Dispute Resolution, at any time up to 30 calendar days after receipt of the investigative report.

If you are dissatisfied with the Postal Service's final agency decision where there has been no hearing, or with the Postal Service's final action on the decision of an Administrative Judge following a hearing, you have certain appeal rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), at the address shown below, within 30 calendar days of the date of your receipt of the final agency decision or you may file a civil action in the appropriate U. S. District Court within 90 calendar days of your receipt of the decision. You may also appeal a final action by the Postal Service implementing a decision of an Administrative Judge following a hearing within 30 calendar days of the date of your receipt of that final action or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action. Finally, you may respond to an appeal by the Postal Service in connection with its final action not to implement a decision of an Administrative Judge following a hearing or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action and appeal.

Any appeal to the EEOC should be addressed to the Office of Federal Operations, Equal Employment Opportunity Commission, P. O. Box 19848, Washington, D. C. 20036-9848.

Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to the Office of EEO Compliance and Appeals, United States Postal Service, Capital Metro Operations, P. O. Box 1730, Ashburn, VA 20146-1730.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U. S. District Court if the Postal Service has not issued a final decision on your complaint or if no final action has been taken on a decision by an Administrative Judge.

If you decide to appeal to the Office of Federal Operations, EEOC, you may file a civil action in an appropriate U. S. District Court within 90 calendar days after your receipt of the Office of Federal Operation's decision. If you do not receive a decision on your appeal within 180 calendar days from the date of your appeal, you may file a civil action.

Kathleen M. Eley,
Manager, EEO Compliance and Appeals
Capital Metro Operations

Attachment:
   Certificate of Service



# UNITED STATES POSTAL SERVICE
# EQUAL EMPLOYMENT OPPORTUNITY CASE
# IN THE MATTER OF

## Wilbert B. Harris, Complainant
## Agency Case No. H0-000-0132-02

### CERTIFICATE OF SERVICE

I hereby certify that the Agency's Partial Acceptance/Partial Dismissal of Formal EEO Complaint has been sent by regular mail on this date to:

**COMPLAINANT:**
WILBERT B HARRIS
6108 STATE STREET
CHEVERLY MD 20785-3850

**COMPLAINANT'S REPRESENTATIVE:**
PRO SE

| | |
|---|---|
| EEO COMPLAINTS INVESTIGATOR<br>CAPITAL METRO OPERATIONS<br>U S POSTAL SERVICE<br>P O BOX 1730<br>ASHBURN VA 20146-1730 | *MANAGER EEO DISPUTE RESOLUTION*<br>HEADQUARTERS<br>U S POSTAL SERVICE<br>475 L'ENFANT PLAZA SW RM 9431<br>WASHINGTON DC 20260-4135 |

February 10, 2003
Date

_[signature]_
OFFICE OF EEO COMPLIANCE AND APPEALS
U S POSTAL SERVICE
CAPITAL METRO OPERATIONS
P O BOX 1730
ASHBURN VA 20146-1730