# UNITED STATES POSTAL SERVICE

Mail Equipment Shops
Washington, DC 20260-6224

**DATE:** May 07, 2002

**OUR REF:** MES:SS:SOBryant:20260-6224

**SUBJECT:** Step 2 Decision
Union # MES 98-124C

**Certified Mail # 7000 1670 0007 5325 0928**

**TO**

Wilbert Harris
President, MES Local
6108 State Street
Cheverly, MD 20785-3850

In accordance with Article 15, Section 2 of the 1998, National Agreement between the United States Postal Service and the American Postal Workers Union, AFL-CIO, the subject Grievance was last discussed at Step 2 on May 6, 2002.

There were not extensions of time limitations at or before this level.

**Grievance:**
It is the union's contention that Management violated Article(s) 1, 5, 6, 7, 12, 15, and 19. The union contends that the Administration is in violation of the aforementioned article and regulation. While having (2) two union, APWU and the IAM and making IAM the dominate union with regards to employment opportunities and the excessing under article 6, 12

**Corrective Action Requested:**
A consolidation or a termination of the IAM and a make financial remedy for all effective APWU members.

**Step 2 Meeting:**
The union stated that it was its' position that there can only be 1 union in the MES but did not indicate anything to support its' position. They indicated that NLRB did not certify the IAM. They indicate that the APWU were not notified that Management was selecting the IAM to represent Tool & Die. Have 1 union was causing problems with overlapping work. The union presented nothing regarding the timeliness of this grievance.

**Issue(s):**
Management understands the issue(s) in this grievance to be: 1. Is this grievance timely? 2. Was the IAM union properly certified to represent the employees of the Tool & Die Shop. 3. Does having 2 union cause problems with overlapping work?

**Decision:** It is my determination that the APWU presented nothing supporting that this grievance is timely. I therefore find this grievance to be procedurally defective. The APWU presented

nothing reflecting that NLRB not properly certified the IAM nor that there is a problem with overlapping work. Grievance denied.

**The facts in this matter are as follows:**
The records of NLRB will reflect that at some point in time during 1996 or 1997, employees of the Tool & Die Shop petition the NLRB for representation by the IAM union. At this time the employees of the Tool & Die Shop were EAS employees. Legal representation and myself attended the petition hearing for the Postal Service and James Clark and legal representation for the IAM. The APWU was advised of this hearing, but elected not to attend. NLRB approved the petition after which the IAM and the U.S. Postal Service negotiated a contract for the period 1997-2001. The contract was renewed and extended through 2005. The IAM has represented the employees of the Tool & Die Shop (except for 01/26/91-02/01/97) since possibly 1982. Postal record reflect that the APWU has filed but one (1) grievance alleging IAM employees during APWU work and that was October 20, 2000. The decision in that matter is stall pending. This grievance was filed because the union failed to investigate and is a making an allegation without any supporting documentation. Contact with the Local IAM Representative, James Clarke and review of APWU records would have set the APWU straight with regard to IAM certification.

Shelby O. Bryant, Sr.
Supervisor
Support Services

cc:    John L. Worth
       Jessie D. Barrett
       Luther Bell