

UNITED STATES POSTAL SERVICE
475 L'ENFANT PLAZA SW
WASHINGTON DC 20260

November 10, 1993

Wilbert B. Harris
6108 State Street
Cheverly MD 20785-3850

                      Notice of Final Interview
                      Certified No. P417 400 391

Mr. Wilbert B. Harris,

On November 10, 1993 we spoke via telephone concerning your allegation of class discrimination. You stated that men at your facility were discriminated against because of Sex when they were denied the opportunity to receive training for upward mobility. You have requested to resolve your complaint for management to establish a fair and equitable process for upward mobility for all employees including men.

Management stated that there was no discrimination. Management stated that they consider all employees for upward mobility and select those employees which they feel are best qualified.

If you are not satisfied with the results of this counseling, you have the right to file a Formal Complaint. Enclosed are P.S. Forms 2565 and 2579A. All forms are to be completed, signed, and, returned to this office within 15 calendar days of your receipt of this notice. If they are not completed within the 15 day period, your complaint is subject to dismissal.

You may consider this your Notice of Final Interview.

*[signature]*
Naline Hampton
EEO Counselor
Headquarters
Washington, D.C. 20260-4245

- 5 -

EEOC Regulations at 1614.105(a)(2) state that the agency shall extend the 45-day time limit when the individual shows that he or she was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency.

In fact, the evidence of record establishes that complainant has engaged in prior EEO activity in 6Z-000-0003-94; HO-000-0131-94; HO-000-0019-96; HO-000-0123-96; HO-000-0135-96; HO-000-0213-96; HO-000-0020-97; HO-000-0021-97; HO-000-0022-97; HO-000-0050-97; HO-000-0054-97; HO-000-0118-98; HO-000-0157-98; HO-000-0165-98; HO-000-0029-99; HO-000-0092-00; HO-000-0105-00; HO-000-0133-00; HO-000-0001-01; CC-000-0003-01; HO-000-0021-01; HO-000-0054-01; HO-000-0075-01; HO-000-0149-01; HO-000-0024-02; HO-000-0051-02; HO-000-0132-00; and HO-000-0177-03. Thus, it must be found that complainant was clearly aware of the time limits for initiating EEO Counselor contact.

On February 15, 2000, appellant filed a petition for enforcement (PFE) alleging that he had not received any back pay. In a subsequent amendment of his PFE, appellant reported that he had received back pay, including overtime, for the period between his separation and reinstatement, but claimed that his back pay award should also include overtime that he would have worked during the period preceding his removal when he was placed on administrative leave.

On June 14, 2000, *Harris v. U.S. Postal Service*, MSPB Docket Number, DC-0752-99-0082-C-1, the Board GRANTED the appellant's PFE with respect to his overtime claim.

On August 3, 2001, *Harris v. U.S. Postal Service*, MSPB Docket Number, DC-0752-99-0082-X-1, the Board wrote that the agency submitted evidence that it paid the appellant for 116 hours of overtime back pay and interest for the period of administrative