```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

WILBERT B. HARRIS                  )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    Civil Action No. 06-06 RCL
                                   )
POSTMASTER GENERAL OF THE UNITED   )
   STATES POSTAL SERVICE,          )
                                   )
          Defendant.               )
                                   )
_____)
```

DEFENDANT'S OPPOSITION TO "PLAINTIFF'S MOTION FOR SANCTIONS ON ASSISTANT UNITED STATES ATTORNEY W. MARK NEBEKER, AND REQUEST [FOR] PERMISSION TO SUBMIT EVIDENCE FOR <u>RULING IN FAVOR OF THE PLAINTIFF'S TITLE VII COMPLAINT"</u>

Defendant, through undersigned counsel, respectfully opposes "Plaintiff's Motion For Sanctions On Assistant United States Attorney W. Mark Nebeker, And Request [For] Permission To Submit Evidence For Ruling In Favor Of The Plaintiff's Title VII Complaint" (hereinafter "Motion For Sanctions").

In this employment discrimination suit, Defendant filed a Motion to Dismiss Or, In The Alternative, For Summary Judgment on July 19, 2006.  On August 31, 2006, Plaintiff[1] filed the instant Motion For Sanctions[2] without seeking consent or providing the

---

[1] Plaintiff is represented by counsel, David A. Branch, Esq.; however, Plaintiff has also filed a <u>pro</u> <u>se</u> motion to withdraw counsel.  The motion has not yet been acted upon. Nevertheless, Mr. Branch has indicated this date that a copy of this opposition may be served directly on Mr. Harris.

[2] Plaintiff included in the title of the Motion For Sanctions a request to submit unspecified evidence in support of his claim.  Such a request must be made separate from any motion for sanctions. <u>See</u> Fed. R. Civ. P. 11(c)(1)(A) ("A motion for

requisite 21-day advance notice called for by Fed. R. Civ. P. 11(c)(1)(A).

Rule 11(c) specifically sets forth the procedure and the basis for imposing sanctions against a party for making false statements in its pleadings. Fed. R. Civ. P. 11(c). Specifically, a party moving for sanctions must file a motion "made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision [11](b)." In addition, the motion "shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A); accord Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995) (holding that the court was precluded from granting the plaintiff's Rule 11 sanctions motion because the plaintiff failed to serve the motion on the defense counsel, which deprived the defense counsel of the 21 day safe harbor to withdraw or correct the alleged offending conduct); United States v. BCCI Holdings (Luxembourg), S.A., 176 F.R.D. 1, 2 (D.D.C. 1997) (concluding that "the government's letter to petitioners' counsel [was] too tentative to provide the functional equivalent of 'safe harbor' notice"); see also Taylor

---

sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).")

v. Blakey, Civil Action No. 03-0173 RMU, 2006 WL 279103, *5 (D.D.C. Feb. 6, 2006); Naegele v. Albers, 355 F.Supp.2d 129, 144-45 (D.D.C. 2005).

Here, Plaintiff failed to comply with almost every procedure for requesting sanctions under Rule 11(c). First, Plaintiff failed to identify what specific conduct or allegation violated Rule 11.[3/] Second, Plaintiff failed to provide Defendant 21 days within which Defendant would have an opportunity to correct any alleged false statement. Third, Plaintiff failed to file a motion separate from any other motion or request. See Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1323, 1328 (2d Cir. 1995)

---

[3/] Plaintiff has indicated only that undersigned counsel has "made false and dishonest statements when knowing that the Plaintiff's Complaint was a claim of a statutory offense (an issue of segregation)" and that "his evidence is fraudulent specifically the agency's declaration under penalty of perjury regarding the non-filing of a formal complaint with the agency's EEO department." Motion For Sanctions at 1. Plaintiff's Amended Complaint, however relies on several statutes for jurisdiction (Amended Complaint, ¶ 1) and a venue provision separate from that applicable to Title VII. See Amended Complaint, ¶ 2 (citing 28 U.S.C. § 1391(b)); 42 U.S.C. § 2000e-5(f)(3) (the venue provision for Title VII). Moreover, the Amended Complaint makes numerous references to his activities before the Merit Systems Protection Board. See, e.g., Amended Complaint, ¶¶ 13-17. Thus, if Defendant has been over-inclusive in documenting the failings of the Amended Complaint, it was occasioned by the confusion of the Amended Complaint. Similarly, the declaration that Defendant has provided in support of his defenses remains uncontradicted, notwithstanding that Defendant advised Plaintiff of his obligations under Fed. R. Civ. P. 59 and Local Civ. R. 7(h) and 56.1. See Defendant's Motion to Dismiss Or, In The Alternative, For Summary Judgment at 1, fn.1 (citing Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992)). Indeed, although the Court allowed Plaintiff until August 31, 2006, to respond to Defendant's dispositive motion, no opposition has been filed.

(denying a request for sanctions that the movant included in his motion to dismiss); SEC v. Rivlin, Civil Action No. 99-1455, 1999 WL 1455758, at *6 (D.D.C. 1999) (denying Rule 11 sanctions because the motion was added to the end of the amended answer). Accordingly, Plaintiff's motion is improper and should be denied.

WHEREFORE, for all of the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Sanctions.

                        Respectfully submitted,

                        _____
                        KENNETH L. WAINSTEIN, DC Bar #451058
                        United States Attorney

                        _____
                        RUDOLPH CONTRERAS, DC Bar #434122
                        Assistant United States Attorney

                        _____
                        W. MARK NEBEKER, DC Bar #396739
                        Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Opposition to "Plaintiff's Motion For Sanctions On Assistant United States Attorney W. Mark Nebeker, And Request [For] Permission To Submit Evidence For Ruling In Favor Of The Plaintiff's Title VII Complaint" and a proposed order has been made through the Court's electronic transmission facilities and, with the permission of counsel for plaintiff, by mailing copies thereof to:

WILBERT B. HARRIS
6108 State Street
Cheverly, MD  20785

on this 14th day of September, 2006.

```
                              _____
                              W. MARK NEBEKER
                              Assistant United States Attorney
                              Civil Division
                              555 4th Street, N.W.
                              Washington, DC  20530
                              (202) 514-7230
```