# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLOMBIA

Wilbert B. Harris )
)
       Plaintiff, )
)
v. )               Civil Action No. 06-06 RCL
)
Postmaster General of the )
United States Postal Service )
)
       Defendant. )

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS MOTION TO DENY SANCTIONS, PURSUANT TO PLAINTIFF'S MOTION FOR SANCTIONS ON THE ASSISTANT UNITED STATES ATTORNEY, W. MARK NEBEKER

The plaintiff is a novice common layman kept uninformed, uneducated, and under a badge of slavery by the defendant, surely not schooled in the finer points of legal procedures nor was it congress intent for me to be in pursuit to my title VII, however, the plaintiff retained an attorney who failed to pursue the plaintiff's legal objectives

The defendant's representative, Assistant United States Attorney W. Mark

NEBEKER is a representative of the Department of Justice which is a liaison to the

defendant. The Department of Justice grants legal representation to (USPS) officials at its

discretion, but only after it determines that the employee acted within the scope of their

authority, and that such representation would be in the best interest of the United States

(see USPS) Administrative support manual (ASM) 1990 publication (see) chapter11 of

title 18, United States code (USC) regarding conflict of interest and Graft] Attorney W.

Mark NEBEKER represented the defendant at his own peril, and as a result violated

RECEIVED
SEP 2 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(inter-ALIA) Fed. R. CIV. P. 7, and Fed. CIV. P. 11, (see) Civil Action, under Fed. R.

CIV. P. 11, Rule 11 signing of pleadings, motions, and other papers, representations to

court sanctions item 1-4, has been violated by W. Mark NEBEKER, in his defendant's

motion for dismissal or the alternative summary judgment as enumerated (1) The

defendant motion was presented for an improper purpose causing an unnecessary delay

needless increase in cost of litigation and used to harass the plaintiff. (2) The defendant's

motion claims and other legal contentions were not warranted by existing law, but rather

for non-frivolous arguments for extensions, modifications and to reverse existing law in

an effort to establish new law. (3) The defendant's motions of allegations, contentions

were supported by fraudulent evidentiary and if specifically identifying evidence that

support the plaintiff's failure to file a formal EEO complaint was false statements and

fraudulent representation. (4) The defendant's motion denials of factual contentions are

not warranted on the evidence. The assistant United States Attorney W. Mark NEBEKER

chose to initiate motion for one reason, for the entry of fraudulent statements, documents

and representation to conceal and cover up by trick and schemes the following material

facts: The plaintiff contacted the (USPS) EEO Agency's Department counselors on April

19, 2002, to begin the EEO process and subsequently on June 12, 2002; July 12, 2002;

August 8 and the 19th of 2002. The plaintiff received a letter of final interview on

December 2, 2002 on the discrimination claims allegedly discuss during counseling

which includes four (4) individual discrimination claims and one class action

discrimination complaint that involves National Security Interest Issues relating to postal

locks and keys production of arrow locks manufactured by the arrow lock machine,

(ALAM), security  also relevant to the individual complaints as it relates to facility, and

personnel sensitive security clearances. The individuals and class complaint were consolidated without my knowledge under EEO counseling request No. Ho-0132-02. The individual; complaints were filed on the same basis and issues identical to the class complaint regarding race, discrimination, and retaliation. (See) authentic copy of final interview letter attachment (a). The plaintiff filed a formal EEO complaint on the consolidated claims per instructions of the final interview letter. (See) authentic copy of formal EEO complaint attachment (b). (Very important to note) It has two case numbers case number Ho-0132-02 and         case No. CC-0205-03, it was received at Headquarters at 4:24 p.m. on December 11,2002, at bottom of the page, however, was switched to the capital metro on December 16, 2002 for processing under the policy of the senior management committee strategic plan for 1997-2002 and beyond, customer perfect pilot program. (See) General accounting office (GAO) 1994 and 1997 publication also purchasing and material annual report to the board of governors year 1997. The plaintiff received a consolidated partial acceptance / partial dismissal of formal EEO complaint dated February 10, 2003 (see) authentic copy of partial acceptance/partial dismissal letter attachment (c) the above list of attachments are in the record by notice of filings The Assistant W. Mark NEBEKER tried to conceal the above information and the fact that the formal EEO complaint should have been processed pursuant to title 29 C.F.R 1614.204,  as a complaint of class discrimination which requires that individual complaints filed before or after a class complaint is filed, and that comes within the definition of the class claims is not to be dismissed, but rather subsumed within the class complaint at the filing of the formal complaint 1614.204 © (2). But to the contrary the (USPS) EEO agency department processed the formal EEO complaint intentionally, and

