UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILBERT B. HARRIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-06 RCL |
| ) | |
| POSTMASTER GENERAL OF THE UNITED ) | |
| STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

DEFENDANT'S OPPOSITION TO "PLAINTIFF'S MOTION IN
OPPOSITION TO DEFENDANTS [SIC] MOTION TO DENY SANCTIONS,
PURSUANT TO PLAINTIFF'S MOTION FOR SANCTIONS ON THE
ASSISTANT UNITED STATES ATTORNEY, W. MARK NEBEKER"

Defendant, through undersigned counsel, respectfully opposes "Plaintiff's Motion In Opposition To Defendants [Sic] Motion To Deny Sanctions, Pursuant To Plaintiff's Motion For Sanctions On The Assistant United States Attorney, W. Mark Nebeker." ("Plaintiff's Motion In Opp.").[1]

Plaintiff persists in seeking sanctions for what he claims was counsel's effort to "conceal" information regarding whether he exhausted administrative remedies regarding his termination from the Postal Service. Counsel relied on the declaration presented with Defendant's dispositive motion filed on July 19,

---

[1] Plaintiff's Motion In Opp. was docketed as a reply to Defendant's Opposition To "Plaintiff's Motion For Sanctions On Assistant United States Attorney W. Mark Nebeker, And Request [For] Permission To Submit Evidence For Ruling In Favor Of The Plaintiff's Title VII Complaint," although Plaintiff's document raises new matters not addressed in the Defendant's opposition and is captioned as a motion. Because these new matters warrant a response, Defendant files this opposition.

2006.  See Declaration of Patricia Morgese Richter, ¶ 2.[2/] Plaintiff attempts to find support for his claim that he timely raised the termination issue in a February 10, 2003 Notice in Agency Case No. H0-000-0132-02 titled "Partial Acceptance/Partial Dismissal Of Formal EEO Complaint." (copy attached to Plaintiff's Motion In Opp.)[3/].  What Plaintiff has failed to note is that at about that same time, he advised the agency in writing that he "never filed an EEO Complaint on my 08-30-2002 Termination, Those EEO's were in Regards to the Removals in the month of July, I was Removed from my job on (7) occassion [sic], and issued a propose [sic] removal."  See February 6, 2003 Facsimile Transmittal (Exhibit 1).  Plaintiff also fails to note that the February 10, 2003 Notice was superceded by a similar notice, apparently recognizing Plaintiff's distinction that he was complaining about a proposal to remove him, rather than the removal itself.  See

---

[2/]  The Declaration specifically noted that it was based on a review of the EEO Complaint filed after Plaintiff's termination on August 30, 2002.  The last page of the attachments to Plaintiff's September 5, 2006 Notice of Filing reveals that Plaintiff has filed at least twenty-eight (28) EEO Complaints.  Thus, it is understandable that Ms. Richter would look at those post-dating the event about which Plaintiff was complaining, his August 30, 2002 termination.

[3/]  Defendant notes that Plaintiff's EEO Complaint asserted no claim of retaliation based on prior EEO activity, but rather "Retaliation due to my union position and concerted activity. . ."  December 2, 2002 EEO Complaint of Discrimination in the Postal Service (copy attached to Plaintiff's Motion In Opp.).  In that same document, Plaintiff admitted that he had not discussed each of his complaints with a dispute resolution specialist.  Id.

February 27, 2003 Notice (Exhibit 2). This superceding notice advised that Plaintiff's proposal to remove claim, as clarified by him on February 6, 2003, would be dismissed for at least two reasons:

> Pursuant to EEOC Regulations at 29 C.F.R. 1614.107(a)(1), the agency shall dismiss a complaint or portion of a complaint that alleges that a proposal to take a personnel action or other preliminary step to taking a personnel action, is discriminatory."
>
> * * *
>
> In accordance with EEOC regulations found at 29 C.F.R. 1614.107(a)(4), the agency shall dismiss a complaint or portion of a complaint where the complainant has raised the matter in an appeal to the MSPB.
>     By appeal dated August 26, 2002, and received by the MSPB on August 26, 2002, complainant appealed his letter of Decision/Removal, from the agency to the Merit Systems Protection Board (MSPB). The MSPB acknowledged receipt of the complainant's appeal by acknowledgement order dated September 5, 2002, which identified complainant's appeal as Docket Number DC-0752-02-0771-I-1.

Exhibit 2 at 3-4.

In short, if Plaintiff ever did raise his termination in the EEO process, he withdrew the claim and opted instead to proceed before the MSPB on the claim. Id. If there was confusion, it was occasioned by Plaintiff's own written representations dated February 6, 2003 (Exhibit 1).

In any event, Plaintiff has not excused his failure to comply with the requirements of Fed. R. Civ. P. 11(a). And, for the reasons set forth in Defendant's Opposition to "Plaintiff's

Motion For Sanctions On Assistant United States Attorney W. Mark Nebeker, And Request [For] Permission To Submit Evidence For Ruling In Favor Of The Plaintiff's Title VII Complaint," filed September 14, 2006, and as set forth herein, Plaintiff's repeated efforts to secure sanctions should be rejected and Defendant's as yet unopposed motion to dismiss or, in the alternative, for summary judgment should be granted.

   WHEREFORE, for all of the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's requests for sanctions.

                              Respectfully submitted,


                              _____
                              JEFFREY A. TAYLOR, DC Bar #498610
                              United States Attorney


                              _____
                              RUDOLPH CONTRERAS, DC Bar #434122
                              Assistant United States Attorney


                              _____
                              W. MARK NEBEKER, DC Bar #396739
                              Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Defendant's Opposition To "Plaintiff's Motion In Opposition To Defendants [Sic] Motion To Deny Sanctions, Pursuant To Plaintiff's Motion For Sanctions On The Assistant United States Attorney, W. Mark Nebeker" and a proposed order has been made through the Court's electronic transmission facilities and, with the permission of counsel for plaintiff, by mailing copies thereof to:

WILBERT B. HARRIS
6108 State Street
Cheverly, MD  20785

on this 28th day of September, 2006.

_____
W. MARK NEBEKER
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230