UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

RECEIVED
OCT - 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WILBERT B. HARRIS           )
                            )
            Plaintiff,      )
v.                          )   Civil Action No. 06-06 RCL
                            )
POSTMASTER GENERAL OF THE   )
UNITED STATES POSTAL SERVICE)
                            )
            Defendant.      )
_____)

## PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION IN OPPOSITION TO PLAINTIFF'S [SIC] MOTION TO DENY SANCTIONS, PURSUANT TO PLAINTIFF'S MOTION FOR SANCTIONS ON THE ASSISTANT UNITED STATES ATTORNEY W. MARK NEBEKER, AND OPPOSITION TO DISMISSAL, OR IN THE ALTERNATIVE FOR SUMMARY JUDGEMENT

The Plaintiff, Pro-Se, respectfully opposes Defendant's Motion in Opposition to Plaintiff [SIC] Motion to Deny Sanctions Pursuant to Plaintiff's Motion for Sanctions on the Assistant United States Attorney W. Mark Nebeker, and Opposition to Dismissal, or in the Alternative for Summary Judgment.

Plaintiff seeks sanctions for the reasons in the Defendants previous motions and the current opposition motion on facts regarding the defendant's document dated December 2, 2002, which was generated late in the process regarding the filings of EEO pre-complaints versus amending claims, and not referring to the plaintiffs EEO formal complaint. The document stemmed from an August 8, 2002 telephone conversation with EEO counselor, Ms. Brown about an issue of overtime and the anticipation of a removal. After a request, Plaintiff was denied a form by the counselor to file a pre-complaint on the overtime issue as Plaintiff had previously done with a Letter of Proposed Removal

See (attached) and Plaintiff was told "that I could tell her about the issue and/or simply write the allegation and fax it to her," and that the removal issue having already filed a pre-complaint on the proposed removal she would only need the letter of decision removal action by the agency. (See Attachment A (6 pages).) The pre-complaint on issue no.2 of the final interview letter dated December 2, 2002, (the backside) of the pre-complaint letter alludes to the discussion we had regarding the pre-complaint versus amending claims. (See Attachment B (1 page) regarding the issue of overtime, and Attachment C (4 pages) on Plaintiff's submission of his Letter of Decision Removal to the counselor as requested.) There were no pre-complaints filed on the overtime or removal issue. However, Plaintiff was issued a form to file the Class complaint subsequent to the filing of the OSHA complaint listed in the final interview letter dated December 2, 2002 (see Attachment D). Moreover, note the defendant's document dated February 6, 2003, clearly depicting those EEOs indicating more than one referring to previous pre-complaints (see attachment E).

The Defendant's document dated February 27, 2003 is a fraudulent representation of material facts. This is a document that the defendant knowingly contains materially false and fraudulent statements regarding the superceding notice that advised the Plaintiff of the proposal to remove the claims and would be dismissed for at least two reasons pursuant to EEOC regulations. The Defendant's version of the EEOC regulations at 29 C.F.R. 1614.107(a)(1) is totally, intentionally distorted to cover up material facts. This regulation clearly refers to the failure to state a claim, and 29 C.F.R. 1614.107(a)(4) refers to the election process of an appeal as to whether the complainant elected to file with the Agency or the MSPB, not applicable to appeals or claims being raised. The

defendant's EEO agency used this and other regulations to fragment the claims. Notwithstanding the fact that these were partial dismissals that are preserved and cannot be treated as separate complaints but rather treated as part of the first claim (see 1614.107(b)). The Defendant's alleged language appears to be from 1614.107(a)(5) which applies to the Plaintiff's Proposed Removal and subsequent Decision Removal (see Attachment with correct language of the EEOC regulations at 29 C.F.R. 1614.107(a)(1) (Attachment 5) and the EEOC regulations found at 29 C.F.R. 1614.107(a)(4)).

The alleged reasons by the defendant to dismiss the Plaintiffs complaint is totally distorted, fraudulent and makes a mockery of the EEOC regulations. The Plaintiff filed a formal EEO complaint with the agency on December 11, 2002, and therefore could not have appeal his letter of decision removal from the agency to the MSPB on August 26, 2002. Moreover, when the Plaintiff filed his formal EEO complaint with the agency, there were no appeals before the MSPB from the Plaintiff nor did the Plaintiff at anytime sign a Form 2564 withdrawing his EEO formal complaint. Further to the defendants alleged dismissal, the defendant in an attempt to get the Plaintiff to abandon his Title VII resulted in a scheme to trick the Plaintiff to raising a partial dismissal in an alternative forum urging him to bring the allegation of discrimination contained in the dismissed complaint to the attention of the MSPB as part of his appeal to the Board Pursuant to 5 C.F.R. 1201.155. However, this regulation depicts the procedure for remanding the allegation of discrimination back to the Agency, which is redundant. (See Section 1001, Title 18 of the U.S.C.). The confusion in the instant case is the results of (Inter-Alia), the Defendant's EEO Agency counselors, Agents, and Representatives' failure to comply

with the EEOC regulations contained in 29 C.F.R. Part 1614 pursuant to the fairness and efficiency of the processing of Individual and Class complaints in an effort to conceal the defendants discriminative socioeconomic policy that denies affirmative action (see Policy). These intentional harmful error was prejudicial to the Plaintiff's formal EEO complaint causing the complaint to be improperly and untimely processed allowing for processing of related complaints in multiple forums that created unnecessary delay and needless increase in the cost of litigation. The facts are embedded in the defendant's distorted and misuse of the EEOC regulations. A representative have a special duty to maintain the dignity of the EEO process and to preserve the order and authority of the EEO forum and must act accordingly, however, the Assistant United States Attorney having the factual evidence of the Plaintiff's elective forum but through his motions seek to change the elective forum and take advantage of the Plaintiff's inexperience and for these reasons and reasons in the Plaintiff's prior motions set forth in the Plaintiffs Opposition to the Defendant's Motion for Dismissal or in the alternative for Summary Judgment and to Deny Sanctions on the Assistant United States Attorney, W. Mark Nebeker. The Plaintiff respectfully requests that the Court deny Defendant's Request for Dismissal or in the Alternative for Summary Judgment and the denying of sanctions.

                                    Respectfully submitted,

                                    Wilbert B. Harris
                                    6108 State Street
                                    Cheverly, MD 20785

WBH/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 6th day of October 2006, a copy of the Plaintiff's Opposition To Defendants Motion In Opposition To Plaintiff's [Sic] Motion To Deny Sanctions, Pursuant To Plaintiff's Motion For Sanctions On The Assistant United States Attorney W. Mark Nebeker and Opposition to Dismissal, or in the Alternative for Summary Judgment has been mailed via first class mail to:

> W. Mark NEBEKER
> Assistant United States Attorney
> Civil Division
> 555 4th Street, N.W.
> Washington, DC 20530

Wilbert B. Harris
6108 State Street
Cheverly MD 20785