**(NAME/SIGNATURE OF SERVER)**

U.S. Postal Service
**Information for Pre-Complaint Counseling**

| Certified Mail No. 7099-3220-0008-6444-4589 | Date Mailed 7/15/02 | or | Hand Delivered on |
|---|---|---|---|
| By (Initials) CKB | Case No. | | |

On __7/12/2002__ _____, you requested an appointment with a Dispute Resolution Specialist.
(Month, Day, Year)

**Important: Please read.** You should complete this form and return it to the EEO office *within 10 calendar days* of receipt. This is the only notification that you will receive regarding the necessity for you to complete this form.

### A. Requester Information

Name (Last, First, MI)
Harris, Wilbert B.

Social Security
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

Home Telephone No.
(301) 773-6108

Your Mailing Address
6108 State Street, Cheverly, MD 20785-3650

Finance Number

Name of Postal Facility Where You Work
MAIL EQUIPMENT Shops

Office Telephone No.
(202) 281-2620

Address of Postal Facility
2135 64th NE WASHINGTON DC 2007

Email Address*

Employment Status (Check One)

| ☐ Applicant Pay Location 050 | ☐ Casual Tour 2 | ☐ TE Duty Hours 0700 - 1550 | ☒ Career |
|---|---|---|---|

Position Title
MACHINE Operator

Off Days (If Tour I, Show Nights Off)
SAT + SUN

Grade Level
5

Time in Current Position
1 Years  6 Months

Your Supervisor's Name
MS MARILYN WASHINGTON

Supervisor's Title
Supervisor

Supervisor's Telephone No.
202 281-2625

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

### B. Discrimination Factors

Prohibited discrimination includes actions taken based on your **Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or in Retaliation** (actions based on your participation in prior EEO activity). These categories are referred to on this form as factors.
What factor(s) of Discrimination are you alleging? (Please be specific, i.e., Race-African American, Sex-Female).

Discrimination

**For Retaliation Allegations Only.** If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity that you feel caused you to be retaliated against.

1. On _____, I engaged in EEO activity. Case No.: _____
   (Month, Day, Year)

2. On _____, I engaged in EEO activity. Case No.: _____
   (Month, Day, Year)

### C. Description of Incident/Action

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On __July 1 AND 2__ 20__02__
    Month, Day        Year

I Recieved A Letter of proposed Removal AND A Notice of A 14 day suspension both For the SAME Reason which was Refusing to Take power tools And Trouble-shoot A Robotic complex piece of machinery without being properly Trained pursuant to OSHA Requirements And the Collective Bargaining Agreement, Article 14, safety Health provision. This discipline was Issued to me After I Notified the USPS And subsequently Filed OSHA & NLRB charges Against the MES Administration.

PS Form 2564-A, March 2001 (Page 1 of 3)

**Comparisons**

Explain why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations

**1.**

_____          _____
(Name of Employee)                  Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: _____

_____

**2.**

_____          _____
(Name of Employee)                  Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: _____

_____

_____

_____

**3.**

_____          _____
(Name of Employee)                  Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: _____

_____

_____

**E. Official(s) Responsible for Action(s)**

List the name(s) of the official(s) who took the action that prompted you to seek counseling at this time.

| 1a. Name | MARiLyN E WASHINGTON | b. Title | Supervisor |
| c. Office | Lock + Key Shop | d. Grade Level | |
| 2a. Name | John Watt & Shelly Bryant | b. Title | Postmaster & Supervisor Support Service |
| c. Office | Administrative | d. Grade Level | |

_Retaliation Allegations Only:_ Was/were the official(s) listed in Section D above aware of your prior EEO activity?

☐ No  ☐ Yes   If yes, explain how the official(s) became aware: _____

_____

_____

**F. Resolution**

What are you seeking as a resolution to your pre-complaint?   I Seek The MAXiMUN FiNaNciaL

peanalty FOR discRiminATion 300,000,000, And compensaTion

for lost time AT work including OvenTine for July.

**G. Grievance/MSPB Appeal**

On the incident that prompted you to seek EEO counseling, have you:

1. Filed a grievance on the same issue?   ☒ No   ☐ Yes   If yes, _____   _____
                                                                        (Date)                    (Current Step)

2. Filed a MSPB appeal on this issue?   ☒ No   ☐ Yes   If yes, _____
                                                                    (Date Appeal Filed)

## I. Anonymity

You have the right to remain anonymous during the pre-complaint process.

