```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

WILBERT B. HARRIS                    )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )    Civil Action No. 06-06 RCL
                                     )
POSTMASTER GENERAL OF THE UNITED     )
   STATES POSTAL SERVICE,            )
                                     )
          Defendant.                 )
                                     )
_____)
```

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

On July 19, 2006, Defendant filed Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment, raising several issues supporting dismissal or judgment in favor of defendant, including: 1) exclusive jurisdiction over Plaintiff's claim would be through review of the MSPB decision, which must be brought in the Federal Circuit under 28 U.S.C. § 1295(a); 2) Plaintiff failed to exhaust administrative remedies under Title VII with respect to his discharge; 3) Plaintiff was over two months late in filing an action under Title VII; and 4) the related doctrines of res judicata and collateral estoppel bar this action.  See Memorandum Of Points And Authorities In Support Of Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment ("Defendant's Mem.") at 5-18.  Plaintiff, acting pro se,[1] has challenged the accuracy of Defendant's statement

---

[1] Plaintiff has been represented by an attorney in this action, but there remains pending the motion to withdraw

that Plaintiff did not exhaust administrative remedies as to his termination.[2]  Plaintiff has not offered any valid basis to challenge the remaining bases for dismissal or summary judgment in favor of Defendant.  Indeed, despite specific warnings consistent with Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), see Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment at 1, n.1, the material facts proffered by

---

Plaintiff's counsel (Docket No. 20).  While that motion remains pending, Plaintiff's attorney has authorized service of the filings in the case on, and other contact directly with, the Plaintiff.

   [2]  Although he has never satisfied the requirements of Fed. R. Civ. P. 11(c), Plaintiff has challenged the accuracy of Defendant's failure-to-exhaust assertion through several filings seeking sanctions.  Defendant concedes that a material fact may exist as to the exhaustion issue, and withdraws, without prejudice, its argument for summary judgment on that issue.  If Plaintiff's documents are accurate, it appears that the Defendant's logical choice to review only post-termination EEO Complaints to locate any effort to seek counseling on the termination claim was insufficient to unearth his effort to exhaust through an amendment of an earlier EEO claim.  The Agency regrets any confusion that resulted, but believes that the approach taken was a good faith effort to locate the relevant information among the nearly two dozen EEO complaints initiated by Plaintiff.  For a more detailed explanation of the exhaustion issue and the confusion surrounding it, the Court is respectfully referred to the following documents:  1) the Declaration of Patricia Morgese Richter (Defendant's Mem., Exhibit 5); 2) the September 14, 2006 Defendant's Opposition to "Plaintiff's Motion For Sanctions On Assistant United States Attorney W. Mark Nebeker, And Request [For] Permission To Submit Evidence For Ruling In Favor Of The Plaintiff's Title VII Complaint" (Docket No. 26); and 3) the September 28, 2006 Defendant's Opposition To "Plaintiff's Motion In Opposition To Defendants [Sic] Motion To Deny Sanctions, Pursuant To Plaintiff's Motion For Sanctions On The Assistant United States Attorney, W. Mark Nebeker" (Docket No. 29).

Defendant remain uncontested.  See Local Civ. R. 7(h).

　　　Wherefore, Defendant submits that there are no genuine issues of material fact and Defendant is entitled to judgment in his favor, and this action should be dismissed.

　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　_____
　　　　　　　　　　　　JEFFREY A. TAYLOR, DC Bar #498610
　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　_____
　　　　　　　　　　　　RUDOLPH CONTRERAS, DC Bar #434122
　　　　　　　　　　　　Assistant United States Attorney


　　　　　　　　　　　　_____
　　　　　　　　　　　　W. MARK NEBEKER, DC Bar #396739
　　　　　　　　　　　　Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Reply To Plaintiff's Opposition To Motion To Dismiss Or, In The Alternative, For Summary Judgment was made through the Court's electronic transmission facilities and by mailing a copy thereof to:

WILBERT B. HARRIS
6108 State Street
Cheverly, MD  20785

on this 25th day of October, 2006.

 

W. MARK NEBEKER
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230