UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

**RECEIVED**
NOV - 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| WILBERT B. HARRIS ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| POSTMASTER GENERAL OF THE UNITED ) | Civil Action No. 06-06 RCL |
| STATES POSTAL SERVICE ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S PLEADING OF SPECIAL MATTERS, AND OPPOSITION TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

### STATEMENTS AND AVERMENTS OF FRAUD

Pursuant to Fed. R. Civ. P. 9(b), Plaintiff hereby submits the following averments of fraud that the defendant and his representative seek to cover-up and conceal genuine issues of material facts in dispute: Predicated on an established institutional policy and practice of discrimination and segregation.

1. The Defendant's representative, Assistant United States Attorney, W. Mark NEBEKER, pursuant to Fed. R. Civ. P. 12 (b) (1) and (6), for a dismissal action, or in the alternative for summary Judgment in favor of the Defendant pursuant to Fed. R. Civ. P. 56, the motion violates subdivision (b)-(1) (2) (3) and (4), as a result of fraud. The Defendant representative constructed a fraudulent motion, conspired and consented with Attorney David A. Branch (retained by Plaintiff to represent the pending Title VII Civil Case) for permission and in agreement presented to the court for improper purposes the current schemed, untimely motion while having no pleadings, depositions, answers to interrogatories, admissions, and or affidavits on file (see Fed. R. Civ. P. 12 (a) and Fed. R. Civ. P.56(c)) where a fact-finder at trial could infer from the facts that discrimination

occurred. See Anderson v. Liberty Lobby, Inc.; 477 U.S. 242 (1986) also U.S. v. Price (S.CT. 1966) 18, U.S.C.A. 241; 42 U.S.C.A. 1985(3). The Defendant fragmented claims and processed the claims in multiple forums in EEOC and MSPB (see EEOC Case No: 100-2003-07523X, Agency Case No: CC-0205-03 which was changed to 4X-200-0263-03 (a class action complaint) and EEOC No. 100-2004-00143X, Agency case No: HO-00-0132-03 (a mixed case complaint) both processed simultaneously through EEOC by the Defendant), while processing a partial dismissal/removal preserved under 29.CFR.1614.107(b) through the MSPB (see Appeal Docket No. DC-0752-02-0771-1-2) even though EEOC retained jurisdiction.

2. The defendant unilaterally established a makeshift fraudulent, discriminative Byzantine EEO complaint-processing scheme resulting in fragmenting of claims, fraudulent decisions, and judgments (notably) a December 2, 2002 letter of final interview. (See information, instructions and forms 2579-A, Notice of Right to File Individual Complaint, 2565-EEO Complaint of Discrimination of the Postal Service, 2563-B, Allegations of Discrimination Based on Age.) Agency's partial acceptance/partial dismissal decisions letters dated February 10, 2003 and February 27, 2003 where a class action and a statutory claim of segregation was fragmented in spite of statistical confirmation in Agency case No. 6-1-0035-6 by the Defendant's grafted processing center (see Cobb v. Department of the Treasury, EEOC Request No. 05970077 (March 13, 1997); Toole v. Equal Employment Opportunity Commission, EEOC Appeal No. 01964702 (May 22, 1997) and subsequently through the back door processed the claims in the class action complaint through EEOC while having pending class actions complaints) EEOC case No. 100-AI-7625X; 100-A2-7798x, Agency case No. CC-0002-01, CC-0003-01, filed by the plaintiff in the year 2000 still pending at EEOC.), however the Defendant selected one member out of the class members and entered into a settlement on one claim in the class complaint. See case No. 100-AI-8093x; Agency nos. HO-0130-00 and HO-0030-01 and subsequently dismissed and denied the remaining complaint.

3. Defendant has a fraudulent agreement and practice that limits, classifies, and racially segregates employees. (See U.S. v. Jacksonville Terminal Co. (5th Cir.1971) (See 1973 and 1975 petitions for elections also Sylvia Hemby vs. United States Postal Service (EEOC No. 033-086-X6324).)

4. Defendant has a fraudulent discriminative socioeconomic-policy that denies affirmative action programs (Executive Order 11478).

5. Defendant has a fraudulent strategic plan for 1997 through the year 2000, and beyond partisan policy. That is promoted and advanced by the grafting of the (USPS) Law Department and the Capital Metro Operations at the district level.

6. The defendant has a fraudulent and discriminative labor agreement for Black employees at the MES facility.

7. Defendant has an unlawful (MES) in-house Human Resource/Labor Relations group of Managers and Supervisors that manages the (MES) Local Organization, and the classified segregated Tool and Die Shop employees Organization (Labor/Dispute). See EEOC No. 033-086-x6324

      The Defendant is consistently familiar with this conduct and practices very well. This same conduct and practice was first implemented in Plaintiff's very first class action complaint for affirmative programs (see EEO 6Z-0003-94 up through the related Case 1:00-CV-01074-RCL, and continued through the nearly two dozen EEO complaints initiated by the Plaintiff as asserted by the Defendant where all were denied and/or dismissed. The law prohibits Defendant's unethical conduct pursuant to the code of ethics and the above averments. The Defendants Motion for Summary Judgment must be denied, and sanctioned accordingly.

                                                    Respectfully submitted,

Dated: November 3, 2006                        Wilbert B. Harris
                                                    Plaintiff
                                                      6108 State Street
                                                      Cheverly, MD 20785
                                                      301-773-6108 (Phone)
                                                      301-773-0690 (Fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 3rd day of November 2006, a copy of PLAINTIFF'S PLEADING OF SPECIAL MATTERS, AND OPPOSITION TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT has been mailed via first class mail to:

W. Mark NEBEKER
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

_____
Wilbert B. Harris
6108 State Street
Cheverly MD 20785