UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILBERT B. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>POSTMASTER GENERAL OF THE UNITED<br>　　STATES POSTAL SERVICE<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 06-06 (RCL)<br>)<br>)<br>)<br>)<br>)<br>) |

**Memorandum and Order**

In his Amended Complaint [11], plaintiff appeals from judgments of the Merit Systems Protection Board (MSPB) and Equal Employment Opportunity Commission (EEOC) denying his claims of discrimination and retaliation arising out of his former employment with the United States Postal Service (USPS). (*See* Complaint ¶¶ 12-15; Def.'s Mot. 3-5; Def.'s Mot. Ex. 1-4,6-9.) Upon consideration of defendant's Motion to Dismiss, or in the alternative, for Summary Judgment [17], plaintiff's *pro se* Opposition to Dismissal [30], defendant's Reply [32], the amended complaint and all attachments to the motion and opposition, the Court finds that defendant's motion must be GRANTED.

As a preliminary matter, the Court notes that after plaintiff's former attorney's motion [36] to withdraw was granted and plaintiff was ordered to proceed *pro se*, plaintiff filed a response [38] to the order. In this response plaintiff states that he "[has] no faith or trust in attorneys" and therefore he "intends to proceed with the case pro-se [sic], unless the Court will grant me a court appointment of counsel . . . ." To the extent that plaintiff's filing [38] may be

understood as a request that this Court appoint him counsel, that request is DENIED. Under *Poindexter v. F.B.I.*, 737 F.2d 1173 (D.C. Cir. 1984), the district court is to evaluate plaintiff's ability to afford an attorney, the merits of plaintiff's case, plaintiff's efforts to secure counsel, and plaintiff's capacity to present his case adequately on his own. *Id.* at 1185. Considering plaintiff's repeatedly demonstrated willingness to proceed *pro se*, and the Court's disposition of his case in this Order, the Court finds that it is not necessary to appoint counsel for plaintiff.

Turning to the subject matter of plaintiff's claim, with respect to his appeal of his termination, exclusive jurisdiction over an appeal of a final order or decision of the MSPB lies in the United States Court of Appeals for the Federal Circuit. *See* 28 U.S.C. § 1295(a)(9). Therefore, this Court lacks jurisdiction to review the MSPB decisions.

With respect to the EEOC decision, the administrative judge ordered the dismissal of all of plaintiff's claims on March 8, 2005. (Def.'s Mot. Ex. 8.) The USPS implemented the administrative judge's decision and gave notice of its final action to plaintiff on March 21, 2005. (Def.'s Mot. Ex. 9.) Plaintiff was notified of his appeal rights in both of these documents. Plaintiff could have appealed to the Office of Federal Operations within thirty calendar days of receipt of the USPS notice of final action and preserved his right to appeal to a district court. (Def.'s Mot. Ex. 9 at 2.) Defendant provided a declaration by the Manager of the National EEO Compliance and Appeals Programs for the USPS stating that there is no record of plaintiff appealing from the notice of final action. (Richter Decl. Ex. 5 ¶ 3.) Plaintiff provided no documentation to contradict this declaration. Plaintiff made two motions [22, 25] to file additional documents; however, none of these documents are relevant to the issue here, the timeliness of plaintiff's filing in this Court.

As an alternative to appealing the USPS notice of final action to the Office of Federal

Operations, plaintiff had the right to "file a civil action in an appropriate U.S. District Court within 90 calendar days of [his] receipt of this decision" (Def.'s Mot. Ex. 9 at 2.)  Plaintiff was therefore required to file by June 19, 2005.  *See* 42 U.S.C. § 2000e-16(c).  Instead he filed suit in the District of Columbia Court of Appeals in October 2005.  (Compl. ¶ 16.)  Plaintiff then filed in this Court on January 4, 2006, more than six months past the deadline.  Nowhere in his pleadings nor in his opposition to the motion to dismiss does the plaintiff seek that this Court equitably toll the ninety-day deadline to file.  *See Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 ("The burden of pleading and proving any equitable excuse for failure to meet the ninety-day filing limit falls wholly upon the plaintiff.") (citing *Saltz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982)).  In the absence of "extraordinary" circumstances, *see id.* at 96 (quoting *Mondy v. Sec. of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988)), the ninety-day filing deadline is to be applied strictly.  *Id.* (citing *Smith v. Dalton*, 971 F. Supp. 1 (D.D.C. 1997) (barring suit filed one day after the expiration of the filing period)).  Therefore, the plaintiff's complaint must be dismissed for untimeliness.

    For the foregoing reasons, it is hereby

    ORDERED that defendant's Motion to Dismiss [17] is GRANTED;

    ORDERED that plaintiff's Motion for Sanctions [22] is DENIED;

    ORDERED that plaintiff's Motion for Permission to Submit Evidence [22] is DENIED;

    ORDERED that plaintiff's Motion for Leave to File [25] is DENIED; and

    ORDERED that defendant's Motion for Extension of Time [31] is GRANTED *nunc pro tunc*.

    SO ORDERED.

    Signed by Royce C. Lamberth, United States District Judge, November 28, 2006.