UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILBERT B. HARRIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-06 RCL |
| ) | |
| POSTMASTER GENERAL OF THE UNITED ) | |
| STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

DEFENDANT'S OPPOSITION TO
"PLAINTIFF'S MOTION FOR RECONSIDERATION"

Defendant, through undersigned counsel, respectfully opposes "Plaintiff's Motion For Reconsideration" (hereinafter "Motion For Reconsideration").[1]

In this employment discrimination suit, Defendant filed a Motion to Dismiss Or, In The Alternative, For Summary Judgment on

---

[1] Plaintiff has filed a Notice of Appeal and "Plaintiff's Motion For Reconsideration," which motion was filed within ten days of entry of the Court's Memorandum and Order. However, Plaintiff's motion is based on "Local Civil V, Rule 7 and Fed. R. CIV. P.7" and he has not relied upon one of the post-judgment rules identified in Fed. R. App. P. 4(a)(4)(A) that toll the appeal period and render the notice of appeal ineffectual while the motion is pending. It is not clear, however, whether the Court of Appeals would interpret the motion as one that would have a tolling effect. See English-Speaking Union v. Johnson, 353 F.3d 1013, 1020 (D.C. Cir. 2004) (the timing of a post-judgment filing, without more, determines whether it tolls the time limit on filing an appeal) (citing Moy v. Howard University, 843 F.2d 1504, 1506 (D.C. Cir. 1988) (per curiam)). This Court could deny the motion while an appeal is pending, but may be able only to indicate a willingness to grant a motion affecting the judgment to await action from the Court of Appeals. See Smith v. Pollin, 194 F.2d 349, 350 (D.C. Cir. 1952). But, as set forth herein, there is no basis to grant the motion.

July 19, 2006.  Plaintiff was warned in the motion of the need to respond to the properly supported factual information accompanying the dispositive motion.  Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment at 1, n.1 (citing Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992)).

Plaintiff did not properly challenge the statement of material facts proffered by Defendant with its motion; nor has he offered any basis to question the accuracy of the District Court's judgment in this case.  Plaintiff suggests that somehow he was not on notice that he was to proceed pro se.  Motion For Reconsideration at 1 ("In all do respect, the Plaintiff was never ordered to proceed Pro-se by the courts.").  In fact, the Court's November 15, 2006 Order specifically advised Plaintiff that "Plaintiff shall proceed *pro se*. SO ORDERED."  See Docket No. 37.

Plaintiff argues that he "proceeded in a district court on October 17, 2005. . . ",  Motion For Reconsideration at 4, suggesting that he was timely in commencing this action.  In fact, as recognized by this Court (and confirmed in an attachment to the Complaint, see Docket No. 1 at 7), Plaintiff filed a Petition For Review in the District of Columbia Court of Appeals on October 15, 2005.  See November 28, 2006 Memorandum and Order at 3 (citing Def's Mot. Ex. 9 at 2 ("you may file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of this decision.")).  Plaintiff, having brought an

action in this Court in the past, see <u>Wilbert B. Harris</u> v. <u>Postmaster General of the United States Postal Service</u>, Civil Action No. 00-1084 RCL, should have known the difference between the two courts.

In short, Plaintiff has presented to the Court in his Motion For Reconsideration nothing worthy of relief.  Wherefore, Defendant submits that Plaintiff's Motion For Reconsideration should be denied.

                              Respectfully submitted,

                              _____
                              JEFFREY A. TAYLOR, DC Bar #498610
                              United States Attorney

                              _____
                              RUDOLPH CONTRERAS, DC Bar #434122
                              Assistant United States Attorney

                              _____
                              W. MARK NEBEKER, DC Bar #396739
                              Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Opposition to "Plaintiff's Motion For Reconsideration" and a proposed order has been made by mailing copies thereof to:

WILBERT B. HARRIS
6108 State Street
Cheverly, MD  20785

on this 19th day of December, 2006.

_____
W. MARK NEBEKER
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230