UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
DEC 2 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WILBERT B. HARRIS, )
)
Plaintiff, )
) Civil Action No. 06-06(RCL)
-against- )
)
POSTMASTER GENERAL OF THE UNITED )
STATES POSTAL SERVICE )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

The Plaintiff respectfully opposes the Defendant's Opposition to Plaintiff's Motion for Reconsideration for the following reasons, and Request that Reconsideration be granted.

The Plaintiff, in considering the court intentional disregard for the Plaintiff's issues of material facts in dispute, and a crucial Motion to the Court requesting termination of representation for justifiable reasons, especially conspiracy with an attached Order for the Court to act on, however failed to do so (see Attachment 1 & Docket #20). The Court failing to rule on the Motion kept Attorney, David A. Branch legally bound to the Court, while Attorney Branch complied with the Plaintiff's Motion to Terminate Representation and removed himself as Plaintiff's representative. The Court and Attorney Branch operating contrary to each other regarding the Motion, denied Plaintiff due process and equal protection of the law (inter-alia), in effect the Plaintiff was without any legal assistant to initiate a proper lawsuit. However, in the interest of justice and in

good faith, the Plaintiff had a fair and reasonable concern to file the Motion for Reconsideration, and a subsequent Notice of Appeal.

The Defendant raised an issue regarding the Plaintiff being warned in it's July 19, 2006 Motion to Dismiss or in the alternative for Summary Judgment. The Defendant seems to have forgotten that the Plaintiff was represented by Counsel July 19, 2006, with an opportunity and/or having had an opportunity to have deposition and discovery to determine the veracity of the Defendant's allegation but failed to do so. Therefore, raising concerns to question the accuracy of the District Court's Judgment in this case. The Court failed to address the Plaintiff's August 25, 2006, Motion to Terminate Representative and conveniently failed to address it in the Courts Memorandum and Order, however, made it clear on the Docket # 33, an order to show cause to Attorney David A. Branch. Further, Docket # 35 reflects Attorney Branch response to the Court's order to show cause. Attorney Branch subsequently filed a Motion to Withdraw as Counsel, indicating acknowledgement of the Plaintiff's Motion to Terminate Representation and the Court quickly respond to Mr. Branch's Motion to Withdraw and informed Mr. Branch that the Plaintiff's shall, proceed prose. The Plaintiff never received a November 15, 2006 Order from the Court advising him to proceed prose. These instructions only appeared in the Court' response to Mr. Branch and the Court's Docket, contrary to the Court's Memorandum and Order dated November 28, 2006, alleging that the Plaintiff was ordered to proceed prose and that the Plaintiff filed a Response (#38) to the Court's order. The Plaintiff was responding to Mr. Branch's Motion to Withdraw and Show Cause which was mailed to the Plaintiff (see Attachment A2). Moreover, the Court's Judgment without reasonable discovery relied solely on the

Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, containing the Defendant's witnesses while ignoring gaps in the Record and the Plaintiff's concerns regarding counsel. The Plaintiff having concerns of getting his evidence in the Record, where a reasonable discovery would have shown that the Plaintiff was issued a Letter of Proposed Removal by the Defendant on July 1, 2002, followed by a suspension (both letters of proposed removal and suspension filed with the Defendant's EEO Department on December 11, 2002 (EEO Formal Complaint No. HO-0132-02)) and a Letter of Decision Removal on August 20, 2002 (see Letter of Removal-Attachment A3). Prior to the removal letters, the Plaintiff filed a pre-complaint of racial segregation with the Defendant's EEO department in April of 2002 (eight (8) months before filing the EEO formal complaint on December 11, 2002), and several other claims (see December 2, 2002, EEO Agency's Final Interview and Claims-Attachment A4) on August 26, 2002.

The Plaintiff filed a Civil Service Reform Act (CSRA) appeal with the Merit System Protection Board (see Appeal-Attachment A5) which was acknowledged by the MSPB and assigned Docket No. DC-0752-02-0771-1-1. However, on December 9, 2002, the Letter of Removal (CSRA Appeal, MSPB No. DC-0752-0200771-1-1) was dismissed without prejudice to re-filing by the Administrative Judge of the Board, and the Defendant was a party to the Judge dismissal decision, having no objections (see initial Decision dated December 9, 2002-Attachment A6). The Plaintiff, on December 11, 2002, having no appeals before the Board re-filed his Letter of Decision Removal with the Defendant's EEO department and a formal complaint on a Class Action (see December 2, 2002, Final Interview and EEO Formal Complaints Nos. H0-0132-02 and CC-0205-03 both signed on December 11, 2002-Attachment A7). The Defendant's

3

EEO department accepted the re-filed Letter of Decision Removal in their February 10, 2003 letter of acknowledgement. However, on February 27, 2003, with malice, issued a letter superseding the letter of February 10, 2003. The February 27, 2003 letter is what the Defendant is relying upon as an attachment to their opposition to Plaintiff's Motion for Sanctions (see Docket #29). The letter of February 27, 2003 together with the Defendant's law department, acting together, instigated and caused the malicious prosecution resulting in the MSPB decision removing the Plaintiff from his employment dated March 25, 2003, under a New Case No. DC-0752-02-0771-1-2. It is this malicious prosecution by the Defendant that is considered by the Defendant to be Res-judicata.

