

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

WILBERT B. HARRIS

    Plaintiff,

Vs.

POSTMASTER GENERAL OF THE UNITED
STATES POSTAL SERVICE,

    Defendant.

Civil Action No. 06-06 RCL.

PLAINTIFF'S MOTION TO TERMINATE HIS REPRESENATIVE DAVID A BRANCH AND TO RESPOND TO DEFENDANT PRO SE FOR THE FOLLOWING REASONS:

THE PLAINTIFF FILED A FORMER COMPLAINT WITH THE EMPLOYERS EEO AGENCY ON A SEGREGATED FACILITY A PROPOSED REMOVAL AND A SUBSEQUENT REMOVAL

(A) ATTORNEY BRANCH INSPITE OF HAVING DIRECT EVIDENCE OF PLAINTIFF'S COMPLAINT FAILED TO PURSUE PLAINTIFF'S LAWFUL OBJECTIVES

(B) ATTORNEY BRANCH MADE ERRONEOUS ASSERTION OF PLAINTIFF'S ELECTED CHOICE OF FORM TO PROCEED

(C) BRANCH FAILED TO KEEP PLAINTIFF REASONABLY INFORMED ON KEY CORRESPONDENCE DEFENDANT SUBMITTED RESPONSE TO COMPLAINT ON 07/20/06   THE PLAINTIFF RECEIVED IT ON 8/15/06 AFTER HE INITIATED CONTACT WITH MR BRANCH

(D) BRANCH MADE INTENTIONAL FALSE AND DISHONEST STATEMENTS

(E) BRANCH BETRAYED MY TRUST AND INTERFERED WITH THE ADMINISTRATION OF JUSTICE PLAINTIFF ASKS THAT REQUEST BE GRANTED

*Wilbert Harris*
6108 State ST
Cheverly MD 20785
301-773-6108

## CERTIFICATE OF SERVICE

I, Wilbert B. Harris, will mail a copy of this motion to attorney David V. Branch address today August 25, 2006.
1825 Connecticut Avenue, NW
Suite 690
Washington DC 20009

W. MARK NEBEKER
ASSISTANT United States Attorney
Civil Division
555 4th Street, N.W
WASHINGTON, DC 20530

Wilbert B. Harris
6108 State Street
Cheverly MD. 20785
301-773-6108

This is for a case already existing in this court.

UNITED STATES DISTRICT COURT
FOR THE DISRICT OF COLOMBIA

Wilbert B. Harris

    Plaintiff

    Vs.                                  Civil Action No. 06-06 RCL

United States Postal Service
Postmaster General

    Defendant

## ORDER

Upon consideration of Plaintiff's Motion requesting the termination of representative David V. Branch from the above reference case therefore and for the reason set forth in Support thereof it is this 25th day of August 2006, hereby,

    Ordered that, Plaintiff's motion be and is hereby granted.

                                              United States District Judge

Wilbert B. Harris
6108 State Street
Cheverly MD 20785

Attorney David A. Branch
1825 Connecticut Avenue, NW
Washington DC 20009

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILBERT HARRIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>POSTMASTER GENERAL OF THE )<br>UNITED STATES POSTAL SERVICE, )<br>)<br>Defendant. )<br>_____ ) | Case No.: 1:06-cv-00006 (RCL) |

### Motion for Withdrawal of Appearance of Counsel (David A. Branch) and Response to Order to Show Cause

Comes now the former counsel to the Plaintiff, pursuant to Local Rule 83.6(c) and files this motion for withdrawal of appearance and response to Order to Show Cause and in support thereof states as follows.

Counsel entered his appearance in this matter on May 1, 2006. Counsel subsequently filed a motion to extend time to file Plaintiff's opposition to Defendant's dispositive motion. Counsel met with Plaintiff to prepare the opposition, and was working on the opposition when Plaintiff filed a pro se Motion to Terminate Counsel's Representation on August 25, 2006, five days before the opposition was due. On September 1, 2006, counsel wrote a letter to Plaintiff acknowledging receipt of the motion to terminate representation of the Plaintiff. The court has issued an order to show cause to counsel on why he has failed to oppose Defendant's dispositive motion.

