UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILBERT B. HARRIS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**POSTMASTER GENERAL OF THE UNITED** )<br>**STATES POSTAL SERVICE,** )<br>)<br>**Defendant.** )<br>) | Civil Action No. 06-06 (RCL) |

## Memorandum and Order

This matter comes before the Court on plaintiff William B. Harris' motion for reconsideration [40] of the November 28, 2006 Memorandum and Order [39] granting the defendant's motion to dismiss. Specifically, the plaintiff claims that the Court failed to rule and/or respond to his Motion for Termination of Counsel, that he was never given notice that the motion had been approved or ordered to proceed *pro se*, and that the resulting lag in representation denied him due process and equal protection of the law. The plaintiff also claims that his complaint was timely filed.

This motion for reconsideration was filed within ten days of entry of the Court's Memorandum and Order granting the defendant's motion to dismiss, yet the *pro se* plaintiff cited Local Civil V, Rule 7 and Fed. R. Civ. P. 7 rather than one of the post-judgment rules identified in Fed. R. Civ. P. 59(e) or 60. As this matter is before the Court on a reconsideration of its own opinion, the motion should only be granted if the Court "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *Miller v. Haubert Int'l. Constr. Inc.*, 2007 WL 842081, *1 (D.D.C.). The plaintiff has requested reconsideration "in the interest of justice." [Motion for Reconsideration at 4].

Upon consideration of the plaintiff's motion for reconsideration [39], the defendant's memorandum in opposition to that motion [42], and the plaintiff's reply [43], this Court finds no clear error or manifest injustice. As such, the plaintiff's motion is DENIED.

The plaintiff claims he was never ordered to proceed *pro se* by the court. [Motion for Reconsideration at 1] ("In all do respect, the Plaintiff was never ordered to proceed pro-se by the courts."). The Court's November 15, 2006 order, however, in granting plaintiff's motion for termination of counsel, specifically advised him that "Plaintiff shall proceed *pro se*. SO ORDERED." [37]. In addition, in a document filed the next day, the plaintiff stated he intended "to proceed with the case pro-se [sic], unless the Court will grant me a court appointment of counsel . . . ." [38]. In the plaintiff's own words, then, he was to proceed *pro se* unless he heard differently from the Court. As such, no lag in representation could have occurred. Moreover, his statement was treated as a request that the Court appoint him counsel, a request that was denied in the same November 28 memorandum opinion to which the plaintiff responded by filing this motion for reconsideration. [39]. He was thus demonstrably aware that attorney David A. Branch had been terminated.

In support of his argument of a due process violation, plaintiff cites *Hilliard v. Volcker*, 659 F. 2d 1125 (U.S. App. D.C. 1981), a case supporting the proposition that a litigant who, for unawareness of the court's discretionary power to appoint counsel, fails to request counsel cannot be penalized because the agency had been remiss in its duty to tell him of that right. The plaintiff, however, was never entitled to court-appointed counsel. Under *Poindexter v. F.B.I.*,

737 F.2d 1173 (D.C. Cir. 1984), the district court is to evaluate plaintiff's ability to afford an attorney, the merits of plaintiff's case, plaintiff's efforts to secure counsel, and plaintiff's capacity to present his case adequately on his own. *Id.* At 1185. Plaintiff did not attempt to meet the factors in *Poindexter*, so the Court's November 28 denial of counsel was proper.

Regarding the plaintiff's claim that the filing of his complaint was timely, the Court affirms its finding in the November 28, 2006 Memorandum and Order that the plaintiff filed in the proper court more than six months past the deadline, did not seek that this Court equitably toll the ninety-day deadline to file, and that such deadline is to be applied strictly. *See Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (citing *Smith v. Dalton*, 971 F. Supp. 1 (D.D.C. 1997)). No new evidence has been offered to suggest otherwise.

For the foregoing reasons, the plaintiff's Motion for Reconsideration is DENIED.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, October 2, 2007.