UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLOMBIA

| | |
|---|---|
| WILBERT B. HARRIS, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 06-06 RCL |
| JOHN E. POTTER, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE | ) |
| Defendant. | ) |

06-6 (RCL)

Let This be filed.

Motion DENIED.

Royce C. Lamberth
U.S.D.J. 10/26/07

**PLAINTIFF'S MOTION FOR RELIEF FROM ORDER, AND SUMMARY RELIEF JUDGMENT GRANTED FOR PLAINTIFF, AND A CLASS OF RACIAL BLACK MINORITIES (PURSUANT TO FRAUD, CONSPIRACY/COLUSION) AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff in the above-captioned case hereby moves, pursuant to Local Civil Rule 7 and Federal Rules of Civil Procedure, Rule 60(b)(3)(6) for relief from the Order of Judge Lamberth, filed November 28, 2006, and re-issued October 2, 2007. Further, Plaintiff request that a Summary Relief Judgment or, in the alternative that the District Court hear and determine the case for the Plaintiff and a group of racial black minorities for fraud by the Defendant, an opponent of Affirmative Action (Executive Order 11478) and EEOC Affirmative Employment Plans (AEPS).

The Defendant teamed up with its grafted law department's Chief Counsel (see, e.g., 18 U.S.C. Ch. 11) as facilitators in a conspiracy/collusion with the controversial U.S. Attorney General of the Department of Justice, U.S. Attorneys, MSPB and the District Court's Judge Lamberth as perpetrator

RECEIVED
OCT 2 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

- 1 -

to defraud the Plaintiff and a class of racial black minorities of their judicial-declared constitutional Civil Rights Act of 1964, involving National security interest of the United States and an undisputed authorized attack with the intent to kill the Plaintiff to avoid a Collective Agreement in 1998 having unilaterally implemented their strategic plan for 1997, and beyond (*see, e.g., Harris -Teeter v. Supermarket, Inc. 310 NLRB 216,217 1993*; *Defendant's 1997 Annual Report to the Board of Governors, pages 1, 10 & 11. See, also 1994 GAO Report, Vol. II, pages 8 & 26 and 1997 GAO Report, pages. 30-31*). A partisan policy, top-down/top-to-bottom restructuring. Also, it was concluded in the Board's Hatch Act Decision, Case No. DC-0752-99-0082-I-1 that the Plaintiff was attacked and the U.S. Prosecution Attorneys refused to prosecute but rather at the outset of 2001 devised a fraudulent trick/scheme setup with the Defendant to conceal and cover up material facts of criminal conduct including racial discrimination involving National security in Civil Action No. 00-1074 (RCL), inter-alia (see judicial confession evidence to the Bar Counsel that Judge Lamberth removed from the Record), where the conspirators made a deliberate choice to follow a course of action made from among various alternatives dismissing Civil Action No. 00-1074 (RCL) by a fraudulent Order, dated March 13, 2001 to attach a deficient § 1983 Action where there was no Collective Agreement. Moreover, the Supreme Court rejected *Bradshaw's* defense emphasizing the distinction between State law actions that depends on a collective agreement and State actions that are "independent" (see Defendant's letter to Congressman). By attaching the §

1983 Action where there was no collective bargaining agreement, the Defendant defrauded the Plaintiff of his Title VII claim by instigating a fraudulent, malicious prosecution in the U.S. Court of Appeals for the District of Columbia Circuit. Thereby, obtaining a fraudulent Mandate Prejudgment (see Judgment). This Mandate Prejudgment was part one of a two-part devised trick/scheme, due to perpetual fraud and forgery initiated by Tonya T. Hightowers, Deputy Clerk of the Court. Ms. Hightowers acted in a conspiracy/collusion with the Defendant grafted Law Department's Chief Counsel, U.S. Attorneys and District Court in commission of fraud and forgery where Judge Lamberth and U.S. Attorneys in a professional liaison ("symbiotic relationship") with the State defrauded the Plaintiff and a class of racial minorities of their judicial-declared, constitutional rights by forms of law, court orders, mandates and motions. The Plaintiff's name was forged on the counterfeit, fraudulent Appeal No. 01-5124, dated April 13, 2001 and filed in the U.S. Court of Appeals for the District of Columbia Circuit causing the malicious prosecution of Appeal No. 01-5124 obtaining a Mandate Prejudgment against the Plaintiff, (taking away his Title VII Civil Action Rights) filed April 30, 2002. This Appeal was concealed in the Record of the falsified perpetual Civil Case No. 01-5124. See liaison relationship in Administrative Support Manual (ASM); Section 124.27 (1990). The above prerequisite, perpetual actions, perpetuated the current Civil Action No. 1:06-CV-00006 (RCL).

