# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-5404**  **September Term, 2007**
06cv00006

**Filed On: February 26, 2008**

[1100974]
Wilbert B. Harris,
      Appellant

v.

John E. Potter, Postmaster General of the United States Postal Service,
      Appellee



**BEFORE:** Randolph, Tatel, and Garland, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply; the motion for summary reversal, the opposition thereto, and the reply; and the motion to expedite, it is

**ORDERED** that the motion for summary affirmance be granted, and the motion for summary reversal be denied. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant failed to file his complaint within the time limit for seeking review of the Postal Service's Notice of Final Action in his Equal Employment Opportunity case. See Colbert v. Potter, 471 F.3d 158, 160 (D.C. Cir. 2006). Assuming that the proceeding before the Merit Systems Protection Board was a mixed case, see 29 C.F.R. § 1614.302(a), appellant failed to file his complaint within the time limit for seeking review of the Board's final decision. See 5 C.F.R. § 1201.175. In addition, appellant has failed to show equitable tolling of the applicable deadlines is warranted. See Mondy v. Sec'y of the Army, 845 F.2d 1051 (D.C. Cir. 1988). Finally, the district court did not abuse its discretion in denying appellant's request for appointment of counsel, see Poindexter v. FBI, 737 F.2d 1173, 1184-85 (D.C. Cir. 1984), or in denying his motion for reconsideration, see Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). It is

**FURTHER ORDERED** that the motion to expedite be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

A True copy:
United States Court of Appeals
for the District of Columbia Circuit
By: _____ Deputy Clerk