continually through 29 C.F.R 1614.105 ©, using the agency's partial dismissal process to separate the claims by fragmentation totally disregarding some claims, while processing selective claims See Cobb v. Department of the treasury, EEOC Request No. 05970077 (March 13,1997) Toole v. Equal Employment Opportunity Commission, EEOC Appeal No. 01964702 (May 22, 1997). Allowing the USPS) Law Department to proceed with the claims partially through both forums the (MSPB) as docket number DC-0752-02-0771-I-2 and EEOC as Agency No. Ho-000-0132-02 (see defendant's summary judgment ) see Agency CC-0205-03 later changed to Agency No. 4k-200-0263-03 which was a separate class complaint decision of denial of No.1claim of segregation that was partially dismissed in the February 10,2003 acceptance letter, and the class discrimination claim in the letter of final interview discussed on August 19, 2002 (see ) Agency  decision letter No. CC-0205-03 also on the plaintiff's formal complaint attachment (d). The fraudulent processing and decision of denial of the Agency's class complaint resulted from the filing of the class claim by the plaintiff and the claim filed at OSHA and the subsequent fraudulent representation by the (USPS) Law Department on July 25, 2002, at the OSHA settlement conference regarding violations of the OSHA-ACT, and of national security interest of the United States, security interest of the MES facility, and the personnel regarding sensitive security clearances. (See) Attorney Steele testimony to the Bar Counsel) And other fraudulent class complaints denied by the Defendant (see) Ho-0149-01. Agency No. CC-0003-01. And Ho-0133-00.

WHEREFORE, for all of the foregoing reasons the Plaintiff respectfully request that the court deny Defendant's motions to deny sanctions.

Respectfully submitted

Certificate Of Service

I HEREBY CERTIFY, that service of the foregoing plaintiff's opposition to defendant's motion to deny sanctions on assistant United States Attorney W. Mark NEBEKER and a proposed order to the court has been mailed via 1st class to

W. Mark NEBEKER
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

On the 22nd day of September, 2006.

Wilbert B. Harris
6108 State Street
Cheverly MD 20785

United States District Court
For The District Of Colombia

Wilbert B. Harris
            Plaintiff                          Civil Action No. 06-06 RCL

        Vs.

Postmaster General Of The United
States Postal Service

            Defendant.

## ORDER

Upon consideration of the defendant's motion to deny sanctions on the Assistant United States Attorney W. Mark NEBEKER, for the reasons stated in opposition to the motion, and based upon the record and notice of filings for the record herein, it is the _____ day of _____ 2006 hereby

    ORDERED that the defendant's motion be and it hereby is denied

                                    _____
                                    United States District Judge

Wilbert B. Harris
6108 State Street
Cheverly MD 20785

W. Mark NEBEKER
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

DISPUTE RESOLUTION SPECIALIST
EEO COMPLIANCE AND APPEALS

**UNITED STATES**
**POSTAL SERVICE**

(A)

Certified Mail No: 7099 3400 0008 5897 0401
Return Receipt Requested

December 2, 2002

WILBERT HARRIS
6108 STATE STREET
CHEVERLY MD  20785-3850

RE:  EEO Counseling Request No. HO-0132-02

This letter constitutes the final interview in your April 19, June 12, July 12, August 8, and August 19, 2002, requests for EEO counseling and provides you the necessary paperwork for filing a formal complaint, should you choose to do so.

In your April 19 paperwork, you alleged discrimination on the basis of race (African American), when on or about April 19, 2002, the International Association of Machinists and Aerospace Workers' Union (I.A.M.) held a segregated meeting at the Mail Equipment Shop (MES).  You also alleged that the process used to excess employees from the MES was discriminatory.

On June 12 you contacted the EEO Office alleging discrimination on the bases of retaliation for prior EEO activity, race (African American); and age, when on June 12, 13, and 20, USPS MES administration took you off the clock for allegedly failing to use a power tool to trouble shoot a piece of robotic machinery without proper training.  You subsequently contacted the EEO Office stating that "retaliation" was the only basis you wanted to claim on this issue.

On July 12 you did not cite a basis for discrimination but alleged that on July 1 and July 2 respectively, you received a Letter of Proposed Removal and a Notice of a 14-Day Suspension for refusing to trouble shoot a piece of robotic machinery.

In your August 8 contact with the EEO Office, you alleged that you were denied overtime during the period that you were on suspension; no basis for discrimination was cited.

On or about August 19, you alleged class discrimination against African Americans stating that the Postal Service has failed to establish a hazardous materials program and training for blacks and minorities at the MES and is subsequently closing the Bag Shop as a result of liability.

Your allegations have not been resolved; therefore, you have the right to file a formal complaint. Enclosed please find a PS Form 2579-A, *Notice of Right to File Individual Complaint.* Please sign the form and return the original to me in the enclosed self-addressed envelope. Also, because you alleged age as a basis for discrimination, despite your subsequent retraction, I have included PS Form 2565-B, *Allegations of Discrimination Based on Age,* which you should also sign and return to me in the enclosed envelope. Retain copies of all forms for your records. Should you decide not to file a formal complaint, please complete Form 2564-C, *Withdrawal of Complaint of Discrimination,* and return it to me.