Do you desire anonymity?  ☒ No  ☐ Yes

## I. Representation

You have the right to retain representation of your choice. *(check one)*

☒ I waive the right to representation at this time.   ☐ I authorize the person listed below to represent me.

| Name of Representative | Representative's Title |
|---|---|
| Organization | Telephone Number ( ) |
| Mailing Address *(Street or P.P. Box, City, State and Zip +4)* | Email Address* |

\* Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s). Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Notice

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation, to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if* like or related to a formal complaint that I have already filed, or *if* the claim(s) constitutes a spin-off complaint. (A spin-off complaint contests the manner in which a previously filed complaint is being processed.) In completing this PS Form 2564-A, *Information for Pre-complaint Counseling*, I recognize that the Manager, Dispute Resolution will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

Please print your name here   Wilbert Billy Harris

Your Signature   Wilbert B Harris

Date signed   August 7 2002

### Please return this form to:

**MANAGER OF DISPUTE RESOLUTION**
**EEO COMPLIANCE & APPEALS**
**475 L'ENFANT PLAZA SW, 9431**
**WASHINGTON, DC 20260-4135**
**FAX: (202) 268-2816**



# MAIL EQUIPMENT SHOPS LOCAL
## P.O. BOX 4535
Washington, D.C. 20005
202-529-9500 (tel.)
301-773-1492 (fax.)

## FACSIMILE TRANSMITTAL

TO: Ms Beverly Brown

FAX NUMBER: -202-268-6189

FROM: Mr Wilbert A Harne

DATE: July 26, 2002

PAGES: 2

Per your Request!

*President of MES Local*

**(NAME/SIGNATURE OF SERVER)**

U.S. Postal Service

## Information for Pre-Complaint Counseling

| Certified Mail No. 7099-3220-0008-6444-3896 | Date Mailed or Hand Delivered on 6/13/2002 |
|---|---|
| By *(Initials)* CKB | Case No. |

On ___06/12/02___, you requested an appointment with a Dispute Resolution Specialist.
*(Month, Day, Year)*

**Important: Please read.** You should complete this form and return it to the EEO office *within 10 calendar days* of receipt. This is the only notification that you will receive regarding the necessity for you to complete this form.

### A. Requester Information

| Name *(Last, First, MI)* Harris, Wilbert B. | Social Security 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 | Home Telephone No. (301) 773-6108 |
|---|---|---|

Your Mailing Address
6108 State Street, Cheverly, MD 20785-3850

| Name of Postal Facility Where You Work | Office Telephone No. |
|---|---|
| Mail Equipment Shop 2135 5th St NE, Washington DC 20785 | (202) 281-2620 |

| Address of Postal Facility | Email Address* |
|---|---|
| 2135 5th St NE Washington, DC 20785 | |

| Employment Status *(Check One)* ☐ Applicant  ☐ Casual  ☐ TE  ☒ Career | Position Title Machine-Operator | Grade Level 5 |
|---|---|---|

| Pay Location OSU | Tour 2 | Duty Hours 0700-1550 | Off Days *(If Tour I, Show Nights Off)* Sat & Sun | Time in Current Position 2 Years ___ Months |
|---|---|---|---|---|

| Your Supervisor's Name Ms Marilyn Washington | Supervisor's Title Supervisor Press Room | Supervisor's Telephone No. 202 281-2621 |
|---|---|---|

* Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

### B. Discrimination Factors

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or in Retaliation (actions based on your participation in prior EEO activity).* These categories are referred to on this form as factors.

What factor(s) of Discrimination are you alleging? (Please be specific, i.e., Race-African American, Sex-Female).

Retaliation ~~(Discrimination)~~    July 26-2002 - Beverly Brown

*For Retaliation Allegations Only.* If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity that you feel caused you to be retaliated against.

1. On_____, I engaged in EEO activity. Case No.:_____
   *(Month, Day, Year)*

2. On_____, I engaged in EEO activity. Case No.:_____
   *(Month, Day, Year)*

### C. Description of Incident/Action

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On __06 12+03+20__, 2002.
   *Month, Day*    *Year*

The USPS MES Administration Removed me from my employment when I refused under Article 14 of the (CBA) Collective Bargaining Agreement and the 820 Section of E(M) Employee Labor Relation Manual Pursuant to (OSHA) Act of 1970, to take power tools in my hand and Trouble shoot A Robotic piece of Machinery for the purpose of Removing Jam's without proper training There was imminent Danger

PS Form **2564-A**, March 2001 *(Page 1 of 3)*

ON 8-07-2, I MAde Request FoR EEO complaint FoRM, to Amend AN Action of The employee AgainsT me,

ON 80802 I spoke with Debarah Brown, who Request ThaT I simply write my Allegation out AND Faye it IN — FAX # 202—268—6189.

# MAIL EQUIPMENT SHOPS LOCAL
## P.O. BOX 4535
### Washington, D.C. 20005
202-529-9500 (tel.)
301-773-1492 (fax.)

## FACSIMILE TRANSMITTAL

TO: Ms Debora Brown

FAX NUMBER: 202-268-6189

FROM: Mr Wilbert Harris

DATE: 08-09-02

PAGES: 7

Per your Request:
Pursuant to our Telephone discussion on 08-08-02
I have decided to fax back the whole Form, you can
Process or Take the statement optional. In addition,
I have also been denied overtime. I have
also enclosed original claim found  Thank you
6/24/02.