    The Plaintiff, on March 2, 2005, after 120 days had passed with no decision on his December 11, 2002, Formal Complaint appealed the matter to the MSPB pursuant to 1201-154-5 U.S.C. 7702(e)2. The MSPB dismissed the Appeal without a hearing as requested relying on a April 4, 2005 fraudulent Motion by the Defendant who failed to confer and represent. The Defendant in his opposition letter alleges that the Court recognize and confirmed in an attachment to the complaint at docket No: 1 at 7, that the Plaintiff filed a Petition for Review in the District Columbia Court of Appeals on October 15, 2005, and cited in the Court's November 28, 2005, Memorandum and Order any attachment to a complaint indicating the Plaintiff filed a Petition for Review in the District of Columbia Court of Appeals on October 15, 2005, is a fraudulent filing and the Plaintiff have no knowledge of the filing. The Plaintiff proceeded to the District court on October 17, 2005, as previously stated. after the Agency's Final Order on September 5, 2005. The District of Columbia Court of Appeals did nothing with the Appeal. The

4

Plaintiff contacted the court in reference to the Appeal, and the Court alleged not having received it, that they could not find it and requested that I resubmit my copy which Plaintiff complied. The Clerk having the Appeal reviewed by their legal staff made a determination pursuant to their Rule 25-e Filing and Service, non-acceptance of papers by Clerk promptly notified the Plaintiff of the non-acceptance and returned the Appeal dated December 12, 2005 (see returned Appeal-Attachment A8). The Plaintiff being without counsel and not given the proper notice requirement for filing Civil Action by the Agency in their September 20, 2005, Final Order (see *Hillard v. Volcker,* 659 F.2d 1125 (D.C. cir. 1981) which contributed to the Plaintiff proceeding to the District Court of Columbia. However, acting on the Agency's Order, page 2, "of particular relevance is the Court's guide for prose petitioners and appellants, contained in the Court's Rules of Practice and Forms 5, 6, 11," the Plaintiff proceeded in the United States District Court for the District of Columbia on January 4, 2006. The Plaintiff brought a prior action in this Court, related case Civil Action No. 00=1074 (RCL) that was never adjudicative of the 1983 issues and was brought to this Court by Attorney Eric Steele, and like Attorney Branch, failed to keep client informed and misrepresented client (see Bar Counsel, re: Steele/Harris, Bar Docket No. D164-03 and in re Steele No. 112-95 et al. The Plaintiff has no knowledge of a prior Civil Action No. 00-1084 RCL, as allege by Defendant. All the documents associated with the Plaintiff's Formal EEO Complaint No. HO-0132-02 filed with the Defendant's EEO department on December 11, 2002, and appealed to the MSPB on March 2, 2005, and attached herein on February 21,2006, The MSPB by attestation # 06-3145 were sent to the Department of Justice, the Defendant's Law Department (see Attachment A9) and Plaintiff's March 14, 2006 Opposition to

5

Defendant's March 17, 2006 Motion for Extension, Docket No. 7 and 6, the Plaintiff hereby renews his argument cited in his Opposition Motion, and concludes the parties having the facts that determined the truth. Nevertheless, the Defendant desiring to keep the Plaintiff terminated from his 30-year employment, retirement benefits and to further assassinate Plaintiff's character, resulting from the July 2002 set-up a devised plot by the Defendant at OSHA to terminate the Plaintiff at the outset (see Bar Counsel re: Steele/Harris(Docket No. D164-03)). This testimonial evidence give detailed information of how the Defendant devised and setup a plot at OSHA of the Department of Labor to back off from their institutional safety mandate and used OSHA laws to terminate the Plaintiff then take the matter through the Federal circuit where the Plaintiff would have no recognized right of action to challenge his termination. This evidence was removed from the Record by the District Court on November 28, 2006. The setup at OSHA in 2002 was the prerequisite for the malicious prosecution by the Defendant at the MSPB in 2003, and has been used for other improper purposes and has caused the Plaintiff harassment and unnecessary delay and needless increase in the cost of litigation. Notwithstanding the Plaintiff's removal from employment, the Defendant, the Justice Department, the Court of Appeals for the District of Columbia Circuit, the MSPB acting together instigated a malicious prosecution against the Plaintiff in the U.S. Court of Appeals for the Federal Circuit (see Attachment A10-Re: 06-3145 Harris v. USPS, dated February 2, 2006, February 22, 2006, March 2, 2006, and March 14, 2006). It was this malicious prosecution that perpetuated the Court's decision on November 28, 2006, and Attorney Branch conspiring with the Defendant as indicated by the Plaintiff in his November 3, 2006, statements and averments of fraud (see Docket # 34).

Wherefore, the Plaintiff request that the Motion for Reconsideration and Resolution be Granted.

                                                Respectfully submitted,

                                                */s/ Wilbert B. Harris*
                                                Wilbert B. Harris
                                                Plaintiff
                                                6108 State Street

Dated: December 28, 2006              Cheverly, MD 20785

## CERTIFICATE OF SERVICE

I hereby certify on this 28th day of December 2007, that a copy of PLAINTIFF'S OPPOSITION TO DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION is being mailed first class to:

    W. Mark Nebeker, Esq.
    Assistant United States Attorney
    Civil Division
    555 4th Street, N.W.
    Washington, D.C. 20530

*/s/ Wilbert B. Harris*
—————————————
Wilbert B. Harris