Counsel has not responded to Defendant's motion because he has been terminated as counsel for Plaintiff and can not submit any pleading on Plaintiff's behalf. Counsel

apologizes to the court for the confusion, but quite honestly, counsel was not sure exactly how he should respond when he was terminated by the Plaintiff and the Plaintiff filed a motion with the court to terminate counsel before the deadline to respond to the dispositive motion. Counsel was anticipating that the court would grant Plaintiff's motion and the issue would be resolved, since it was made by the Plaintiff himself and was not opposed, and Plaintiff has proceeded pro se. Counsel's reading of Local Rule 83.6 (c) is that a motion to withdraw must be filed if a party's written consent is not obtained or if a party is not represented by another attorney. Here, Mr. Harris requested that the court terminate counsel's representation of him, and has represented himself.

Counsel requests that the court grant the motion terminating his representation and motion withdrawing the appearance of counsel.

Respectfully submitted,

By: _____/s/_____
David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, N.W.
Washington, D.C. 20009
(202) 785-2805 (phone)
(202) 785-0289 (facsimile)
dablaw@erols.com

### CERTIFICATE OF SERVICE

I hereby certify this 10th day of November 2006 that a copy of this Motion for Withdrawal of Appearance of Counsel was sent by electronic mail to counsel for the Defendant and mailed to the Plaintiff at the address listed below:

Mark Nebeker
Assistant U.S. Attorney
District of Columbia
555 4th Street, NW
Washington, DC 20009

Wilbert Harris
6108 State Street
Cheverly, MD 20785

                                                                           /s/
                                                David A. Branch

JOHN L. WORTH
MAIL EQUIPMENT SHOP


**UNITED STATES POSTAL SERVICE**

(A3)

August 20, 2002

Wilbert B. Harris
Machine Operator C, C-5
SSN: 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
PL – 050, Lock & Key Shop

Re: Letter of Decision - Removal

You were issued a Notice of Proposed Removal from the U.S. Postal Service dated July 1, 2002, received by you on July 1, 2002, based upon the charge listed therein.

Although you were provided an opportunity to surrender information in support of your reason for failing to follow instructions to perform your assigned duties, as stated in the Notice of Proposed Removal, you failed to do so. You were afforded an opportunity to inspect any and all documentation relied upon by Management in reaching its' decision to issue you the Notice of Proposed Removal, however, but you failed to do so. You were also afforded an opportunity to meet with me to communicate your reason for failing to follow instructions as stated in the Notice of Proposed Removal, but you failed to do so.

I have given full consideration to any and all statements attributed you by your Supervisor Marilyn Washington and other Management Officials relative to your reason for failing to follow instructions. I have given full consideration to your fax of June 28, 2002 where you alleged harassment and discrimination by Management because of your refusal. I have given full consideration to the fact that you received my response to your complaint of harassment and discrimination on July 4, 2002. I have given full consideration of the two (2) Information requests under Article 31 of the National Agreement and I have considered your refusal to accept the information when it was provided to you on 7/18/02 and or returned marked Unclaimed (even when sent to your home address). I have given full consideration of the results of the unannounced Occupational Safety & Health Administration (OSHA) Inspection on June 25, 2002 and the Exit Interview comments made in your presence by OSHA Officer Brett A. Beall. I have given full consideration to the Informal Settlement Agreement (ISA) with OSHA dated July 30, 2002. Management completed the abatement of the item as agreed to in the ISA on August 16, 2002. Following that abatement, you were again given the opportunity to perform the duties and responsibilities of you position, but you refused. After completing my review I find, that the charge as stated in the notice dated July 1, 2002, received by you that date, is fully supported by the evidence and warrants your removal. The reasons for my decision are as follows:

Your refusal to perform your assigned duties is unacceptable. Your refusal to perform your assigned duties because you are a Machine Operator not a Mechanic, despite being given official documentation that clearing jams is a part of your duties is unacceptable. Your refusal to perform your assigned duties after being given additional training and being advised by the OSHA representative that the machine was safe to operate is unacceptable. You have presented nothing in support of your compliant that the Arrow Lock Assembly Machine (ALAM) is unsafe. You were

2135 5TH STREET NE
WASHINGTON DC 20260-6224
(202) 281-2620
FAX: (202) 832-9172

- 2 -

aware of the expectations of your position and you met the requirements of the position when you accepted the position as Machine Operator C on May 5, 2001. As President of the Local Union, your knowledge of Postal Rules and Regulations you are or should be aware of the consequences of your actions.