On September 20, 2005, Plaintiff received a fraudulent Final Order form the collusive Merit Systems Protection Board (MSPB) on an Appeal of a Class Action mixed-case complaint of discrimination. The Plaintiff proceeded in the District of Columbia Court on October 17, 2005. The case was not accepted by the court and was reverted back to the Plaintiff on December 12, 2005 (see MSPB Final Order and the Court's returned case).

On January 4, 2006, the Plaintiff filed an unlawful employment practice complaint against the Defendant in the U.S. District Court for the District of Columbia (deck-type employment discrimination Case No. 1-06CV00006, date-stamped January 4, 2006) which was also issued to and received by the former controversial U.S. Attorney General's Office of the Department of Justice on January 9, 2006, Employment Section of the Civil Rights Division; professedly, is responsible for litigating employment discrimination cases against State and local government employers under Title VII of the Civil Rights Act of 1964 (notably Section 707 cases), or the Chief Judge of the District (or in his absence, the Acting Chief Judge) in which the case is pending to immediately designate a judge in such district to hear and determine the case, e.g. (1:06CV00006 Section 707 Case) EEOC Case No. 033-086-X6324 (Section 707 Case). Moreover, Judge Lamberth having the authority to collect racial data by the Equal Employment Opportunity Act of 1972, *42 U.S.C. § 2000e-16 and Executive Order 11478, As Amended.* This information is used to adjudicate complaints of alleged discrimination and evaluate the effectiveness of the EEO program, and having judicial cognizance knowledge in an EEOC

- 4 -

Transcript Proceeding Case No. 033-086-X6324 of judicial admissions, and confessions of statistical evidence, and proof of a pattern, and practice of discrimination. Moreover, a racially-stratified job environment to the disadvantage of black minority citizens in the Defendant's owned racially-segregated MES manufacturing plant. Judge Lamberth was bound to act on this knowledge without having it proved in evidence but politically refused to do so and allowed Jan Horbaly, Clerk of the U.S. Court of Appeal for the Federal Circuit to conspire and initiate part-two of the fraudulent trick/scheme pursuant to the Mandate Prejudgment waiting in the U.S. Court of Appeals for the District of Columbia Circuit, defrauding the Plaintiff by instigating a malicious prosecution of a fraudulent Petition for Review in the Plaintiff's name through the U.S. Courts of Appeals for the Federal Circuit predicated on the collusive MSPB Attestation Record, Index page 2 of 2, 06-3145, MSPB - DC0752050318-I-1 and a falsified Petition for Review No. 06-06 (RCL) filed in the District Court in the Plaintiff's name (see Docketing of PFR dated February 2, 2006) and Attestation Record by the collusive MSPB and letters from the U.S. Court of Appeals for the Federal Circuit dated March 2, 2006 and March 14, 2006, Mandate Order. This Mandate Order was part two, completing the mandated prejudgment attachment (No. 01-5124-00CV1074) for a Res judicata effect against the Plaintiff in collusion with the U.S. Attorneys, Defendant's fraudulent Motion to Dismiss, or in the Alternative for Summary Judgment filed on July 19, 2006 and the MSPB fraudulent trick/scheme Final Order of a Petition for Review, dated September 20, 2005.

It was the fraudulent Petition for Review (No. 06-3145) in the attestation record to the Department of Justice's Civil Division, Commercial Litigation Branch (see, e.g., *Migra v. Board of Education (S.Ct. 1984))* who handles cases that are appealed directly from administrative agencies to the court of appeals and the falsified Petition for Review (Case No. 06-06 RCL), filed in the District Court and Defendant's U.S. Attorneys fraudulent Motion to Dismiss or in the Alternative, for Summary Judgment, filed on July 19, 2006, perpetuated by the initial 2001 conspiracy/collusion that cause Judge Lamberth, who knowingly, and willfully with malice, to issue the fraudulent Memorandum Order against the Plaintiff ^having a Res-judicata effect against the Plaintiff's employment discrimination complaint in Case No. 1:06-CV-00006 RCL *(see, e.g., Kremer v. Chemical Construction Corp (S. Ct. 1982))* while having material facts in dispute in the Attestation Record Index, Volume 1, page 1 of 2. In effect committing sabotage and subversion, defeating executives orders and EEOC regulations, overthrowing Title VII of the Civil Rights Act of 1964 for the Plaintiff and a class of racial black minorities at the Defendant's owned racially-segregated MES facility and my Attorney, David A. Branch, knowing the above facts, subsequently misrepresented me and consented with the parties conspiracy and criminal ^conduct (see Motion to Terminate Attorney).

Accordingly, for the above aforementioned reasons, the Plaintiff respectfully request relief from the Order and Summary Relief be granted.

Respectfully submitted,

*Wilbert B. Harris*
Wilbert B. Harris

WBH