475 L'ENFANT PLAZA, S.W.
WASHINGTON, DC 20260-4135
(202) 268-8101
FAX: (202) 268-6169



- 2 -

If you choose to file a formal complaint, PS Form 2565, *Formal Complaint of Discrimination in the Postal Service*, is included.  Your formal complaint must be filed (postmarked) within fifteen (15) calendar days of your receipt of this notice.  Your formal complaint must be mailed to the following address:

> U. S. Postal Service
> Office of Compliance and Appeals
> Capital Metro Operations
> PO Box 1730
> Ashburn VA 20146-1730

If you have any questions regarding this notice, please do not hesitate to call.

Sincerely,

Beverly Brown

Beverly Brown

Enclosures

cc:  ERIC STEELE, ESQ.                    Certified Mail No. 7099 3400 0008 5899 1406
     1119 12th ST NW                    Return Receipt Requested
     WASHINGTON, DC  20005-4661

DEC-11-02 04:53 PM W......RT.HARRIS.RES.LOCAL 3.....492 P.02

UC-0205-03

# UNITED STATES POSTAL SERVICE ®

## EEO Complaint of Discrimination in the Postal Service
(See Instructions and Privacy Act Statement on Reverse)

| 1. Name | 2. SSN | 3. Case No. |
|---|---|---|
| Wilbert Billy Harris | 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 | HO-0132-02- |

4a. Mailing Address (Street or P.O. Box)     4b. City, State and ZIP + 4
6108 State St CHeverly MD     CHeverly M.D. 20785

5. Email Address

| 6. Home Phone | 7. Work Phone |
|---|---|
| (301) 773-6108 | (202) 281-2620 |

| 8. Position Title (USPS Employees Only) | 9. Grade Level (USPS Employees Only) | 10. Do You Have Veteran's Preference Eligibility? |
|---|---|---|
| Machine-Operator | Level-5 | ☒ Yes   ☐ No |

11. Installation Where You Believe Discrimination Occurred
(Identify Installation, City, State, and ZIP+4)

MAIL-Equipment SHops

12. Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory

General Manager         Post Master
Ms Jessie Barrett, Mr. John Worth

13a. Name of Your Designated Representative

13b. Title
General Manager - Post-Master

13c. Mailing Address (Street or P.O.)   EEO COMPLIANCE AND APPEALS
U. S. POSTAL SERVICE
DEC 16 2002

13d. City, State and ZIP + 4
Washington, DC 20017

13e. Email Address

13f. Home Phone     13g. Work Phone

*Providing this information will authorize the Postal Service to send important documents electronically*

PROCESSING CENTER
CAPITAL METRO OPERATIONS

14. Type of Discrimination You Are Alleging

☒ Race (Specify):
☐ Color (Specify):
☐ Religion (Specify):
☐ National Origin (Specify):

☐ Sex (Specify):
☐ Age (40+) (Specify):
☒ Retaliation (Specify Prior EEO Activity):
☐ Disability (Specify):

15. Date on Which Alleged Act(s) of Discrimination Took Place

Check The Records

EEO COMPLIANCE AND APPEAL
U. S. POSTAL SERVICE
DEC 16 2002
PROCESSING CENTER
CAPITAL METRO OPERATIONS

16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R. § 1614.106(d)

I have filed several complaints, on each one I depicted Retaliation
And or Discrimination However they Are all Related to Retaliation
due to my Union position and concerted Activities, and they
Are Discriminative due to my Race.

17. What Remedy Are You Seeking to Resolve this Complaint?

I seek Full Restitution of em-
ployment And Back pay (MAKE whole Remedy) If discrimination
is present And or Found, I seek FINANCIAL MAXIMUM Allowed
under EEOC-LAW And or public LAW.

18. Did You Discuss Your Complaint with a Dispute Resolution Specialist
or a REDRESS Mediator?   NOT every One

☐ Yes (Date you received the Notice of Final Interview):   December 7th 2002   ☐ No

| 19a. Signature of Dispute Resolution Specialist | 19b. Date |
|---|---|
| Beverly Sims | 12-02-02 |

20. Signature of Complainant or Complainant's Attorney
Wilbert B Harris

PS Form 2565, March 2001 (Page 1 of 2)

02 DEC 11 PM 4:24

12-21 PM 4:24



 **UNITED STATES POSTAL SERVICE®**

Case No. $HO-0132-02$

## Allegations of Discrimination Based on Age

To: (Full Name, & Address)

WILBERT HARRIS
6108 STATE STREET
CHEVERLY MD 20785-3850

The Age Discrimination in Employment Act (ADEA) of 1967, as amended, prohibits discrimination in employment on the basis of age (40 years or older). The ADEA allows persons claiming age discrimination to go directly to court without going through an agency's administrative complaint procedures. The following information is being provided to you to explain the procedures concerning age discrimination.