Wilbert Harris

**WILBERT B. HARRIS**
6108 State Street
Cheverly, Maryland 20785

## FACSIMILE TRANSMITTAL

TO: Ms Beverly Brown

FAX NUMBER: 202-268-6189

FROM: Mr Wilbert B. Harris

DATE: 02-16-03

PAGES:

---

Dear Ms Brown:

Pursuant to partial Acceptance/partial Dismissal of
Former EEO Complaint, dated February 10, 2003,
on subsequent Removal effected August 30, 2002, And
Our phone discussion on 02-06-03, I submit to
you my Letter of decision on my Removal.

Thank you
Wilbert B Harris



JOHN L. WORTH
MAIL EQUIPMENT SHOPS

**UNITED STATES**
**POSTAL SERVICE**

August 20, 2002

Wilbert B. Harris
Machine Operator C, C-5
SSN: 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
PL – 050, Lock & Key Shop

   Re: Letter of Decision - Removal

You were issued a Notice of Proposed Removal from the U.S. Postal Service dated July 1, 2002, received by you on July 1, 2002, based upon the charge listed therein.

Although you were provided an opportunity to surrender information in support of your reason for failing to follow instructions to perform your assigned duties, as stated in the Notice of Proposed Removal, you failed to do so. You were afforded an opportunity to inspect any and all documentation relied upon by Management in reaching its' decision to issue you the Notice of Proposed Removal, however, but you failed to do so. You were also afforded an opportunity to meet with me to communicate your reason for failing to follow instructions as stated in the Notice of Proposed Removal, but you failed to do so.

I have given full consideration to any and all statements attributed you by your Supervisor Marilyn Washington and other Management Officials relative to your reason for failing to follow instructions. I have given full consideration to your fax of June 28, 2002 where you alleged harassment and discrimination by Management because of your refusal. I have given full consideration to the fact that you received my response to your complaint of harassment and discrimination on July 4, 2002. I have given full consideration of the two (2) Information requests under Article 31 of the National Agreement and I have considered your refusal to accept the information when it was provided to you on 7/18/02 and or returned marked Unclaimed (even when sent to your home address). I have given full consideration of the results of the unannounced Occupational Safety & Health Administration (OSHA) Inspection on June 25, 2002 and the Exit Interview comments made in your presence by OSHA Officer Brett A. Beall. I have given full consideration to the Informal Settlement Agreement (ISA) with OSHA dated July 30, 2002. Management completed the abatement of the item as agreed to in the ISA on August 16, 2002. Following that abatement, you were again given the opportunity to perform the duties and responsibilities of you position, but you refused. After completing my review I find, that the charge as stated in the notice dated July 1, 2002, received by you that date, is fully supported by the evidence and warrants your removal. The reasons for my decision are as follows:

Your refusal to perform your assigned duties is unacceptable. Your refusal to perform your assigned duties because you are a Machine Operator not a Mechanic, despite being given official documentation that clearing jams is a part of your duties is unacceptable. Your refusal to perform your assigned duties after being given additional training and being advised by the OSHA representative that the machine was safe to operate is unacceptable. You have presented nothing in support of your compliant that the Arrow Lock Assembly Machine (ALAM) is unsafe. You were

2135 5ᵀᴴ STREET NE
WASHINGTON DC 20260-6224
(202) 281-2620
FAX: (202) 832-9172

- 2 -

aware of the expectations of your position and you met the requirements of the position when you accepted the position as Machine Operator C on May 5, 2001. As President of the Local Union, your knowledge of Postal Rules and Regulations you are or should be aware of the consequences of your actions.

On Friday, June 28, 2002, your Supervisor Marilyn Washington met with you regarding your repeated failure to perform your assigned duties. Despite receiving a Suspension of 14 Days and being advised by OSHA Compliance Officer Brett Beall that ALAM was safe to operate, you again refused to perform your duties as instructed. Your refusal has required Supervisor Washington to detail other employees from their assigned duties to perform your duties. This detailing of employees requires in some cases the payment of Higher Level to the detailed employee. The detailing of employees to cover your assignment require additional detailing of other employees to insure continued production. Your actions are disruptive to the work operation in that Management and your co-workers are required move and employees to perform your work and to back-fill or absorb their work.

I have also considered your previous disciplinary record and found the following. You were issued a 14-day suspension on June 14, 2002, for failure to follow instructions. You were issued a 14-day suspension on May 21, 2002 for failure to maintain your assigned work schedule. You were issued a 14 day suspension on August 8, 2000 for being Absence Without Approved Leave (AWOL) and Insubordination, which was preceded by a 7 day suspension on June 28, 2000 for being Absence Without Approved Leave (AWOL) and a Letter of Warning on April 29, 1999 for being Insubordinate. Therefore, I find that you show no potential for rehabilitation.