On Friday, June 28, 2002, your Supervisor Marilyn Washington met with you regarding your repeated failure to perform your assigned duties. Despite receiving a Suspension of 14 Days and being advised by OSHA Compliance Officer Brett Beall that ALAM was safe to operate, you again refused to perform your duties as instructed. Your refusal has required Supervisor Washington to detail other employees from their assigned duties to perform your duties. This detailing of employees requires in some cases the payment of Higher Level to the detailed employee. The detailing of employees to cover your assignment require additional detailing of other employees to insure continued production. Your actions are disruptive to the work operation in that Management and your co-workers are required move and employees to perform your work and to back-fill or absorb their work.

I have also considered your previous disciplinary record and found the following. You were issued a 14-day suspension on June 14, 2002, for failure to follow instructions. You were issued a 14-day suspension on May 21, 2002 for failure to maintain your assigned work schedule. You were issued a 14 day suspension on August 8, 2000 for being Absence Without Approved Leave (AWOL) and Insubordination, which was preceded by a 7 day suspension on June 28, 2000 for being Absence Without Approved Leave (AWOL) and a Letter of Warning on April 29, 1999 for being Insubordinate. Therefore, I find that you show no potential for rehabilitation.

I make this decision, as I believe it is necessary to maintain the efficiency and effectiveness of the U.S. Postal Service in that it is the appropriate penalty that would deter similar conduct in the future by other employees. In addition, you have failed to present any mitigating factors to influence my decision otherwise and I have found no mitigating circumstances surrounding the offense such as unusual job tensions, mental impairments, alcoholism, substance abuse, or bad faith or malice on the part of others. I have every reason to believe that your past experiences and background has made you sufficiently aware of the rules that you violated. Therefore, your removal from the U.S. Postal Service will be effective August 30, 2002.

As a preference eligible, you have the right to appeal this decision in writing to the U.S. Merit Systems Protection Board, Washington Regional Office, 5203 Leesburg Pike, Falls Church, VA, 22041-3473, within thirty (30) days from the effective date of this decision. If you appeal to the MSPB, you should state whether you do or do not wish a hearing and you should furnish me a copy of your appeal. For further information on appeals procedure, contact Shelby O. Bryant Sr., Supervisor, Support Services, Mail Equipment Shops, 2135 5th Street NE, Washington, DC 20260-6224, telephone (202) 281-2620.

Attached for your reference is a copy of the MSPB regulations and a copy of the appeal form. If you appeal to the MSPB, you thereby waive access to any procedures under the National Agreement beyond Step 3 of the Grievance/Arbitration procedure. You have the right to file an MSPB appeal and a grievance on the same matter. However, if the MSPB issues a decision on the merits of your

- 3 -

appeal, if any MSPB hearing begins, if the MSPB closes the record after you request a decision without a hearing, or if you settle the MSPB appeal, you will be deemed to have waived access to arbitration. Further, if you have a MSPB appeal pending at the time the union appeals your grievance to arbitration, you will be deemed to have waived access to arbitration.

If you appeal this decision, you will remain on the rolls, but in a non-pay, non-duty status after the effective date of this action, until disposition of your case has been reached, either by settlement or through exhaustion of your administrative remedies.

You are entitled to a representative of your choosing throughout your appeal. You and your representative if he or she is a U.S. Postal Service employee, shall be offered a reasonable amount of official time for preparation of your case if you and or your representative are otherwise in a duty status.

If this action is overturned on appeal, back pay will be allowed, unless otherwise specified in appropriate award or decision, **ONLY IF YOU HAVE MADE REASONABLE EFFORT TO OBTAIN OTHER EMPLOYMENT DURING THE RELEVANT NON-WORK PERIOD.** The extent of documentation necessary to support your back pay claim is explained in the Employee and Labor Relations Manual Section 436 (copy attached).