If your complaint alleges age discrimination, you may bypass the administrative complaint process by electing not to file a formal complaint and instead filing a civil action in an appropriate U.S. District Court. Before filing suit in U.S. District Court, you must file a notice of intent to sue with the Office of Federal Operations, Equal Employment Opportunity Commission. You must file the notice within 180 calendar days of the date of the alleged discriminatory action. Once you have filed a timely notice of intent to sue with the EEOC, you must wait thirty (30) calendar days before filing a civil action.

A. *Notices of intent to sue must be mailed to the EEOC at the following address:*

> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> OFFICE OF FEDERAL OPERATIONS
> FEDERAL SECTOR PROGRAMS
> P.O. BOX 19848
> WASHINGTON, D.C. 20036-9848

*or delivered to:*

> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> OFFICE OF FEDERAL OPERATIONS
> FEDERAL SECTOR PROGRAMS
> 1801 L STREET, N.W.
> WASHINGTON, D.C. 20507-0001

*or faxed (if no more than 10 pages) to:*

> OFFICE OF FEDERAL OPERATIONS
> FEDERAL SECTOR PROGRAMS
> (202) 663-7022.

B. *The notice of intent to sue should be dated and must contain the following information:*

(1) Statement of intent to file a civil action under section 15(d) of the Age Discrimination in Employment Act of 1967, as amended;
(2) Your name, address, and telephone number;
(3) Name, address, and telephone number of the your designated representative, if any;
(4) Name and location of the Postal facility where the alleged discriminatory action occurred;
(5) Date on which the alleged discriminatory action occurred;
(6) Statement of the nature of the alleged discriminatory action(s); and
(7) Your signature or your representative's signature.

C. If you choose to file a formal EEO complaint, you must exhaust your administrative remedies before you can file a civil action. 29 C.F.R. §1614 provides that you exhaust administrative remedies under the ADEA: (1) 180 days after filing a complaint, if the Postal Service has not taken final action and you have not filed an appeal; or (2) within 90 calendar days after receiving a final action by the Postal Service; or (3) 180 days after filing an appeal with the EEOC if the Commission has not issued a final decision; or (4) within 90 days after receiving the Commission's final decision on appeal.

| Signature of Dispute Resolution Specialist | Date Issued | Your Signature | Date Received |
|---|---|---|---|
| *Beverly Brown* | 12-02-02 | | |

PS Form 2565-B, March 2001

**UNITED STATES POSTAL SERVICE®**

## Notice of Right to File Individual Complaint

TO: Name (First, MI, Last)

Wilbert B. Harris

Case No.

HO-0132-02

This notice will attest to the fact that on _____, I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, if you retain one to represent you. I am providing you with PS Form 2565, EEO Complaint of Discrimination in the Postal Service, for this purpose. The complaint must be delivered to:

> U.S. Postal Service
> Office of Compliance and Appeals
> Capital Metro Operations
> P.O. Box 1730
> Ashburn, VA  20146-1730

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

1. Your name, address, position, and level;

   ■ If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals, in your area. (If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service, you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)

2. The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;

3. The specific type of discrimination alleged, e.g. race – African American, sex - female, etc.;

   ■ If you allege disability discrimination, the alleged disability must be more than a temporary condition.
   ■ If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred

4. A brief statement of the facts that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.

   ■ If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
   ■ If you allege retaliation, you must show a connection between the action at issue in the complaint your are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

5. The name of the EEO Dispute Resolution Specialist who provided you with this notice and the date you received this Notice of Right to File

### Privacy Act Notice

Privacy Act Notice. The collection of this information is authorized by The Equal Employment Opportunity Act of 1972; 42 U.S.C. § 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 633a; the Rehabilitation Act of 1973 as amended, 29 U.S.C. § 794a; and Executive Order 11478 as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which USPS is a party of has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations,

contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date | Your Signature | Date Received |
|---|---|---|---|
| | 12-12-02 | W. B. Harris | 12-11-02 |

Dispute Resolution Specialist: If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested

PS Form 2579-A, March 2001



### UNITED STATES POSTAL SERVICE
### EQUAL EMPLOYMENT OPPORTUNITY CASE
### IN THE MATTER OF

**Wilbert B. Harris, Complainant**
**Agency Case No. H0-000-0132-02**

### CERTIFICATE OF SERVICE

I hereby certify that the Agency's Partial Acceptance/Partial Dismissal of Formal EEO Complaint has been sent by regular mail on this date to:

**COMPLAINANT**:
WILBERT B HARRIS
6108 STATE STREET
CHEVERLY MD 20785-3850

**COMPLAINANT'S REPRESENTATIVE:**
PRO SE

EEO COMPLAINTS INVESTIGATOR
CAPITAL METRO OPERATIONS
U S POSTAL SERVICE
P O BOX 1730
ASHBURN VA  20146-1730

**MANAGER EEO DISPUTE RESOLUTION**
HEADQUARTERS
U S POSTAL SERVICE
475 L'ENFANT PLAZA SW RM 9431
WASHINGTON DC 20260-4135