I make this decision, as I believe it is necessary to maintain the efficiency and effectiveness of the U.S. Postal Service in that it is the appropriate penalty that would deter similar conduct in the future by other employees. In addition, you have failed to present any mitigating factors to influence my decision otherwise and I have found no mitigating circumstances surrounding the offense such as unusual job tensions, mental impairments, alcoholism, substance abuse, or bad faith or malice on the part of others. I have every reason to believe that your past experiences and background has made you sufficiently aware of the rules that you violated. Therefore, your removal from the U.S. Postal Service will be effective August 30, 2002.

As a preference eligible, you have the right to appeal this decision in writing to the U.S. Merit Systems Protection Board, Washington Regional Office, 5203 Leesburg Pike, Falls Church, VA, 22041-3473, within thirty (30) days from the effective date of this decision. If you appeal to the MSPB, you should state whether you do or do not wish a hearing and you should furnish me a copy of your appeal. For further information on appeals procedure, contact Shelby O. Bryant Sr., Supervisor, Support Services, Mail Equipment Shops, 2135 5th Street NE, Washington, DC 20260-6224, telephone (202) 281-2620.

Attached for your reference is a copy of the MSPB regulations and a copy of the appeal form. If you appeal to the MSPB, you thereby waive access to any procedures under the National Agreement beyond Step 3 of the Grievance/Arbitration procedure. You have the right to file an MSPB appeal and a grievance on the same matter. However, if the MSPB issues a decision on the merits of your

- 3 -

appeal, if any MSPB hearing begins, if the MSPB closes the record after you request a decision without a hearing, or if you settle the MSPB appeal, you will be deemed to have waived access to arbitration. Further, if you have a MSPB appeal pending at the time the union appeals your grievance to arbitration, you will be deemed to have waived access to arbitration.

If you appeal this decision, you will remain on the rolls, but in a non-pay, non-duty status after the effective date of this action, until disposition of your case has been reached, either by settlement or through exhaustion of your administrative remedies.

You are entitled to a representative of your choosing throughout your appeal. You and your representative if he or she is a U.S. Postal Service employee, shall be offered a reasonable amount of official time for preparation of your case if you and or your representative are otherwise in a duty status.

If this action is overturned on appeal, back pay will be allowed, unless otherwise specified in appropriate award or decision, **ONLY IF YOU HAVE MADE REASONABLE EFFORT TO OBTAIN OTHER EMPLOYMENT DURING THE RELEVANT NON-WORK PERIOD.** The extent of documentation necessary to support your back pay claim is explained in the Employee and Labor Relations Manual Section 436 (copy attached).

If this action is reversed or modified on appeal, by the Merit Systems Protection Board or through the Equal Employment Opportunity appeals process, back pay may be allowed in accordance with 5 CFR 505.801, et. seq., as applicable, unless the appropriate award or decision specifies otherwise.

You have the right to file a grievance under the Grievance/Arbitration procedure set forth in Article 15 of the National Agreement within fourteen (14) days of your receipt of this notice.

John L. Worth
Plant Manager

Attachments:    MSPB Regulations
                MSPB Appeal Form
                ELM 436

I _____ , received the original of this document

on _8 - 20 - 02_ .

**(NAME/SIGNATURE OF SERVER)**

U.S. Postal Service
## Information for Pre-Complaint Counseling

| Certified Mail No. 7099-3220-0008-6444-4589 | Date Mailed    or | Hand Delivered on |
|---|---|---|
| | 02 | - |
| By (Initials)    CKB | Case No. | |

On ~~OR About~~ 8-19-02 you requested an appointment with a Dispute Resolution Specialist.
(Month, Day, Year)

**Important: Please read.** You should complete this form and return it to the EEO office *within 10 calendar days* of receipt. This is the only notification that you will receive regarding the necessity for you to complete this form.

## A.  Requester Information

| Name (Last, First, MI) Harris, Wilbert B. | Social Security 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 | Home Telephone No. (301) 773-6108 |
|---|---|---|

| Your Mailing Address 6108 State Street, Cheverly, MD 20785-3850 | | Finance Number |
|---|---|---|

| Name of Postal Facility Where You Work MAIL EQUIPMENT SHOPS | Office Telephone No. (202) 281-2620 |
|---|---|

| Address of Postal Facility 2135 5th St NE Washington DC 20017 | Email Address* |
|---|---|

| Employment Status (Check One) | Position Title MACHINE-OPERATOR | Grade Level 5 |
|---|---|---|
| ☐ Applicant  ☐ Casual  ☐ TE  ☒ Career | | |

| Pay Location 050 | Tour 2 | Duty Hours 0700-1530 | Off Days (If Tour I, Show Nights Off) SAT & SUN | Time in Current Position 1 Years   2 Months |
|---|---|---|---|---|

| Your Supervisor's Name MS MARYLYN WASHINGTON | Supervisor's Title SUPERVISOR | Supervisor's Telephone No. (202-281-2620 |
|---|---|---|

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.*

## B.  Discrimination Factors

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or in Retaliation (actions based on your participation in prior EEO activity).* These categories are referred to on this form as factors.