If this action is reversed or modified on appeal, by the Merit Systems Protection Board or through the Equal Employment Opportunity appeals process, back pay may be allowed in accordance with 5 CFR 505.801, et. seq., as applicable, unless the appropriate award or decision specifies otherwise.

You have the right to file a grievance under the Grievance/Arbitration procedure set forth in Article 15 of the National Agreement within fourteen (14) days of your receipt of this notice

John L. Worth
Plant Manager

Attachments:   MSPB Regulations
               MSPB Appeal Form
               ELM 436

I _____, received the original of this document
on _8-20-02_.

DISPUTE RESOLUTION SPECIALIST
EEO COMPLIANCE AND APPEALS


UNITED STATES
POSTAL SERVICE

(A4)

Certified Mail No. 7099 3400 0008 5897 0401
Return Receipt Requested

December 2, 2002

WILBERT HARRIS
6108 STATE STREET
CHEVERLY MD 20785-3850

RE: EEO Counseling Request No. HO-0132-02

This letter constitutes the final interview in your April 19, June 12, July 12, August 8, and August 19, 2002, requests for EEO counseling and provides you the necessary paperwork for filing a formal complaint, should you choose to do so.

In your April 19 paperwork, you alleged discrimination on the basis of race (African American), when on or about April 19, 2002, the International Association of Machinists and Aerospace Workers' Union (I.A.M.) held a segregated meeting at the Mail Equipment Shop (MES). You also alleged that the process used to excess employees from the MES was discriminatory.

On June 12 you contacted the EEO Office alleging discrimination on the bases of retaliation for prior EEO activity, race (African American), and age, when on June 12, 13 and 20, USPS MES administration took you off the clock for allegedly failing to use a power tool to trouble shoot a piece of robotic machinery without proper training. You subsequently contacted the EEO Office stating that "retaliation" was the only basis you wanted to claim on this issue.

On July 12 you did not cite a basis for discrimination but alleged that on July 1 and July 2 respectively, you received a Letter of Proposed Removal and a Notice of a 14-Day Suspension for refusing to trouble shoot a piece of robotic machinery.

In your August 8 contact with the EEO Office, you alleged that you were denied overtime during the period that you were on suspension; no basis for discrimination was cited.

On or about August 19, you alleged class discrimination against African Americans stating that the Postal Service has failed to establish a hazardous materials program and training for blacks and minorities at the MES and is subsequently closing the Bag Shop as a result of liability.

Your allegations have not been resolved; therefore, you have the right to file a formal complaint. Enclosed please find a PS Form 2579-A, Notice of Right to File Individual Complaint. Please sign the form and return the original to me in the enclosed self-addressed envelope. Also, because you alleged age as a basis for discrimination, despite your subsequent retraction, I have included PS Form 2563-B, Allegations of Discrimination Based on Age, which you should also sign and return to me in the enclosed envelope. Retain copies of all forms for your records. Should you decide not to file a formal complaint, please complete Form 2564-C, Withdrawal of Complaint of Discrimination, and return it to me.

475 L'ENFANT PLAZA, S.W.
WASHINGTON, DC 20260-4135
(202) 268-8101
FAX (202) 268-6189

- 2 -

If you choose to file a formal complaint, PS Form 2565, *Formal Complaint of Discrimination in the Postal Service*, is included. Your formal complaint must be filed (postmarked) within fifteen (15) calendar days of your receipt of this notice. Your formal complaint must be mailed to the following address:

      U. S. Postal Service
      Office of Compliance and Appeals
      Capital Metro Operations
      PO Box 1730
      Ashburn VA 20146-1730

If you have any questions regarding this notice, please do not hesitate to call.