February 10, 2003
Date

OFFICE OF EEO COMPLIANCE AND APPEALS
U S POSTAL SERVICE
CAPITAL METRO OPERATIONS
P O BOX 1730
ASHBURN VA  20146-1730

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF

|  |  |
|---|---|
| Wilbert B. Harris<br>Complainant,<br><br>v.<br><br>John E. Potter,<br>Postmaster General,<br>U. S. Postal Service<br>Capital Metro Operations,<br>    Agency. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Date: February 10, 2003<br><br>Agency Case No. H0-000-0132-02 |

### PARTIAL ACCEPTANCE/PARTIAL DISMISSAL OF FORMAL EEO COMPLAINT

This is the Postal Service's **partial acceptance/partial dismissal** on the above-cited discrimination complaint. The complainant alleged discrimination based on race (Unspecified), age (DOB: 3/19/50) and retaliation (prior EEO activity) when: **(1)** on April 19, 2002, the IAM held a segregated meeting at the Mail Equipment Shop (MES); **(2)** June 12, 13. & 20, 2002, the MES Administration took him off the clock for failing to use power tool to trouble shoot a piece of robotic machinery without proper training; **(3)** July 1, 2002, he was issued a Notice of Proposed Removal for Failure to Follow Instructions to Perform His Assigned Duties and subsequently removed August 30, 2002, **(4)** on July 2, 2002, he was issued a 14-Day Suspension and **(5)** from July 15, 2002 through July 27, 2002, he was denied working overtime.

#### A. Partial Acceptance – Issue - #2, 3, 4 & #5

We have received your complaint of discrimination filed on December 11, 2002. A portion of your complaint has been accepted for investigation:

Specific Issue: The complainant alleged discrimination based on race (Unspecified) and retaliation (prior EEO activity) when: **(2)** June 12, 13. & 20, 2002, the MES Administration took him off the clock for failing to use power tool to trouble shoot a piece of robotic machinery without proper training; **(3)** July 1, 2002, he was issued a Notice of Proposed Removal for Failure to Follow Instructions to Perform His Assigned Duties and subsequently, removed effective August 30, 2002, **(4)** on July 2, 2002, he was issued a 14-Day Suspension and **(5)** from July 15, 2002 through July 27, 2002, he was denied working overtime.



- 2 -

If you do not agree with the defined accepted issue(s), you must provide a written response specifying the nature of your disagreement within seven (7) calendar days of receipt of this letter to the Senior EEO Complaints Investigator at U S Postal Service, Office of EEO Compliance and Appeals, United States Postal Service, Capital Metro Operations, P. O. Box 1730, Ashburn, VA 20146-1730. You are reminded that any notification of disagreement with the defined accepted issue(s) is not an opportunity or forum to raise additional, unrelated allegations of discrimination. Unrelated issues must be pursued through established procedures with your local EEO Office.

Your case will be assigned for investigation. Please be prepared to go forward with your case and provide an affidavit when the Investigator contacts you in the near future.

### B. Partial Dismissal – Issue #1

The investigation will not involve the following issue(s) which you raised in your complaint.

Specific Issue:   You alleged discrimination based on race (Unspecified), age (DOB: 3/19/50) and retaliation (prior EEO activity) when: **(1)** on April 19, 2002, the IAM held a segregated meeting at the Mail Equipment Shop (MES).

### CASE CHRONOLOGY

Complainant was employed as a Machine Operator for the agency's Mail Equipment Shop located in Washington DC, at the time of the alleged discriminatory action. The record reflects that on April 19, 2002, June 12, 2002 and July 12, 2002, complainant requested pre-complaint processing. On December 5, 2002, complainant was notified of the right to file an individual complaint and subsequently filed a formal complaint on December 11, 2002.

### ANALYSIS AND CONCLUSION

Pursuant to EEOC Regulations found at 29 C.F.R. 1614.107(a)(1), the agency shall dismiss a complaint that fails to state a claim. The regulations provide that an agency may not accept a complaint from a complainant that is not aggrieved. The term "aggrieved" has been interpreted by the courts and the Office of Federal Operations to mean an employee who has suffered a personal loss or harm with respect to a term, condition, or privilege of employment.

Generally, to be aggrieved, complainant must demonstrate that:  1) he suffered an injury, and 2) the agency's allegedly unlawful conduct caused that injury.  Additionally, there must be a causal connection between the challenged conduct and the injury. Moreover, the required causal connection will be satisfied only if there is a substantial likelihood that the relief requested will redress the injury.  Stated another way, it is clear that unless complainant has suffered a direct and personal deprivation at the hands of the agency, he cannot properly be considered a "person aggrieved" under the Commission's



- 3 -

Regulations and thus is without standing to file a charge based on an alleged discriminatory employment practice.

A review of the record shows that complainant has failed to provide any evidence that would suggest that he suffered a personal loss or harm with respect to a term, condition, or privilege of employment as a result of the alleged management action he cites in this case.   There is no evidence that the agency took any disciplinary action against complainant or that he suffered any harm or injury with respect to his employment because of the agency's alleged action.