What factor(s) of Discrimination are you alleging? (Please be specific, i.e., Race-African American, Sex-Female).

CLASS- DISCRIMINATION-AFRICAN-AMERICAN

*For Retaliation Allegations Only.* If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity that you feel caused you to be retaliated against.

1.  On_____, I engaged in EEO activity. Case No.:_____
       (Month, Day, Year)

2.  On_____, I engaged in EEO activity. Case No.:_____
       (Month, Day, Year)

## C.  Description of Incident/Action

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On AND beFore 7-30 20 02
      Month, Day          Year

Currently And over a period OF 20 Twenty years The USPS has Failed to establish A HAZARDOUS MATERIALS PROGRAM AND TRAINING FOR The BLACKS AND MINORITY AT The MES FACILITY, AS Required by OSH-ACT OF 1970, PARTicularly Those employees who have worked in The BAG-SHOP Handling Those Chemical Filled USPS MAIL BAGS AS A ResulT OF Such A Risk The USPS has deliberately profiled to employment AT The MES to employ only Black & People OF Color And Now Closing the BAG-SHOP AS A ResulT OF Liability

PS Form 2564-A, March 2001 (Page 1 of 3)

**D.  Comparisons**

Explain why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations

1.

_(Name of Employee)_          _Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)_

was treated differently than I when: _____

_____

_____

_____

2.

_(Name of Employee)_          _Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)_

was treated differently than I when: _____

_____

_____

_____

3.

_(Name of Employee)_          _Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)_

was treated differently than I when: _____

_____

_____

**E.  Official(s) Responsible for Action(s)**

List the name(s) of the official(s) who took the action that prompted you to seek counseling at this time.

| 1a. Name Mr John Worth | b. Title Post Master |
| c. Office Front Office | d. Grade Level N/A |
| 2a. Name | b. Title |
| c. Office | d. Grade Level |

_Retaliation Allegations Only:_ Was/were the official(s) listed in Section D above aware of your prior EEO activity?

☐ No ☐ Yes  If yes, explain how the official(s) became aware: _____

_____

_____

**F.  Resolution**

What are you seeking as a resolution to your pre-complaint? The Class of Over 80 employees seek Full Financial Restitution, for such as unlawful act.

**G.  Grievance/MSPB Appeal**

On the incident that prompted you to seek EEO counseling, have you:

1.  Filed a grievance on the same issue?    ☒ No    ☐ Yes    If yes, _____ _____
                                                                                        _(Date)_                   _(Current ...)_

2.  Filed a MSPB appeal on this issue?    ☒ No    ☐ Yes    If yes, _____
                                                                                        _(Date Appeal Filed)_

## H. Anonymity

You have the right to remain anonymous during the pre-complaint process.

Do you desire anonymity?  ☒ No    ☐ Yes

## I. Representation

You have the right to retain representation of your choice. *(check one)*

☐ I waive the right to representation at this time.    ☐ I authorize the person listed below to represent me.

| Name of Representative | Representative's Title |
|---|---|
| Mr Eric Steele | Attorney |

| Organization | Telephone Number | Email Address* |
|---|---|---|
| 1119 12th St NW Wash DC 20005 | (202) 842-6753 | |

Mailing Address *(Street or P.P. Box, City, State and Zip +4)*

**\* Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.**

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s). Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Notice

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign; for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if like or related to a formal complaint that I have already filed, or if the claim(s) constitutes a spin-off complaint. (A spin-off complaint contests the manner in which a previously filed complaint is being processed.)* In completing this PS Form 2564-A, *Information for Pre-complaint Counseling,* I recognize that the Manager, Dispute Resolution will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

| Please print your name here | |
|---|---|
| Wilbert Billy Harris | |

| Your Signature | Date signed |
|---|---|
| Wilbert B Harris | 8-24-02 |

## Please return this form to:

**MANAGER OF DISOUTE RESOLUTION**
**EEO COMPLIANCE & APPEALS**
**475 L'ENFANT PLAZA SW, 9431**
**WASHINGTON, DC  20260-4135**
**FAX: (202) 268-2816**

Department of Labor
Occupational Safety and Health Administration



# Notice of Alleged Safety or Health Hazards

| | |
|---|---|
| Establishment Name | United States Postal Service Mail Equipment Shops |
| | 2135 5th Street, NE, Washington, DC 20017 |
| | 202-281-2621          202-832-9122 |
| | Same as above |
| | Same as above          Same as above |
| | Mr. John Worth          202-281-2650 X2647 |
| | Manufacture-Commercial |

I am alleging an occupational safety and health hazard pursuant and subject to
Subpart F, 29 C.F.R. 1960 Section 1-201(h). This is a case of imminent danger
whereas this committee, and the National Level Joint Labor Management Committee
has failed to meet its requirement of evaluating and making recommendation on all
aspects of the employer's respective safety and ergonomics programs, adequacy
studies for training and unsafe condition relating to technological and
mechanization change of new jobs and equipments. The physical hazard is an all
robotic piece of equipment that is approximately 15'x30" in scope with a variety
of integrated circuitry, requiring training in at least four (4) areas. There
has been no training structure established nor given and the employer is directing
employees to take tools in hand and go into the machine and trouble shoot it to
remove jams while having a document in a plastic pouch attached to the machine
indicating specific procedures with hazardous energy sources, asserting that any
employees found not incompliance with the procedures may be subject to
displinary action including dismissal. The employer has removed all Safety
Shields and Doors from this piece of equipment further jepordazing the
employees safety.