Sincerely,

*Beverly Brown*

Beverly Brown

Enclosures

cc:  ERIC STEELE, ESQ.               Certified Mail No. 7099 3400 0008 5899 1406
     1119 12th ST NW                  Return Receipt Requested
     WASHINGTON, DC 20005-4661

6108 State Street
Cheverly, Maryland 20785
301-773-6108
301-773-1492



August 26, 2002

United States Merit Systems Protection Board
Washington Regional Office
5203 Leesburg Pike, Suite 1109
Falls Church, Virginia 22041-3473

**VIA FACSIMILE**
(703-756-7112)

Dear Sir/Madam:

In accordance with the Civil Services Reform Act of 1978 (CSRA) and Veteran's Preference Act, I am appealing to the board and/or the Office of Special Counsel the adverse action of the United States Postal Service (USPS) whereas it has removed me from service effective August 30, 2002 (see Letter of Decision-Removal). This adverse action is without just cause.

Thank you for your prompt attention to this matter.

Sincerely,

Wilbert B. Harris

WBH/doh
Enclosure: Copy of Decision of Removal

08/26/2002 MON 15:12 [TX/RX NO 5568]

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| WILBERT B. HARRIS,<br>      Appellant, | DOCKET NUMBER<br>DC-0752-02-0771-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>      Agency. | DATE: December 9, 2002 |

Wilbert B. Harris, Cheverly, Maryland, pro se.

Peter J. Henry, Esquire, Washington, D.C., for the agency.

BEFORE
Thomas P. Cook
Administrative Judge

INITIAL DECISION

The appellant filed an appeal of the agency's removal action. For the reasons explained below, the appellant's appeal is DISMISSED WITHOUT PREJUDICE.

The agency filed a motion to compel discovery, and I held a telephonic conference to discuss this motion and the appellant's motion to extend the time limits for discovery. Because the appellant's counsel failed to comply with the agency's discovery requests as he agreed in the telephonic conference, I granted in part the agency's motion to compel. The agency filed a motion for sanctions when the appellant's counsel failed to return the agency's telephone calls and also failed to comply with my order to compel discovery.

The appellant's counsel then filed a "MOTION FOR WITHDRAWAL OF COUNSEL." On December 5, 2002, I initiated a conference call with the appellant, the appellant's former attorney and the agency's representative to discuss this motion. The appellant's former attorney confirmed that he was withdrawing from the case. I then excused him from the conference call. The appellant stated that his former attorney failed to communicate with him after November 5, 2002, despite the appellant's diligent efforts to prosecute his appeal and comply with the Board's orders. The appellant thus requested that his appeal be dismissed without prejudice for a short time to give him an opportunity to replace his attorney. The agency does not object to this request. I find good cause to permit the appellant additional time for this purpose.

There are no Board regulations governing the dismissal of an appeal without prejudice. *Zell v. Department of the Army*, 57 M.S.P.R. 86, 87 (1993). Dismissal without prejudice is a procedural option that is committed to the sound discretion of the administrative judge. *Jones v. Department of the Navy*, 70 M.S.P.R. 221, 224 (1996). Further, the Board has found it appropriate to dismiss an appeal without prejudice while an appellant seeks representation. *Desmond v. Department of Veterans Affairs*, 90 M.S.P.R. 301, ¶ 5 (2001). Here, in the interests of fairness and judicial economy, I have determined that good cause exists to dismiss this appeal without prejudice.

The appellant's appeal will be deemed refiled without any further action by either party 36 days after the date of this decision. The parties are advised that when refiled, the appeal remains in the same status as it was when dismissed, and the appeal will be promptly scheduled for a hearing. No additional time extensions will be granted without good cause. Further, anything filed in the previous appeal by either party need not be refiled in the new appeal.


## DECISION
The appeal is DISMISSED WITHOUT PREJUDICE.

FOR THE BOARD:   _____
Thomas P. Cook
Administrative Judge

### NOTICE TO APPELLANT
This initial decision will become final on __JAN 1 3 2003__, unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if this initial decision is received by you more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

### BOARD REVIEW
You may request Board review of this initial decision by filing a petition for review. Your petition, with supporting evidence and argument, must be filed with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.,
Washington, DC 20419

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board



that is already part of the record. Your petition must be postmarked, faxed, or hand-delivered no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision. If you fail to provide a statement with your petition that you have either mailed, faxed, or hand-delivered a copy of your petition to the agency, your petition will be rejected and returned to you.