It should be noted that under EEO regulations, every work-related issue does not constitute a term, condition, or privilege of employment.  The central issue is whether complainant can demonstrate that he incurred an actual personal loss or harm and that he personally would benefit in a tangible way from the EEO Commission's intervention.

Clearly, as complainant has failed to show that he was harmed by any alleged adverse management action and complainant would not benefit from the intervention of the Commission, he is not aggrieved within the definitions of the law.    Therefore, complainant's allegation as cited above is now dismissed in accordance with 29 C.F.R. 1614.107(a)(1).

You do not have the right to appeal this decision at this time. (See, 29 Code of Federal Regulations, Part 1614.107).  A copy of this correspondence will be associated with the investigative file and will become a part of the record of this complaint.  You have the right to submit a statement for the record providing your position on this dismissal.  You should submit this statement to the Senior EEO Complaints Investigator at the Capital Metro Operations Office.  The address for the Capital Metro Operations Office is provided in the attached Certificate of Service.  If you disagree with the Postal Service's reasons for dismissing this issue, you may raise your objections with the Administrative Judge in the event that you request a hearing on your complaint or the issue will be decided in the Postal Service's final agency decision on the complaint in the event you do not request a hearing.

The investigation of the accepted issues will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days.  Should you seek to amend the complaint, the amendment will extend the time for processing an additional 180 days from the date of the amendment with the total allowable time for processing the complaint and all amendments no more than 360 days.

If you have a grievance pending on the same issue(s) as those addressed in your complaint of discrimination, the agency may, at its discretion, defer the processing of this complaint until the grievance procedure has run its course and there has been a final resolution of the grievance.  When an investigation is deferred, pending the outcome of the grievance process, the 180-day time period for processing the complaint is stopped

- 4 -



temporarily, and does not restart until the grievance is resolved. If your complaint is deferred, you will be notified, in writing, of the options which may be available to you as a result.

When the investigation is completed, you will receive a copy of the investigative report, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge or of your right to a final decision by the agency head or designee without a hearing. You may request a final agency decision without a hearing, at the appropriate time, by writing the Manager EEO Dispute Resolution in your local EEO District Office. The address for your local EEO District Office is provided in the attached Certificate of Service.

You may request a hearing by an EEOC Administrative Judge by notifying, in writing, the District Director of the EEOC at the following address:

> ADMINISTRATIVE JUDGE
> EEO COMMISSION
> WASHINGTON FIELD OFFICE
> 1400 L STREET, N.W., SUITE 200
> WASHINGTON, DC 20005-3514

You must make your hearing request within 30 calendar days of your receipt of the investigative report and you must provide the Manager EEO Dispute Resolution with a copy of that hearing request. If you do not receive your investigative report and notification concerning your appeal rights within 180 calendar days from the date on which you filed your formal complaint, you may request a hearing by writing directly to the EEOC District Office shown above, with a copy to the Manager EEO Dispute Resolution, at any time up to 30 calendar days after receipt of the investigative report.

If you are dissatisfied with the Postal Service's final agency decision where there has been no hearing, or with the Postal Service's final action on the decision of an Administrative Judge following a hearing, you have certain appeal rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), at the address shown below, within 30 calendar days of the date of your receipt of the final agency decision or you may file a civil action in the appropriate U. S. District Court within 90 calendar days of your receipt of the decision. You may also appeal a final action by the Postal Service implementing a decision of an Administrative Judge following a hearing within 30 calendar days of the date of your receipt of that final action or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action. Finally, you may respond to an appeal by the Postal Service in connection with its final action not to implement a decision of an Administrative Judge following a hearing or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action and appeal.

Any appeal to the EEOC should be addressed to the Office of Federal Operations, Equal Employment Opportunity Commission, P. O. Box 19848, Washington, D. C. 20036-9848.



- 5 -

Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to the Office of EEO Compliance and Appeals, United States Postal Service, Capital Metro Operations, P. O. Box 1730, Ashburn, VA 20146-1730.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U. S. District Court if the Postal Service has not issued a final decision on your complaint or if no final action has been taken on a decision by an Administrative Judge.

If you decide to appeal to the Office of Federal Operations, EEOC, you may file a civil action in an appropriate U. S. District Court within 90 calendar days after your receipt of the Office of Federal Operation's decision. If you do not receive a decision on your appeal within 180 calendar days from the date of your appeal, you may file a civil action.