Additionally, please see see attached Record of Training that my employer is
requesting that I sign stating that I have received training and in reality no
training was received. Also see attached document taken from the Machine.

[X] Employer    [X] Other Government Agency (specify)

[ ] Do NOT reveal my name to my Employer
[X] My name may be revealed to the Employer
(Mark "X" in ONE box)

[X] Employee              [X] Federal Safety and Health Committee
[X] Representative of Employees    [ ] Other (specify)

| Complainant | Wilbert B. Harris          301-773-6108 |
|---|---|
| | 6108 State Street, Cheverly, MD 20785 |
| | *(signature)*          06-18-02 |

| Organization Name: | Your Title: | Mail Equipment Shops Local - President/Arbitration Advocate |
|---|---|---|

OSHA-7 (Rev. 3/96)

# MAIL EQUIPMENT SHOPS LOCAL.
P.O. BOX 4535
Washington, D.C. 20005
202-529-9500 (tel.)
301-773-1492 (fax.)

## FACSIMILE TRANSMITTAL

TO: MS Beverly Brown

FAX NUMBER: 202-268-6189

FROM: WR  Wilbert Harris

DATE: 02-06-03

PAGES: 1

Dear MS Brown

I never Filed AN EEO complaint on my 08-30-2
Termination, (The EEO's) were in Regards to the Remarks
in the month of July, I was Removed from my Job on
(7) Seven Occassion, And issued A proper Removal.

Thank you
MR Wilbert b Harris

complaint separately. In all instances, however, where an individual requests a hearing, the consolidated complaints should be heard by a single Administrative Judge; or where the complainant requests a final agency decision, the agency should issue a single decision. An agency must consolidate complaints filed by the same complainant before the agency issues the notice required by § 1614.108(f) at the conclusion of the investigation.

When a complaint has been consolidated with an earlier filed complaint, the agency must complete its investigation within the earlier of 180 days after the filing of the last complaint or 360 days after the filing of the original complaint. A complainant has the right to request a hearing, even in the case of consolidated complaints, after 180 days have passed since the filing of the original complaint, even if the agency's investigation has not been completed. If not already consolidated, an Administrative Judge or the Commission may, in their discretion, consolidate two or more complaints of discrimination filed by the same complainant.

Section 1614.606 permits, but does not require, the consolidation of complaints filed by <u>different</u> complainants that consist of substantially similar allegations or allegations related to the same matter.

**D.     Partial Dismissals**

Another method of addressing the fragmentation problem is § 1614.107(b), which provides for no immediate right to appeal a partial dismissal of a complaint. <u>See</u> Section IV.C of this Chapter for a more detailed discussion of partial dismissals. Partial dismissals will be preserved and decided within the context of the rest of the complaint.

**E.     No More Remands By Administrative Judges**

To further avoid the fragmenting of EEO claims, Administrative Judges will no longer remand issues to agencies for counseling or other processing. Once a case is before an Administrative Judge, that Administrative Judge is fully responsible for processing it. This provision is discussed more fully in Chapter 8 on Hearings.

**F.     "Spin-off" Complaints**

Section 1614.107(a)(8) provides for the dismissal of spin-off complaints, which are complaints about the processing of existing complaints. It provides instead that complaints about the processing of existing complaints should be referred to the

section until after the complaint has been filed. See Clairborne v. Department of the Air Force, EEOC Appeal No. 01972713 (March 19, 1998).

2.    The Complainant Failed to Respond or Proceed in a Timely Fashion– § 1614.107(a)(7)

The regulations permit dismissal where the complainant has failed to respond to a written "request to provide relevant information or to otherwise proceed" within **15 days** of receipt, provided that the request contained notice of the proposed dismissal and further provided that there is otherwise insufficient available information to adjudicate the claim. The regulation further states that an agency may not dismiss on this basis where the record includes sufficient information to issue a decision. The Commission also has held that the regulation is applicable only in cases where there is a clear record of delay or contumacious conduct by the complainant. See, e.g., Anderson v. U.S. Postal Service, EEOC Request No. 05940850 (February 24, 1995).