## JUDICIAL REVIEW

If you are dissatisfied with the Board's final decision, you may file a petition with:

> The United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, NW.
> Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be <u>received</u> by the court no later than 60 calendar days after the date this initial decision becomes final.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent by regular mail this day to each of the following:

<u>Appellant</u>

Wilbert B. Harris
6108 State Street
Cheverly, MD 20785

<u>Courtesy</u>

Eric Steele, Esq.
Davis & Steele
1100 15th St., NW., Suite 300
Washington, DC 20005-1720

<u>Agency's Representative</u>

Peter J. Henry, Esq.
United States Postal Service
Capital Metro Law Office
Suite 650
400 Virginia Avenue, SW
Washington, DC 20024-2730

<u>Other</u>

Kenneth L. Bates
U.S. Office of Personnel Management
Employee Relations Division
1900 E Street, NW, Room 7412
Washington, DC 20415

December 9, 2002
(Date)

Sheila R. Stanton
Paralegal Specialist

**UNITED STATES POSTAL SERVICE**®

**Notice of Right to File Individual Complaint**

TO: Name (First, MI, Last)
Wilbert B. Harris

Re: Case No.
H0-0132-02

This notice will attest to the fact that on _____, I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, if you retain one to represent you. I am providing you with PS Form 2565, EEO Complaint of Discrimination in the Postal Service, for this purpose. The complaint must be delivered to:

U.S. Postal Service
Office of Compliance and Appeals
Capital Metro Operations
P.O. Box 1730
Ashburn, VA 20146-1730

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) Your name, address, position, and level;

- If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals in your area. (If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)

(2) The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;

(3) The specific type of discrimination alleged, e.g. race – African American, sex - female, etc.

- If you allege disability discrimination, the alleged disability must be more than a temporary condition.
- If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) A brief statement of the facts that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.

- If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
- If you allege retaliation, you must show a connection between the action at issue in the complaint your are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5) The name of the EEO Dispute Resolution Specialist who provided you with this notice and the date you received this Notice of Right to File

**Privacy Act Notice**

Privacy Act Notice. The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which to USPS is a party of has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations;

Contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; or to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date | Your Signature | Date Received |
|---|---|---|---|
| *Beverly Brown* | 12-12-02 | *Wilbert B Harris* | 12-11-02 |

Dispute Resolution Specialist: If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested

PS Form 2579-A, March 2001

DEC-11-02 04:33 PM   BERT.HARRIS.MES.LOCAL   773 1492   P.02

CC-0205-03

# UNITED STATES POSTAL SERVICE

**EEO Complaint of Discrimination in the Postal Service**
(See Instructions and Privacy Act Statement on Reverse)

1. **Name:** Wilbert Billy Harris
2. **SSN:** 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
3. **Case No.:** HQ-0132-02
4a. **Mailing Address:** 6108 State St Cheverly MD
4b. **City, State and ZIP+4:** Cheverly MD 20785
5. **Email Address:**
6. **Home Phone:** (301) 773-6108
7. **Work Phone:** (202) 281-2620
8. **Position Title:** Machine-Operator
9. **Grade Level:** Level-5
10. **Do You Have Veteran's Preference Eligibility?** ☒ Yes ☐ No
11. **Installation Where You Believe Discrimination Occurred:** Mail-Equipment Shop
12. **Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory:** General Manager Ms Jessie Barrett, Postmaster Mr John Wonth
13a. **Name of Your Designated Representative:**
13b. **Title:** General Manager - Postmaster
13c. **Mailing Address:** EEO COMPLIANCE AND APPEALS U.S. POSTAL SERVICE
13d. **City, State and ZIP+4:** Washington DC 20017

DEC 16 2002

PROCESSING CENTER CAPITAL METRO OPERATIONS

14. **Type of Discrimination You Are Alleging:**
   ☒ Race (Specify)
   ☐ Color (Specify)
   ☐ Religion (Specify)
   ☐ National Origin (Specify)
   ☐ Sex (Specify)
   ☐ Age (40+) (Specify)
   ☒ Retaliation (Specify Prior EEO Activity)
   ☐ Disability (Specify)

15. **Date on Which Alleged Act(s) of Discrimination Took Place:** Check The Records

16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against:

I have filed several complaints, on each one I depicted Retaliation and or Discrimination however they are all Related to Retaliation due to my Union position and concerted activities and they are Discriminative due to my Race.