Kathleen M. Eley,
Manager, EEO Compliance and Appeals
Capital Metro Operations

Attachment:
    Certificate of Service



**U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**WASHINGTON FIELD OFFICE**
**1400 L Street, N.W., Suite 200**
**Washington, D.C. 20005**

| | |
|---|---|
| William B. Harris, ) | |
|     Class Agent, ) | EEOC No. 100-A3-7523X |
| ) | Agency No. CC-0205-03 |
| v. ) | |
| ) | |
| John E. Potter, Postmaster General, ) | |
| U.S. Postal Service, ) | |
|     Agency. ) | |
| ) | |

## DECISION

**I. Introduction:**

    Wilbert B. Harris (African American), a Machine Operator, level 5, at the Mail

Equipment Shop, contacted an equal employment opportunity (EEO) counselor alleging race

(African American) discrimination when the Agency closed the "Bag Shop" pending a liability

for failure to establish a hazardous materials program and training as required by "OSH-Act of

1970." Complainant alleged that African Americans and persons of color were affected by this

action because they were the only ones placed in the Bag Shop. Complainant also alleged

discrimination on the basis of race (African American) and in retaliation for his Union activities

when the International Association of Machinists and Aerospace Worker's Union (IAM) held a

segregated meeting at the Mail Equipment Shop (MES); and when the Agency took him off the

clock for failure to properly used a power tool to troubleshoot a robotic machinery, issued him a

14-day proposed suspension, and denied him overtime.

    The EEO Counselor failed to resolve this matter and, thereafter, the Class Agent filed a

formal class action complaint. The Agency sent the complaint here for a determination as to

whether the class complaint should be accepted or rejected.  On June 17, 2003, I issued the parties a Request for Information on Class Certification.  Both parties submitted answers to my request for information.[1]

## II. Issue:

Does the instant complaint satisfy the requirements of 29 C.F.R. § 1614.204 (2001) et seq. of the EEOC regulations?

## III. Conclusion:

Based on the evidence of record, I conclude that the Class Agent failed to satisfy the prerequisites of commonality and typicality.

## IV. Analysis:

EEOC regulations at 29 C.F.R. § 1614.204 (a) et seq. permit class complaints of discrimination concerning an agency personnel management policy or practice that the agency has authority to rescind or modify.  Under 29 C.F.R. § 1614.204(a)(2), a class complaint is defined as a written complaint of discrimination filed on behalf of the class by the Agent alleging that: (1) The class is so numerous that a consolidated complaint of the members of the class is impractical; (2) There are questions of fact common to the class; (3) The claims of the Agent of the class are typical of the class; and, (4) The Agent of the class, or the class representative, if any, will fairly and adequately protect the interest of the class.  Furthermore, 29 C.F.R. §1614.204(d)(2) provides that a complainant can be dismissed because it does not meet any one of the prerequisites of a class complaint under 29 C.F.R. § 1614.204 (a)(2), or for any of the

---

[1] I note that the Class Agent's did not respond to my Request for Information beyond restating his claim.

2

reasons listed in 29 C.F.R. § 1614.107 (failure to state a claim, failure to comply with the applicable time limits, etc.).

A. Elements for Class Certification

The prerequisites set out in 29 C.F.R. § 1614.204(a)(2) and (d)(2) are based on Rule 23 of the Federal Rules of Civil Procedure, and the definitions, scope and criteria for rejection of class complaints under Part 1614 are intended to conform as closely as possible with Rule 23. See  42 Fed. Reg. 11808 (1977).

In the instant case, the Class Agent's complaint lacks specificity in spite of my Request For Information. A review of the record reveals that this complaint fails to satisfy the commonality and typicality requirements of the regulations.   It has clearly been established that when the Class Agent fails to establish one of the requirements for a class complaint class certification cannot be obtained. See Coleman v. Cannon Oil Co., 141 F.R.D. 516 (M.D. Ala. 1992). Therefore, below I will only discuss why this class complaint fails to meet the requirements of commonality and typicality.

1. Commonality

The commonality and typicality requirements of Rule 23 are clearly related.  Both serve as guideposts for determining whether a class action is judicially economical and whether the Class Agent's claims are so interrelated that the interests of the class will be fairly represented. Those requirements, therefore, also tend to merge with the adequacy-of-representation requirement. General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, n. 12 (1982). However, commonality also has its own meaning, in that commonality requires questions of fact common to the class.  As such, in order to find that there is a class of persons asserting claims

3

appropriate for class adjudication under Title VII of the Civil Rights Act, there must not only be

a class to which the Class Agent belongs, but, in order to be appropriate, this class must have

questions of fact common to its members.

The criteria for analysis of commonality of fact have been described as follows:

1. The nature of the challenged employment practice - does it affect a few or does it have

class-wide impact?

2. The uniformity of the purported class and the members' claims likely involve common

factual questions? Bartelson v. Dean Witter & Co., Inc., 86 F.R.D. 657, 23 E.P.D. 30, 962

(E.D.Pa. 1980), Falcon, 457 U.S. at 157-59.

Resolution of the question of commonality requires a determination whether there are

such differences between the Class Agent and the other members of the class as to make it likely

that there would not be questions of fact common to the claims of the Agent and the other class

members. The Class Agent alleges generally that the class members were profiled to be placed in

the Bag Shop, and then the shop was closed when the Agency failed to establish a hazardous

materials program and training. However, since the Class Agent has failed to identify any

specific agency practice that has had a discriminatory effect or impact on this alleged class. He

cannot meet the essential requirements of class prerequisites of commonality and typicality.