C.    **Processing of Partially Dismissed Complaints**

There is no immediate right to appeal a partial dismissal of a complaint. Where an agency believes that some but not all of the claims in a complaint should be dismissed for the reasons contained in § 1614.107(a), the agency must notify the complainant in writing of its determination, set forth its rationale for that determination, and notify the complainant that the allegations will not be investigated. The agency must place a copy of the notice in the investigative file. The agency should advise the complainant that an Administrative Judge shall review its dismissal determination if s/he requests a hearing on the remainder of the complaint, but the complainant may not appeal the dismissal until a final action is taken by the agency on the remainder of the complaint. See § 1614.107(b).

1.    Where a Hearing is Requested

If the complainant requests a hearing from an Administrative Judge, the Administrative Judge will evaluate the agency's reasons for believing that a portion of the complaint met the standards for dismissal before holding the hearing. If the Administrative Judge believes that all or a part of the agency's reasons are not well taken, the entire complaint or all of the portions not meeting the standards for dismissal will continue in the hearing process. The parties may conduct discovery to develop the record for all

them, or did not know and reasonably should not have known that the discriminatory practice or personnel action occurred or that despite due diligence was prevented by circumstances beyond his/her control from contacting an EEO Counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission; <u>or</u>

(2)    the complainant contends that the claim is a part of a continuing violation or establishes that there are other equitable circumstances that mitigate untimely contact. Time limits are subject to waiver, estoppel and equitable tolling under § 1614.604(c).

2.    <u>Untimely Filing of the Formal Complaint–§ 1614.107(a) (2)</u>

The complainant failed to file a formal complaint within **fifteen (15) days** of his/her receipt of the Counselor's notice of right to file a formal complaint ("Notice of Final Interview") in an individual complaint, § 1614.105(d), or in a class complaint, § 1614.204(c). The agency has the burden of proving that the complainant received the notice and that the notice clearly informed the aggrieved person of the 15-day filing time frame. See, e.g., Paoletti v. U.S. Postal Service, EEOC Request No. 05950259 (August 17, 1995). This time limit is also subject to waiver, estoppel and equitable tolling under § 1614.604(c).

3.    <u>Failure to State a Claim–§ 1614.107(a)(1)</u>

The complainant failed to state a claim under § 1614.103. This may include a claim that does not allege discrimination on a basis encompassed in one of the statutes applicable to federal sector employees. In determining whether a complaint states a claim, the proper inquiry is whether the conduct if true would constitute an unlawful employment practice under the EEO statutes. Cobb v Department of the Treasury, EEOC Request No. 05970077 (March 13, 1997) (a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the complainant cannot prove a set of facts in support of the claim which would entitle the complainant to relief; the trier of fact must consider all of the alleged harassing incidents and remarks, and considering them together in the light most favorable to the complainant, determine whether they are sufficient to state a claim). See also Burlington Industries, Inc. v. Ellerth, 118 S. Ct.


are the same, that is, whether the acts of alleged discrimination are identical. Bellow v. U.S. Postal Service, EEOC Request No. 05890913 (November 27, 1989). The factual allegations and not the bases or the precise relief requested should be the crux of the legal analysis.

8.   Allegation Raised in Negotiated Grievance Proceeding–§ 1614.107(a)(4)

The complainant has raised the allegation in a negotiated grievance procedure that permits allegations of discrimination, indicating an election to pursue a non-EEO process. Section 1614.301(a) provides that "a person wishing to file a complaint or a grievance on a matter of alleged employment discrimination must elect to raise the matter under either part 1614 or the negotiated grievance procedure, but not both." This subsection also provides that an election to proceed under 1614 is indicated by the "filing of a written complaint," while an election to proceed under a negotiated grievance procedure is indicated by the "filing of a timely written grievance." See Casey v. Department of Veterans Affairs, EEOC Appeal No. 01944605 (August 9, 1995). The withdrawal of a grievance does not abrogate its effect for purposes of an election. Bracket v. Department of the Air Force, EEOC Request No. 05910383 (August 8, 1991).



9.   Appeal Made to MSPB–§ 1614.107(a)(4)

The complainant has elected to appeal the claim to the Merit Systems Protection Board, rather than file a mixed case complaint under § 1614.302.



10.   Complaint Alleges a Preliminary Step–§ 1614.107(a)(5)

The complaint alleges that a proposal to take or a preliminary step in taking a personnel action is discriminatory. This provision requires the dismissal of complaints that allege discrimination "in any preliminary steps that do not, without further action, affect the person: for example, progress reviews or improvement periods that are not a part of any official file on the employee." 57 Fed. Reg. 12,643 (April 10, 1992); see, e.g., McAlhaney v. U.S. Postal Service, EEOC Request No. 05940949 (July 7, 1995). If the individual alleges, however, that the preliminary step was part of a pattern of harassing the individual for a prohibited reason, the complaint cannot be dismissed under this section because the preliminary step has already affected the employee. See, e.g., Noone v. Central Intelligence Agency, EEOC Request No. 05940422 (January 23, 1995).