17. **What Remedy Are You Seeking to Resolve this Complaint?**

I seek Full Restitution of em-ployment and Back pay (Make whole Remedy) If discrimination is present and or Found, I seek FINANCIAL MAXIMUM Allowed under EEOC-Law and or Public Law.

18. **Did You Discuss Your Complaint with a Dispute Resolution Specialist or a REDRESS Mediator?** NOT every one
☐ Yes (Date you received the Notice of Final Interview): December 7 2002  ☐ No

19a. **Signature of Dispute Resolution Specialist:** [signature]
19b. **Date:** 12-02-02

20. **Signature of Complainant or Complainant's Attorney:** Wilt B Har
21. **Date of this Complaint:** 12-11-02

PS Form 2565, March 2001 (Page 1 of 2)



**UNITED STATES POSTAL SERVICE**

**Allegations of Discrimination Based on Age**

Case No. H0-0132-02

To (Full Name & Address)

WILBERT HARRIS
6108 STATE STREET
CHEVERLY MD 20785-3850

A7

The Age Discrimination in Employment Act (ADEA) of 1967, as amended, prohibits discrimination in employment on the basis of age (40 years or older). The ADEA allows persons claiming age discrimination to go directly to court without going through an agency's administrative complaint procedures. The following information is being provided to you to explain the procedures concerning age discrimination.

If your complaint alleges age discrimination, you may bypass the administrative complaint process by electing not to file a formal complaint and instead filing a civil action in an appropriate U.S. District Court. Before filing suit in U.S. District Court, you must file a notice of intent to sue with the Office of Federal Operations, Equal Employment Opportunity Commission. You must file the notice within 180 calendar days of the date of the alleged discriminatory action. Once you have filed a timely notice of intent to sue with the EEOC, you must wait thirty (30) calendar days before filing a civil action.

A. Notices of intent to sue must be mailed to the EEOC at the following address:

    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
    OFFICE OF FEDERAL OPERATIONS
    FEDERAL SECTOR PROGRAMS
    P.O. BOX 19848
    WASHINGTON, D.C. 20036-9848

or delivered to:

    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
    OFFICE OF FEDERAL OPERATIONS
    FEDERAL SECTOR PROGRAMS
    1801 L STREET, N.W.
    WASHINGTON, D.C. 20507-0001

or faxed (if no more than 10 pages) to:

    OFFICE OF FEDERAL OPERATIONS
    FEDERAL SECTOR PROGRAMS
    (202) 663-7022.

B. The notice of intent to sue should be dated and must contain the following information:

  (1) Statement of intent to file a civil action under section 15(d) of the Age Discrimination in Employment Act of 1967, as amended;
  (2) Your name, address, and telephone number;
  (3) Name, address, and telephone number of the your designated representative, if any;
  (4) Name and location of the Postal facility where the alleged discriminatory action occurred;
  (5) Date on which the alleged discriminatory action occurred;
  (6) Statement of the nature of the alleged discriminatory action(s); and
  (7) Your signature or your representative's signature.

C. If you choose to file a formal EEO complaint, you must exhaust your administrative remedies before you can file a civil action. 29 C.F.R. §1614 provides that you exhaust administrative remedies under the ADEA: (1) 180 days after filing a complaint, if the Postal Service has not taken final action and you have not filed an appeal; or (2) within 90 calendar days after receiving a final action by the Postal Service; or (3) 180 days after filing an appeal with the EEOC if the Commission has not issued a final decision; or (4) within 90 days after receiving the Commission's final decision on appeal.

| Signature of Dispute Resolution Specialist | Date Issued | Your Signature | Date Received |
|---|---|---|---|
| [signature] | 12-2-02 | | |