To meet these requirements a Class Agent must show how they can bridge the gap

between their individual claims and the existence of a class which has the same interest and has

suffered the same injury. Falcon, 457 U.S. at 157; Gonzalez v. Brady, 136 F.R.D. 329, 331 (D.

D.C. 1991); see also Ross v. Nikko Securities Co. Int'l Inc., 133 F.R.D. 96 (S.D.N.Y. 1990).

Class Agents cannot "simply leap from the premise that they were the victims of discrimination

4



to the position that others must also have been." <u>Gonzalez</u>, 136 F.R.D. at 331 (quoting <u>Morrison</u> <u>v. Booth</u>, 763 F.2d 1366, 1371 (11th Cir. 1985). In the instant case, the Class Agent has failed to "bridge the gap" between his vague claim that African Americans were profiled when the Bag Shop was closed. He failed to identify what specific practice has been applied disparately or has had a disparate impact on the class. To satisfy the burden of proving commonality, a Class Agent must do more than simply allege the existence of a vague theory of discrimination without delineating any specific policy. He must identify some reasonable basis beyond conjecture or suspicion to support his allegations. Generally in class cases, once a policy and, or practice is identified discrimination is established through a statistical showing, accompanied by some anecdotal evidence. <u>Teamsters v. United States</u>, 431 U.S. 324 (1977).

      2. <u>Typicality</u>

As noted, the commonality and typicality requirements of Rule 23(a) and the Commission's regulations tend to merge. <u>Falcon</u>, 457 U.S. at 157 n. 13. Typicality, however, has an independent meaning, in that it is the factor used to screen out those class actions in which the position of the Class Agent is significantly different from that of the members of the class. The Rule 23 requirements effectively limit the class claims to those fairly encompassed by the named Agent's claims. <u>Falcon</u>, 457 U.S. at 157-58. The Class Agent must be part of the class and possess substantially the same interest and suffer substantially the same injury as the class members. The typicality requirement serves to assist in the determination of whether the claim of the Class Agent and those of the class members are so interrelated that the interest of all the class members will be protected.

5



As discussed <u>supra</u>, in the context of the commonality requirement, the Class Agent has failed to identify any specific employment practice or policy which has had a discriminatory effect or impact on the putative class. Therefore, he is unable to establish he possesses the same interest as the class he seeks to represent and, therefore, fails to meet the typicality requirement.

Accordingly, I find that the Class Agent failed to establish that the instant complaint should be certified as a class complaint.

B. Other matters

The Class Agent indicated that he contacted an EEO counselor on or about August 9, 2002. He, however, does not indicate when the Bag Shop was closed. Under these circumstances, as the Agency properly asserts in its Response on Class Certification, the Agent has not shown that he timely contacted a counselor within the 45 days of the Bag Shop's closure. *See* 29 C.F.R.§1614.107.

In addition, the Class Agent's claims of retaliation because of his union activities are not within the purview of his Commission. *See* 29 C.F.R.§ 1614.103.

July 31, 2003

*Gladys O. Collazo*

Gladys O. Collazo
Administrative Judge

## NOTICE

Pursuant to the Equal Employment Opportunity Commission regulation, 29 C.F.R § 1614.204(d)(7), the Agency shall take final action on this decision by issuing a final order within 40 days of receipt of this decision. The final order shall notify the agent whether or not the agency will implement the Administrative Judge's decision. If the final order does not implement the decision of the Administrative Judge, the agency shall simultaneously appeal the Administrative Judge's decision in accordance with § 1614.403 and append a copy of the appeal to the final order.

The dismissal of a class complaint shall inform the agent either that the complaint is



being filed on that date as an individual complaint of discrimination and will be processed under sub-part A or that the complaint is also dismissed as an individual complaint in accordance with 29 C.F.R. § 1614.107. In addition, it shall inform the agent of the right to appeal the dismissal of the class complaint to the Equal Employment Opportunity Commission and shall include EEOC Form 573, Notice of Appeal/Petition.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

> Director
> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 19848, Washington, D.C. 20036
> Fax No. (202)663-7022

Facsimile transmissions over 10 pages will not be accepted.

For further guidance regarding appeals, the parties may consult 29 C.F.R. § 1614.401 et seq. and Chapter 10 of the Commission's Management Directive-110. These documents are available on the EEOC's website at EEOC.GOV.

### COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. § 1614.504, an Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. If the complainant believes that the Agency has failed to comply with the terms of its final action, the complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within 30 calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If the complainant is not satisfied with the Agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. The complainant may file such an appeal within 30 calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least 35 calendar days after complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within 30 calendar days of receiving the notice of appeal.

Finally, the Agency is reminded that all notices to the agent concerning her statutory rights to file a civil action, and all other documents, information sheets and the like concerning the processing of complaints within the particular agency, include the identity of the appropriate head of the department or agency against whom, in his/her official capacity, a civil action may be commenced.