## Position Papers - USPS Purchasing

### Purchasing Policy

When the Postal Service was established with the passage of the Postal Reorganization Act, the Congress realized that, in order for us to fulfill our business function in a competitive environment, we would require distinct purchasing policies and procedures to buy the thousands of different supplies and services we need to keep our trucks running and our equipment sorting, to design and build the facilities we need to process the mail, and to purchase the transportation services we need to move America's mail. Our purchasing policy is therefore different from other government agencies. It is a mixture of the best of public and private - reflecting the best business practices and our traditional commitment to fairness, opportunity and competition. This approach has allowed us to retain many valuable features of the Federal purchasing system while at the same time our contracting officers have been empowered to use their business judgment when awarding contracts.

All Postal Service contracts are awarded on the basis of best value. Except for highway transportation contracts, we are not bound by law or regulation to award contracts to the low bidder. Rather, we award contracts to the supplier offering us the best combination of quality, price and performance.

To obtain the best value, our purchasing policy is based on two primary concepts: competition and negotiation. Traditionally, well over 90 percent of our contracts are competitively awarded (we are a leader among the Federal agencies in this area). And our contracting officers are trained to negotiate with suppliers so that we receive the best quality and performance for our contracting dollars.

**Position Papers - Purchasing**

**Roles and Responsibilities**

The USPS Purchasing organization is responsible for contracting for all of the Postal Service's supplies, services and equipment (except for those bought on the local level), managing and distributing the Postal Service's supply items, and providing specialized support for these core functions. Purchasing employs 990 employees nationwide.

Historically, the Postal Service has been among the top five buying agencies in terms of annual contracts awarded and annual dollars spent. (The other agencies which consistently place near the top are the Department of Defense, the Department of Energy and NASA.) Purchasing awards about $2 billion worth of contracts a year, as do the Postal Service's other two delegated buying functions, Transportation and Facilities.

Purchasing is located both at Headquarters and in the field. The Headquarters purchasing organization awards and administers nationwide and large dollar-value contracts. Also located at Headquarters is a policy-development group and other support organizations. In the field, ten Purchasing Service Centers are strategically placed to provide nationwide field customer support.

Postal Service materiel management works in much the same manner. Policy development and program management reside at Headquarters, while day-to-day duties are performed in the field. This function manages the acquisition, stocking and distribution of all postal-specific repair parts, supplies and equipment, operates three materiel distribution centers totaling more than 1.5 million square feet, and distributes more than 21,000 line items (worth $225 million) to some 37,000 requisitioners a year. The Fiscal Year 1992 average value for postal inventory was $132.2 million.

## Position Papers - Purchasing

### Socioeconomic Policies

The Postal Service has long been a leader in contracting with the nation's small, minority and woman-owned businesses. Our record and effectiveness in this area is one in which we take great pride.

Although the Postal Service is not mandated to follow the requirements of the Small Business Act, the Postal Service follows many of its key aspects within the overall framework of our purchasing policy. Our intent is to foster opportunity for all American businesses, without using quotas or set-asides. The historical record proves the value of our approach: we consistently award the majority of our contracts to small businesses, and we have historically been a pace-setter in contracting with minority and woman-owned businesses.

In addition to our efforts in the small, minority and woman-owned business area, the Postal Service is committed to several other socioeconomic policies. These include our Buy America and environmental-contracting policies, and our adherence to laws and legislation like the Service Contract and Davis Bacon Acts. We also maintain a vigorous reach-out program with the National Industries for the Blind and National Industries for the Severely Handicapped.

## Position Papers - Purchasing

### Structure

Purchasing operates through a stovepipe organizational structure. Eight Headquarters organizations report to the Vice President. The responsibilities performed in these organizations include procurement and contract management, policy development and implementation, quality assurance, inventory management and functional training.

One of these organizations, Field Customer Support, oversees the purchasing and materiel management functions in the field. The ten area Purchasing Service Centers report to this organization.

Purchasing's operational structure is best reflected in the amount of delegated purchasing authority (per contractual action) granted to each level:

Headquarters

Vice President (Unlimited Procurement Authority)

Manager, Procurement ($5 million authority)

Manager, Field Customer Support ($4 million authority)

Field

Manager, Purchasing Service Center ($3 million)

### Position Papers - Purchasing

### Local Buying

Although the Postal Service awards billions of dollars worth of contracts every year, these do not represent our total purchasing expenditures. All area managers, plant and district managers, and postmasters (among others) are granted by position a standard amount of "local buying authority." This authority, which is different from the contracting or procurement authority delegated to USPS contracting officers, is used to purchase and pay for day-to-day operational needs. The regulatory requirements of Postal Service procurement contained in USPS Publication 41, <u>Procurement Manual</u>, do not apply to local buying. Delegations of local buying authority and instructions for its use are contained in Chapter 7 of the <u>Administrative Support Manual</u>.

Because it is used in the same general community as the post office or plant, local buying is a major means of providing business opportunities for small, minority and woman-owned businesses and in labor surplus areas across the country. All users of local buying authority are encouraged to compete their requirements and to rotate buys among local merchants and businesses.